Stephen Karotkin
Martin A. Sosland (*pro hac vice admission pending*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :         **Chapter 11**
                                                            :
**BLOCKBUSTER INC., *et al.*,**[1]                          :         **Case No. 10-_____ (__)**
                                                            :
                                                            :         **(Joint Administration Requested)**
                    **Debtors.**                            :
------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO**
**11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1),**
**FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f), AND (l), AND**
**LOCAL BANKRUPTCY RULE 1007-1 REQUESTING (I) A WAIVER OF**
**THE REQUIREMENT THAT DEBTORS FILE LISTS OF CREDITORS**
**AND EQUITY SECURITY HOLDERS, AND (II) APPROVAL OF THE**
**FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT**
**OF DEBTORS' CHAPTER 11 CASES AND FIRST MEETING OF CREDITORS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Blockbuster Digital Technologies Inc., its parent Blockbuster Inc., and their

debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the

"***Debtors***"), submit this motion (the "***Motion***") and respectfully represent as follows:

---

[1]     The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:
Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc.
(9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global
Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC
(6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC
(5575); Trading Zone Inc. (8588); and B$^2$ LLC (5219).

# I.

## BACKGROUND

1.      On September 23, 2010 (the "**Commencement Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      Additional information regarding Blockbuster's business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the *Affidavit of Jeffery J. Stegenga Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions* (the "**First Day Affidavit**") filed contemporaneously herewith.

# II.

## JURISDICTION

3.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper Court pursuant to 28 U.S.C. §§ 1408 and 1409.

# III.

## RELIEF REQUESTED

4.      By this Motion, the Debtors request (i) a waiver of the requirements to file a list of creditors on the Commencement Date and a list of equity security holders within 15 days of Commencement Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy

Rule 1007(a), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), and General Order M-192 (the "***Standing Order***") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "***Notice Rules***"), and (ii) authorization to implement certain procedures (the "***Notice Procedures***") for notifying creditors of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "***Notice of Commencement***").  The proposed form of the Notice of Commencement is annexed hereto as ***Exhibit "A"*** and the proposed form of order is annexed hereto as ***Exhibit "B"***.

<div align="center">

**IV.**

**BASIS FOR RELIEF REQUESTED**

</div>

**A.**    **Cause Exists to Waive the Requirement to File the List of Creditors**

5.      Pursuant to the Notice Rules, a list of creditors must accompany a chapter 11 petition unless the Debtors file their schedules of assets and liabilities simultaneously with the petitions.  Contemporaneously herewith, the Debtors have filed a motion for an extension of time to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "***Schedules***").  Because the Debtors have not filed the Schedules on the Commencement Date, without further relief, the Notice Rules would require the Debtors to file a list of creditors and their addresses.

6.      Contemporaneously herewith, the Debtors have filed a motion to retain and employ Kurtzman Carson Consultants LLC ("***KCC***"), as notice and claims processing agent (the "***Notice and Claims Agent***") pursuant to 28 U.S.C. § 156(c) in these chapter 11 cases pursuant to 28 U.S.C. § 156(c), which empowers the Court to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest

when the costs are paid from the estate assets. The Debtors propose that, pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Commencement Date, the Debtors furnish their consolidated list of creditors to the Notice and Claims Agent so that the Notice and Claims Agent may mail the Notice of Commencement to the parties identified thereon.[2]

7.      In addition to the mailing by the Notice and Claims Agent of the Notice of Commencement, the Debtors propose to publish, as soon as practicable, the proposed Notice of Commencement (i) once in (a) the global edition of *The Wall Street Journal*, (b) the national edition of *The New York Times*, and (c) the *Dallas Morning News*, and (ii) on the website of the Debtors' Notice and Claims Agent, at www.kccllc.net/blockbuster.[3]

**B.      Cause Exists to Waive the Requirement to File the List of Equity Security Holders and Provide Notice of Commencement to Equity Security Holders**

8.      Blockbuster Inc. ("***BBI***"), a debtor, and the parent company of the Debtors in these cases, is a public company and, as of the Commencement Date, has issued and outstanding approximately 220,000,000 shares of publicly-held common stock. The Debtors submit that preparing a list of BBI's equity security holders with last known addresses and sending notice to all parties on such list would prove extremely expensive and time-consuming and serve little or no beneficial purpose where the equity markets will have immediate notice of these chapter 11 cases via public news outlets as well as, given the materiality of these cases,

---

[2]    Pursuant to the Standing Order, the Debtors have conferred with the Clerk of the Court and the Clerk has instructed the Debtors not to file a list of creditors. The Clerk has instructed the Debtors to provide the list of creditors to the Notice and Claims Agent as proposed herein.

[3]    The Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds notice by mail is impracticable." Fed. R. Bankr. P. 2002(l). The Debtors submit that electronic publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases and constitutes an efficient use of the estates' resources.

BBI's filing of a Form 8-K Statement with the Securities and Exchange Commission. The Debtors further submit that, if it becomes necessary for such equity security holders to file proofs of interest, the Debtors will provide them with notice of the deadline therefore and an opportunity to assert such interests. Thus, equity security holders will not be prejudiced.

9.      In light of the foregoing, the Debtors submit that ample cause exists for the Court to waive the requirements under the Notice Rules with respect to lists of equity security holders and under Bankruptcy Rule 2002(d) with respect to mailing the Notice of Commencement to all equity holders.

10.      Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that the relief requested is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## V.

## <u>NOTICE</u>

11.      No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Brian Masumoto, Esq.); (ii) those creditors holding the fifty largest unsecured claims against the Debtors' estates; (iii) Sheppard, Mullin, Richter & Hampton LLP, the attorneys for U.S. Bank National Association, as trustee under that certain indenture agreement, dated as of October 1, 2009, with respect to the 11.75% Senior Secured Notes due 2014 issued by Blockbuster Inc. (Attn: Kyle J. Mathews, Esq.); (iv) The Bank of New York Trust Company, N.A., as trustee under that certain indenture agreement, dated as of August 20, 2004, with respect to the 9% Senior Subordinated Notes due 2012 issued by Blockbuster Inc.

(Attn: Corporate Trust); (v) Sidley Austin LLP, attorneys for the lenders under the proposed

Debtor in Possession Revolving Credit Agreement (the "***DIP Facility***") (Attn: James Seery,

Esq.); (vi) Wilmington Trust FSB as Agent (the "***Agent***") under the DIP Facility (Attn: Joshua

G. James); and (vii) Skadden, Arps, Slate, Meagher & Flom LLP, the attorneys for the Agent

(Attn: Peter J. Neckles, Esq.) (collectively, the "***Notice Parties***"). The Debtors submit that no

other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: September 23, 2010
     New York, New York

<div style="margin-left:40%">

/s/ Stephen Karotkin
Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

      and

Martin A. Sosland (*pro hac vice admission pending*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7700

</div>

## Exhibit A

## Notice of Commencement

# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

## Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines

Chapter 11 bankruptcy cases concerning the debtors listed on the attached "Schedule of Debtors" were filed on September 23, 2010.

You may be a creditor of the Debtors. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy**. All documents filed with the Bankruptcy Court, including lists of the Debtors' assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court or by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtors' noticing and claims agent, Kurtzman Carson Consultants LLC (the "Noticing and Claims Agent"), at the following address: Blockbuster Inc., c/o Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA 90245, or (B) by accessing the Noticing and Claims Agent's website at www.kccllc.net/blockbuster. Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).

NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Noticing and Claims Agent cannot give legal advice.

### See Reverse Side for Important Explanations

| Debtors: | Case Number: | Tax ID Number: |
|---|---|---|
| Blockbuster Inc. | 10-_____ (___) | 52-1655102 |
| Blockbuster Canada Inc. | 10-_____ (___) | 65-0261269 |
| Blockbuster Digital Technologies Inc. | 10-_____ (___) | 38-3779222 |
| Blockbuster Distribution, Inc. | 10-_____ (___) | 75-2080610 |
| Blockbuster Gift Card, Inc. | 10-_____ (___) | 26-4741855 |
| Blockbuster Global Services Inc. | 10-_____ (___) | 13-3923019 |
| Blockbuster International Spain Inc. | 10-_____ (___) | 13-3927615 |
| Blockbuster Investments LLC | 10-_____ (___) | 13-4036313 |
| Blockbuster Procurement LP | 10-_____ (___) | 55-0862546 |
| Blockbuster Video Italy, Inc. | 10-_____ (___) | 65-0445068 |
| Movielink, LLC | 10-_____ (___) | 95-4845575 |
| Trading Zone Inc. | 10-_____ (___) | 04-3628588 |
| B$^2$ LLC | 10-_____ (___) | 37-1605219 |

All other names used by the Debtors in the last 8 years:

In addition to any names listed on the attached "Schedule of Debtors," the Debtors may have used one or more of the following names (including trade names) during the previous 8 years:

Moviefly, LLC; Moviefly, Inc.; Green Flower Company, Inc.; 2 Day Video, Inc. or Georgia, AHV Holding Corp.; Atlantic Associates, Inc.; Atlantic Entertainment Group, Inc.; Blockbuster Amphitheater Corp.; Blockbuster Computer Systems Corp.; Blockbuster Entertainment Corp.; Blockbuster Limited Partner Holdings LLC; Blockbuster SC Video Operating Corp.; Blockbuster Texas LP; Charlotte Amphitheater Corp.; HEC Acquisition Corp.; Major Video Super Stores, Inc.; Montgomery Acquisition, Inc.; On-Line Subscription Services, Inc.; The T.V. Factory, Inc.; The Westside Amphitheatre Corp.; UI Video Stores, Inc.; WJB Realty, L.P.; WJB Video Limited Partnership; Trading Inc.; Blockbuster Digital Inc.; Bluehorse 3PI; Blockbuster Video Distribution, Inc.

Attorney for Debtors:

**Stephen Karotkin**
**WEIL, GOTSHAL & MANGES LLP**
**767 Fifth Avenue**
**New York, New York 10153**
**Telephone: (212) 310-8000**
**Facsimile: (212) 310-8007**

**Martin A. Sosland**
**WEIL, GOTSHAL & MANGES LLP**
**200 Crescent Court, Suite 300**
**Dallas, Texas 75201**
**Telephone: (214) 746-7700**
**Facsimile: (214) 746-7777**

### Meeting of Creditors

Date: [_____]     Time: [_____] [_.m.]     Location:     Office of the United States Trustee for the Southern District of New York
80 Broad Street, 4th Floor
New York, NY 10004

### Deadline to File a Proof of Claim
Notice of deadline will be sent at a later time.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts
Notice of deadline will be sent at a later time.

### Creditors May Not Take Certain Actions
**IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTOR AND THE DEBTOR'S PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTOR CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| Clerk of the United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004<br>Telephone: 212-668-2870 | Clerk of the Bankruptcy Court: |
| Hours Open:  8:30 a.m. to 5:00 p.m. | Date: |

| EXPLANATIONS | B9F (Official Form 9F) (12/08) |
|---|---|

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtors listed on the attached "Schedule of Debtors," and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate any business. |
| **Legal Advice** | The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Noticing and Claims Agent cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side.  *The debtors' representative must be present at the meeting to be questioned under oath by the United States Trustee and by creditors.*  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases.  However, parties can obtain a copy of all documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York  10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov (note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website); or (iii) accessing the Debtors' notice and claims agent's website at www.kccllc.net/blockbuster |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any Bankruptcy Clerk's Office.  You may look at the schedules that have been or will be filed at the Bankruptcy Clerk's Office.  If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the Bankruptcy Clerk's Office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The Bankruptcy Clerk's Office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed at the Bankruptcy Clerk's Office at the address listed on the front side, unless otherwise ordered by the Court.  You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the Bankruptcy Clerk's Office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Refer To Other Side For Important Deadlines and Notices | |

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                            :

In re                         :          **Chapter 11**
                            :

**BLOCKBUSTER INC.,** *et al.*,[1]    :        **Case No. 10-_____ (_____)**
                            :

                            :          **(Jointly Administered)**

             **Debtors.**         :

------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1), FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f) and (l), AND LOCAL BANKRUPTCY RULE 1007-1 (I) WAIVING REQUIREMENT TO FILE LISTS OF CREDITORS AND EQUITY SECURITY HOLDERS AND (II) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT OF DEBTORS' CHAPTER 11 CASES AND FIRST MEETING OF CREDITORS

Upon the Motion[2], dated September 23, 2010, of Blockbuster Digital

Technologies Inc., its parent, Blockbuster Inc., and their debtor affiliates, as debtors and debtors

in possession (collectively, "***Blockbuster***" or the "***Debtors***"), pursuant to sections 105(a), 342(a),

and 521(a)(1) of the Bankruptcy Code, Federal Bankruptcy Rules 1007(a), 2002(a), (d), (f), and

(l), Local Rule 1007-1, and the Standing Order, for entry of an order (i) waiving the requirements

to file lists of creditors and equity security holders and (ii) approving the proposed form and

manner of notifying creditors of the commencement of these chapter 11 cases and of the first

meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "***341***

***Meeting***"), all as more fully described in the Motion; and the Court having jurisdiction to

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B[2] LLC (5219).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and the Debtors having provided notice of the Motion to the Notice

Parties; and the Court having held a hearing to consider the requested relief (the "**_Hearing_**"); and

upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and

determines that requested relief is in the best interests of the Debtors, their estates, creditors, and

all parties in interest; the Debtors have provided due and proper notice of the Motion and no

further notice is necessary; the legal and factual bases set forth in the Motion establish just and

sufficient cause to grant the requested relief herein; **IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted as provided herein.

2.     The requirements under section 521(a)(1) of the Bankruptcy Code,

Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Order that the Debtors file a

lists of creditors with the Court as of the Commencement Date are waived

3.     The requirements under Bankruptcy Rule 1007(a)(3), Local Rule 1007-1,

and the Standing Order that the Debtors file lists of their equity security holders with the Court

are waived.

4.     As soon as practicable after entry of an order authorizing the engagement

of a noticing and claims agent in these cases (the "**_Notice and Claims Agent_**" ), the Debtors shall

furnish to the Notice and Claims Agent a consolidated list containing the names and last known

addresses of the Debtors' creditors (the "**_List of Creditors_**").

5.     The notice of commencement of these chapter 11 cases and of the 341 Meeting, substantially in the form annexed hereto "**Exhibit "A"** (the "**Notice of Commencement**"), is approved.

6.     On or before the date that is twenty-one (21) days prior to the date on which the 341 meeting is to be held, the Debtors, with the assistance of the Notice and Claims Agent, shall mail the Notice of Commencement to all parties identified on the Debtors' List of Creditors.

7.     The requirement under Rule 2002(d) for mailing the Notice of Commencement to all equity security holders is waived.

8.     Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement to be published (i) once in (a) the global edition of *The Wall Street Journal*, (b) the national edition of *The New York Times*, and (c) the *Dallas Morning News*, and (ii) on the website of the Debtors' Notice and Claims Agent, at www.kccllc.net/blockbuster.

9.     The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

10.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Notice of Commencement**

# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

## Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines

Chapter 11 bankruptcy cases concerning the debtors listed on the attached "Schedule of Debtors" were filed on September 23, 2010.

You may be a creditor of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy.** All documents filed with the Bankruptcy Court, including lists of the Debtors' assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court or by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtors' noticing and claims agent, Kurtzman Carson Consultants LLC (the "Noticing and Claims Agent"), at the following address: Blockbuster Inc., c/o Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA 90245, or (B) by accessing the Noticing and Claims Agent's website at www.kccllc.net/blockbuster. Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).

NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Noticing and Claims Agent cannot give legal advice.

## See Reverse Side for Important Explanations

| Debtors: | Case Number: | Tax ID Number: |
|---|---|---|
| Blockbuster Inc. | 10-_____ (___) | 52-1655102 |
| Blockbuster Canada Inc. | 10-_____ (___) | 65-0261269 |
| Blockbuster Digital Technologies Inc. | 10-_____ (___) | 38-3779222 |
| Blockbuster Distribution, Inc. | 10-_____ (___) | 75-2080610 |
| Blockbuster Gift Card, Inc. | 10-_____ (___) | 26-4741855 |
| Blockbuster Global Services Inc. | 10-_____ (___) | 13-3923019 |
| Blockbuster International Spain Inc. | 10-_____ (___) | 13-3927615 |
| Blockbuster Investments LLC | 10-_____ (___) | 13-4036313 |
| Blockbuster Procurement LP | 10-_____ (___) | 55-0862546 |
| Blockbuster Video Italy, Inc. | 10-_____ (___) | 65-0445068 |
| Movielink, LLC | 10-_____ (___) | 95-4845575 |
| Trading Zone Inc. | 10-_____ (___) | 04-3628588 |
| B² LLC | 10-_____ (___) | 37-1605219 |

| All other names used by the Debtors in the last 8 years: | Attorney for Debtors: | |
|---|---|---|
| In addition to any names listed on the attached "Schedule of Debtors," the Debtors may have used one or more of the following names (including trade names) during the previous 8 years: Moviefly, LLC; Moviefly, Inc.; Green Flower Company, Inc.; 2 Day Video, Inc. or Georgia, AHV Holding Corp.; Atlantic Associates, Inc.; Atlantic Entertainment Group, Inc.; Blockbuster Amphitheater Corp.; Blockbuster Computer Systems Corp.; Blockbuster Entertainment Corp.; Blockbuster Limited Partner Holdings LLC; Blockbuster SC Video Operating Corp.; Blockbuster Texas LP; Charlotte Amphitheater Corp.; HEC Acquisition Corp.; Major Video Super Stores, Inc.; Montgomery Acquisition, Inc.; On-Line Subscription Services, Inc.; The T.V. Factory, Inc.; The Westside Amphitheatre Corp.; UI Video Stores, Inc.; WJB Realty, L.P.; WJB Video Limited Partnership; Trading Inc.; Blockbuster Digital Inc.; Bluehorse 3PI; Blockbuster Video Distribution, Inc. | **Stephen Karotkin** <br> **WEIL, GOTSHAL & MANGES LLP** <br> **767 Fifth Avenue** <br> **New York, New York 10153** <br> **Telephone: (212) 310-8000** <br> **Facsimile: (212) 310-8007** | **Martin A. Sosland** <br> **WEIL, GOTSHAL & MANGES LLP** <br> **200 Crescent Court, Suite 300** <br> **Dallas, Texas 75201** <br> **Telephone: (214) 746-7700** <br> **Facsimile: (214) 746-7777** |

### Meeting of Creditors

Date: _____, 2010   Time: _____ _.m.   Location: Office of the United States Trustee for the Southern District of New York
80 Broad Street, 4th Floor
New York, NY 10004

### Deadline to File a Proof of Claim

Notice of deadline will be sent at a later time.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts

Notice of deadline will be sent at a later time.

### Creditors May Not Take Certain Actions

**IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTOR AND THE DEBTOR'S PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTOR CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| Clerk of the United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004<br>Telephone: 212-668-2870 | Clerk of the Bankruptcy Court: |
| Hours Open:  8:30 a.m. to 5:00 p.m. | Date: |

| EXPLANATIONS | B9F (Official Form 9F) (12/08) |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtors listed on the attached "Schedule of Debtors," and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate any business. |
| **Legal Advice** | The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Noticing and Claims Agent cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side.  *The debtors' representative must be present at the meeting to be questioned under oath by the United States Trustee and by creditors.*  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases.  However, parties can obtain a copy of all documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York  10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov (note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website); or (iii) accessing the Debtors' notice and claims agent's website at www.kccllc.net/blockbuster |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any Bankruptcy Clerk's Office. You may look at the schedules that have been or will be filed at the Bankruptcy Clerk's Office.  If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the Bankruptcy Clerk's Office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The Bankruptcy Clerk's Office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed at the Bankruptcy Clerk's Office at the address listed on the front side, unless otherwise ordered by the Court.  You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the Bankruptcy Clerk's Office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

Refer To Other Side For Important Deadlines and Notices