Stephen Karotkin
Martin A. Sosland (*pro hac vice admission pending*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re : Chapter 11
 :
**BLOCKBUSTER INC., *et al.*,**[1] : Case No. 10-_____ (__)
 :
 : **(Joint Administration Requested)**
**Debtors.** :
-------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT
11 U.S.C. § 521 AND FED. R. BANKR. P. 1007(c)
REQUESTING AN EXTENSION OF THE TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Blockbuster Digital Technologies Inc., its parent Blockbuster Inc., and their debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), submit this motion (the "***Motion***") and respectfully represent as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B$^2$ LLC (5219).

# I.

# BACKGROUND

1. On September 23, 2010 (the "***Commencement Date***"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

2. Additional information regarding Blockbuster's business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the *Affidavit of Jeffery J. Stegenga Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions* (the "***First Day Affidavit***") filed contemporaneously herewith.

# II.

# JURISDICTION

3. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# III.

# RELIEF REQUESTED

4. By this Motion, pursuant section 521 of the Bankruptcy Code and Rule 1007(c) of the Bankruptcy Rules, the Debtors request entry of an order, substantially in the form of ***Exhibit "A"*** annexed hereto, extending the time within which the Debtors must file their

(i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "*Schedules and Statements*") by an additional 30 days, without prejudice to the Debtors' right to request additional time should it become necessary.

IV.

**BASIS FOR RELIEF REQUESTED**

5. Due to the complexity and diversity of their operations, the Debtors anticipate that they will be unable to complete their Schedules and Statements in the 14 days provided under Bankruptcy Rule 1007(c). While the Debtors' books and records are maintained at their corporate headquarters, Blockbuster currently has approximately 3,300 retail stores operating within the United States and its territories, as well as fourty distribution centers and two offices for the digital side of its business similarly dispersed from Coast to Coast. Thus, to prepare their Schedules and Statements, the Debtors must necessarily compile information relating to, among other things, sales, returns, exchanges, gift cards and other customer programs, employee wages, business interruptions, litigations, locations and values of the Debtors' real and leased property, and lists of all of the Debtors' personal property. Adding to the inherent difficulties of compiling such a broad array of information given the size of the Debtors' business is the fact that, because the Debtors' books and records are traditionally maintained on a consolidated basis, the Debtors' accounting department generally requires three weeks to close its books at the end of each accounting period.

6. Thus, while the Debtors, with the assistance of their professionals, began the task of collecting the necessary information for the preparation and finalization of their Schedules and Statements prior to the Commencement Date, substantial work remains to be

done.  In view of these facts and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors will not be able to properly and accurately complete the Schedules and Statements within the required 14-day time period.  Accordingly, the Debtors submit that the requested relief is wholly appropriate.  Moreover, in light of the schedules attached to the First Day Affidavit in accordance with Local Rule 1007-2, the Debtors believe that the Court, their creditors and other parties in interest have substantial information regarding these estates so as to minimize any prejudice caused to such parties by a delay in the submission of their Schedules and Statements.

7. At present, the Debtors anticipate that they will require approximately 45 days to complete their Schedules and Statements.  The Debtors therefore request that the Court extend the 14-day period, by an additional 30 days, without prejudice to the Debtors' right to request further extensions.

8. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

9. The Debtors submit that the vast amount of information that they must assemble and compile, and the number of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.

# V.

# NOTICE

10. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Brian Masumoto, Esq.); (ii) those creditors holding the fifty largest unsecured claims against the Debtors' estates; (iii) Sheppard, Mullin, Richter & Hampton LLP, the attorneys for U.S. Bank National Association, as trustee under that certain indenture agreement, dated as of October 1, 2009, with respect to the 11.75% Senior Secured Notes due 2014 issued by Blockbuster Inc. (Attn: Kyle J. Mathews, Esq.); (iv) The Bank of New York Trust Company, N.A., as trustee under that certain indenture agreement, dated as of August 20, 2004, with respect to the 9% Senior Subordinated Notes due 2012 issued by Blockbuster Inc. (Attn: Corporate Trust); (v) Sidley Austin LLP, attorneys for the lenders under the proposed Debtor in Possession Revolving Credit Agreement (the "***DIP Facility***") (Attn: James Seery, Esq.); (vi) Wilmington Trust FSB as Agent (the "***Agent***") under the DIP Facility (Attn: Joshua G. James); and (vii) Skadden, Arps, Slate, Meagher & Flom LLP, the attorneys for the Agent (Attn: Peter J. Neckles, Esq.) (collectively, the "***Notice Parties***"). The Debtors submit that no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 23, 2010
      New York, New York

/s/ Stephen Karotin
Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

and

Martin A. Sosland (*pro hac vice admission pending*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7700

# Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
**In re** : **Chapter 11**
:
**BLOCKBUSTER INC.,** *et al.*,[1] : **Case No. 10-\_\_\_\_\_ (\_\_\_\_\_)**
:
: **(Jointly Administered)**
**Debtors.** :
-------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 521 AND FED. R. BANKR. P. 1007(c) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the Motion[2], dated \_\_\_\_, 2010 of Blockbuster Digital Technologies Inc., its parent, Blockbuster Inc., and their debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), for an order, pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for entry of an order granting an extension of the time within which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "***Schedules and Statements***"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B[2] LLC (5219).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing to consider the requested relief (the "*Hearing*"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; **IT IS HEREBY ORDERED THAT:**

12. The Motion is granted as provided herein.

13. Pursuant to 11 U.S.C. § 521 and Bankruptcy Rule 1007(c), the time by which the Debtors shall file their Schedules and Statements is extended by an additional 30 days without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefore.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2010
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE