Scott A. McMillan, Cal. Bar. No. 212506
Evan Kalooky, Cal. Bar. No. 247851
**THE MCMILLAN LAW FIRM, APC**
4670 Nebo Drive, Suite 200
La Mesa, California 91941-5230
Telephone: (619) 464-1500 x 14
Facsimile: (206) 600-5095

Attorneys for Lyme Regis Partners, LLC, a New York Limited Liability Company

Appearing Pro Hac Vice

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BLOCKBUSTER, INC.,** *et al.,* | **Case No.: 10-14997 (BRL)** |
| **Debtors.** | **(Jointly Administered)** |

## LYME REGIS PARTNERS, LLC'S OBJECTION TO THE AUTHORIZATION TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE AND TO

DEBTORS AND THEIR ATTORNEYS OF RECORD HEREIN:

Creditor LYME REGIS PARTNERS, LLC ("Lyme Regis" and/or "Creditor"), by

and through undersigned counsel, respectfully submits the following Objection to the

requested Authorization to Employ Weil, Gotshal & Manges LLP ("WG&M" and/or

"Debtor's Counsel"), pursuant to 11 U.S.C. § 327. This Objection is made on the ground

that Debtor's Counsel is not disinterested within the meaning of 11 U.S.C. § 101(14).

This Objection is based upon the Debtors' Application Pursuant to 11 U.S.C.

§§ 327(a) and 328(a) of the Bankruptcy Code and Federal R. Bankr. P. 2014(a) and 2016,

for Authorization to Employ and Retain Weil, Gotshal & Manges LLP [Docket No. 22,

Filed 9/23/2010] ("Authorization to Employ"), along with the supporting Affidavit of

Stephen Karotkin ("Karotkin Affidavit"), and the Disclosure Statement of Weil, Gotshal

& Manges LLP.

      Lyme Regis Partners, LLC requests that the Court grant the relief requested herein.


           Respectfully Submitted,

Date: October 12, 2010      **THE MCMILLAN LAW FIRM, APC**

           /s/ Scott A. McMillan

           _____
           Scott A. McMillan
           Attorney for Creditor,
           Lyme Regis Partners, LLC

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Debtor's Counsel, Lacking the Disinterestedness Required by 11 U.S.C. §
            101(14) for it's Appointment, Should be Disqualified Under 11 U.S.C. §
            327(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            i.     WG&M Is Not Disinterested Because of Its Representation of
                   Movie Studios . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            ii.    WG&M Is Not Disinterested Because of Its Representation of
                   Other Unsecured Creditors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            iii.   WG&M's Disclosures Do Not Adequately Ensure WG&M Does
                   Not Have Adverse Interests that Would Disqualify Them as
                   Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            iv.    WG&M Intentionally Failed To Disclose Its Representation of All
                   Adverse Individuals or Entities, as Well as All Former Clients
                   that May Create a Conflict of Interest. . . . . . . . . . . . . . . . . . . . . . . 7

      B.    Because It Is Disqualified for Appointment Under 11 U.S.C. § 327(a),
            WG&M Should be Ordered to Return Any Fees It Has Received in this
            Matter. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

<u>Federal Decisional Authorities</u>

*Daido Steel Co., Ltd. v. Official Comm. of Unsecured Creditors,* 178 B.R. 129

    (Bankr. N.D. OH 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139 (9th Cir. BAP 2006) . . . . . . . . . 3

*In re 3dfx Interactive, Inc.*, 2007 Bankr. LEXIS 1941

    (Bankr. N.D. Cal. June 1, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Crivello,* 134 F.3d 831 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*In re EWC, Inc.*, 138 B.R. 276 (Bankr. W.D OK, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Fretter, Inc., et al.,* 219 BR. 769 (Bankr. N.D. OH, 1998) . . . . . . . . . . . . . . . . 7, 8

*In re Granite Partners*, L.P., 219 B.R. 22 (Bankr. S.D. N.Y. 1998) . . . . . . . . . . . . . . . . 4

*In re Greystone Holdings, L.L.C.,* 305 B.R. 456 (N.D. OH 1998) . . . . . . . . . . . . . . . . . 2

*In re Jore Corp*, 298 B.R 703 (Bankr. Dist. MO, 2003) . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Midway Indus, Contractors, Inc*., 272 B.R. 651 (Bankr. N.D. Ill. 2001) . . . . . . . . 3

*In re National Liquidators, Inc.,* 182 B.R. 186 (S.D. OH 1995) . . . . . . . . . . . . . . . . . . 7

*In re Petro-Serve Ltd.,* 97 B.R. 856 (Bankr. S.D. MS, 1989) . . . . . . . . . . . . . . . . . . . 3, 8

*In re Roberts*, 46 B.R. 815 (Bankr. D. Utah 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Rusty Jones, Inc*., 134 B.R. 321 (Bankr. N.C. Ill. 1991.) . . . . . . . . . . . . . . . . . . . . 4

*Magten v. Paul Hastings,* 346 B.R. 84 (D.DE 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7

*Woods v. City Nat'l Bank,* 312 U.S. 262 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

---

## Federal Statutory Authorities

11 U.S.C. § 101(14)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 101(14)(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 1103(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 327(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

On September 23, 2010, Debtors Blockbuster Inc., *et al.*, ("Blockbuster" and/or "Debtors") submitted their Chapter 11 petitions in bankruptcy and application for authorization to employ Weil, Gotshal & Manges LLP ("WG&M").  An affidavit of Stephen Karotkin, a member of WG&M, was attached to the Application ("Karotkin Affidavit"), which purported to disclose potential conflicts of interest WG&M might have as Counsel to the Debtors.  Lyme Regis Partners, LLC ("Lyme Regis" and/or "Creditor") objects to the retention of WG&M because it is not "disinterested," and was not entirely candid in its disclosures as it wilfully failed to disclose all connections which might render WG&M not disinterested within the meaning of 11 U.S.C. § 327(a) and 11 U.S.C. § 101(14).

First, this Court should find that WG&M is not disinterested within the meaning of 11 U.S.C. 327(a) and 11 U.S.C. 101(14), because its representation of other clients will color its independence and impartiality.

Second, this Court should disqualify WG&M as Counsel to the Debtors as a result of their lack of disinterestedness.

Third, this Court should disallow fees previously awarded to WG&M, upon a finding that WG&M wilfully neglected to disclose all of its actual or potential conflicts of interest.  Indeed, WG&M has demonstrated its bias at the outset of this case, in filing a

motion to have the movie studios that it represents paid in full on pre-petition obligations, to the detriment of other unsecured creditors it does not represent.[1]

## II. ARGUMENT

### A. Debtors' Counsel, Lacking the Disinterestedness Required by 11 U.S.C. § 101(14) for Appointment, Should be Disqualified Under 11 U.S.C. § 327(a)

11 U.S.C. § 327 requires that any professionals appointed to represent the debtor "not hold or represent an interest adverse to the estate" and that they be "disinterested persons." (11 U.S.C. § 327(a).) A "disinterested person" is one who "does not have an interest materially adverse to the estate . . . by reason of any direct or indirect relationship to . . . the debtor . . . or for any other reason." (11 U.S.C. § 101(14)(e).) This definition

> is sufficiently broad to include any professional with an interest or relationship that would even faintly color the independence and impartial attitude required by the Code.

(*In re Greystone Holdings, L.L.C.,* 305 B.R. 456, 460-461 (N.D. OH 1998), citing *In re Crivello,* 134 F.3d 831 (7th Cir. 1998).)

This Court has the discretion to determine whether a potential conflict is disqualifying for purposes of 11 U.S.C. 327(a). (*Magten v. Paul Hastings,* 346 B.R. 84 (D.DE 2006).) "The term adverse interest is not defined in the Bankruptcy Code. A generally accepted definition of adverse interest is: (1) possession or assertion of an

---

[1]Lyme Regis Partners, LLC, are also opposing Debtors' motion to allow prepetition payments to the Movie Studios and Game Providers in a separate motion.

economic interest that would tend to lessen the value of the bankruptcy estate; (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate." (*In re 3dfx Interactive, Inc.*, 2007 Bankr. LEXIS 1941 (Bankr. N.D. Cal. June 1, 2007), citing *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985), aff'd in part, rev'd and remanded in part on other grounds, 75 B.R. 402 (D. Utah 1987); See also, *Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139 (9th Cir. BAP 2006) [recognizing this definition].)

Further, the affiliation of an attorney whose interests with the debtors make him a not disinterested person under section 101(14), creates a relationship with others affiliated with the firm that requires disqualification of the entire group from representation of the debtors. (*In re Petro-Serve Ltd.,* 97 B.R. 856, 861 (S.D. MS 1989).) Because of the broad spectrum of its other clients, WG&M is not disinterested within the meaning of the law, and thus cannot represent the Debtors in this action.

### i.    WG&M Is Not Disinterested Because of Its Representation of Movie Studios

WG&M maintains that all of the dual representations listed in Karotkin's Affidavit are "unrelated" to the present matter. However, Debtors' Motion for leave to pay the pre-petition claims of movie studios and game providers, filed contemporaneously with the application for employment, raises serious doubts as to this assertion. Many of WG&M's

current clients listed in the disclosures are the very same movie studios that Debtors are seeking, through a motion presented by WG&M, to pay in full for prepetition obligations.

The premature payment of the movie studios and game providers could well impact the interests not only of the other secured creditors but of the Debtors as well. To the extent that the Debtors unnecessarily try to favor WG&M's clients over other creditors with equal claims on their assets (as they are doing in the motion WG&M already filed on Debtors' behalf), Debtors will be impeded from reaching a prompt and equitable resolution of these other claims. The result is likely to be needless litigation that, in the end, will only make the bankruptcy longer and more expensive for Debtors.

In its Disclosure, WG&M fails to distinguish which of the studios it lists are secured and/or unsecured Studios. One example is Sony Home Pictures Entertainment, which according to WG&M's disclosure, is a movie studio that supplies Debtors and a current client to WG&M. Elsewhere, in the Motion for prepetition payment, Sony Pictures Home Entertainment is listed as one of the Major Studios that will benefit if the Motion is granted. (Prepetition motion, Filed September 23, Docket 3, ¶ 22.) This clearly is a conflict of interest, one that more than faintly colors the supposed independence and impartiality of WG&M required by the Code.

### ii. WG&M Is Not Disinterested Because of Its Representation of Other Unsecured Creditors

There are at least eight instances in which a current client of WG&M is also listed

as an unsecured creditor of Blockbuster. (See, Karotkin Affidavit, Exhibit 2, pp. 12, 14, 18.)  WG&M has not disclosed the nature of the representation of its clients in those other matters, so this Court cannot properly evaluate WG&M's potential conflicts.  WG&M merely asks the parties and this Court to take WG&M's word that the representation is "unrelated," which does not satisfy the requirements for demonstrating disinterestedness.

### iii.    WG&M's Disclosures Do Not Adequately Ensure WG&M Does Not Have Adverse Interests that Would Disqualify Them as Counsel

"The disclosures in Rule 2014 Affidavit must be explicit enough for the court and other parties to gauge whether the person to be employed is not disinterested or holds an adverse interest."  (*In re Midway Indus, Contractors, Inc*., 272 B.R. 651, 662 (Bankr. N.D. Ill. 2001).)  "The court should not have to 'rummage through files or conduct independent fact finding investigations to determine if the professional is disqualified.'"  (*In re Granite Partners*, L.P., 219 B.R. 22, 32-33 (Bankr. S.D. N.Y. 1998), quoting *In re Rusty Jones, Inc*., 134 B.R. 321, 345 (Bankr. N.C. Ill. 1991).)

In *In re Granite*, the affidavit included a disclosure of its connections with a brokerage firm, but not the full extent of the conflict.  The affidavit stated that the firm had represented parties in interest in the past on unrelated transactions, and might represent them in future unrelated transactions.  (*In re Granite, supra*, at 27.)  Consequently, representation was disallowed.  (*Id.* at 36-40.)

Similarly, Stephen Karotkin states in paragraph 4:

"WG&M has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors in matters unrelated to the Chapter 11 case." (Docket No. 22, Filed 9/23/2010.)

WG&M's disclosures do not meet the standard as they employ the type of boilerplate language that courts disfavor. The disclosures must be explicit so this Court can make an adequate determination whether WG&M is in fact disinterested.

Furthermore, it is impossible to ascertain whether WG&M is truly disinterested because of the sheer number of connections listed in the Affidavit. WG&M currently represents approximately 367[2] clients who have or may have an interest adverse to Debtors Blockbuster in the instant bankruptcy action. (See, Karotkin Affidavit, Exhibit 2.) Although WG&M maintains that these clients are represented in matters "unrelated" to this bankruptcy action, the number of clients is far too numerous to ensure there is no conflict of interest. There may well be a direct adverse interest in one of these numerous current clients that will arise during this bankruptcy action, but that the Court cannot perceive at this stage. At a minimum, there exists an indirect relationship to Debtors through the representation of these 367 clients. Such indirect relationships are enough to color the impartial and disinterested attitude required of WG&M to represent the Debtors in this action.

---

[2]This number does not reflect WG&M's 17 former clients who pose a potential conflict, as listed in Stephen Karotkin's affidavit.

### iv. WG&M Intentionally Failed To Disclose Its Representation of All Adverse Individuals or Entities, as Well as All Former Clients that May Create a Conflict of Interest.

The Court has the discretion to determine whether a potential conflict is disqualifying for purposes of 11 U.S.C. § 327(a). (*Magten v. Paul Hastings,* 346 B.R. 84 (Dist. Ct. D.DE, 2006).) In order for the court to properly determine the disinterestedness of professionals under 11 U.S.A. § 327(a), such professionals are required to disclose all connections with the debtor, creditors, and any other party in interest under Federal Rule of Bankruptcy Procedure 2014. "<u>No matter how old</u> the connection, no matter how trivial it appears, the professional seeking employment must disclose it." (*In re Jore Corp*, 298 B.R 703, 725 (Bankr. Dist. MO, 2003), quoting *In re EWC, Inc*., 138 B.R. 276. 280-81 (Bankr. W.D OK, 1992) [emphasis added].) Attorneys cannot just pick and choose which connections to disclose, and negligence is no excuse. (*In re Fretter, Inc., et al.,* 219 BR. 769, 776 (Bankr. N.D. OH, 1998), citing *In re National Liquidators, Inc.,* 182 B.R. 186 (S.D. OH 1995).)

The Court is to consider whether the failure to disclose was intentional, and if any evidence exists to support an inference of intent, the Court should not accept the professional's story of confusion, mis-communication, or negligence. Rather, the Court should punish a willful failure to disclose the connections required under Federal Rule of Bankruptcy Procedure 2014 as severely as an attempt to put forth a fraud upon the court.

(*In re Crivello*, 134 F.3d 831, 839 (7th Cir. 1998).)

WG&M wilfully violated Federal Rule of Bankruptcy Procedure 2014 in three distinct ways: (1) it failed to disclose the true nature of its relationship with the Movie Studios in the application for employment; (2) it disclosed former client activity only for the past two years (See, Affidavit, FN #3); and (3) it has deleted all obvious "individuals and entities that were adverse to WG&M's clients in both this matter and the matter references on the Match list." (See, Karotkin Affidavit ¶ 5(e).) These actions by WG&M fail to meet the disclosure rules, and should be deemed willful failures.

**B.** **Because It Is Disqualified for Appointment Under 11 U.S.C. § 327(a), WG&M Should be Ordered to Return Any Fees It Has Received in this Matter**

In cases where counsel has been disqualified for want of disinterestedness, disqualified counsel were required to return fees awarded for work performed during the pendency of its appointment. Where fees had been awarded, they were disallowed. (*In re Fretter, supra,* at 541, *In re Petro Serve, supra,* at 867.) Where an actual conflict of interest exists, no more need be shown to support a denial of compensation; failure to disclose those facts giving rise to a conflict of interest is grounds for denial of compensation. (*In re Petro-Serve, supra* at 861, citing *Woods v. City Nat'l Bank,* 312 U.S. 262 (1940).)

WG&M has already collected approximately $4.6 million for professional services

and expenses incurred in connection with representation of debtors. (See, Karotkin Affidavit, ¶ 16.)  It currently holds approximable $270,000 of advanced retainer. (*Id*.)  As discussed above, WG&M has actual and/or potential conflicts of interests in its representation of the Blockbuster Debtors.  WG&M is fully aware of whom it represents, and for what matters.  Yet, WG&M intentionally failed to disclose all these connections in its application for employment.  Therefore, fee disallowance for WG&M is most appropriate.

## III.    CONCLUSION

For the reasons stated above, the firm Weil, Gotshal & Manges LLP, should be disqualified as appointed counsel for the Debtors, Blockbuster Inc., *et al*.  To the extent that fees have been paid to WG&M, it is, as disqualified counsel, obligated to return all such fees.

Respectfully Submitted,

Date: October 12, 2010                **THE MCMILLAN LAW FIRM, APC**


/s/ Scott A. McMillan

_____
Scott A. McMillan
Attorney for Creditor,
Lyme Regis Partners, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 12, 2010, a true and correct copy

of the foregoing document was served upon all parties on the attached Master Service

List via e-mail or United States first class mail, postage prepaid, as indicated, in

accordance with the Federal Rules of Bankruptcy Procedure and by e-mail upon the

parties that receive notifications in this case pursuant to the Court's ECF system.


/s/ Scott A. McMillan
Scott A. McMillan

# MASTER SERVICE LIST
(As of October 5, 2010)
# VIA E-MAIL ECF

| | |
|---|---|
| Akin Gump Strauss Hauer and Feld LLP<br>Attn Nancy C Rush Esq<br>1700 Pacific Ave Ste 4100<br>Dallas, TX 75201-4675<br>nrush@akingump.com | Buchalter Nemer<br>Pamela K Webster<br>1000 Wilshire Blvd Ste 1500<br>Los Angeles, CA 90017<br>pwebster@buchalter.com |
| Andrews Kurth LLP<br>Attn Jonathan I Levine<br>450 Lexington Ave 15th Fl<br>New York, NY 10017<br>jonathanlevine@andrewskurth.com | Carrington Coleman Sloman & Blumenthal LLP<br>Stephen A Goodwin<br>901 Main St Ste 5500<br>Dallas, TX 75202<br>sgoodwin@ccsb.com |
| Arapahoe County Treasurer<br>George Rosenberg<br>5334 S Prince St<br>Littleton, CO 80166<br>grosenberg@co.arapahoe.co.us<br>jholmgren@co.arapahoe.co.us<br>kthompsen@co.arapahoe.co.us | Centerbridge Partners<br>Attn: Steve Silver and Will Manuel<br>wmanuel@centerbridge.com |
| Ballard and Spahr LLP<br>David L Pollack & Jeffrey Meyers<br>1735 Market St<br>Philadelphia, PA 19103<br>pollack@ballardspahr.com | Connolly Bove Lodge & Hutz LLP<br>Jeffery C Wisler & Christina M Thompson<br>The Nemours Bldg 1007 N Orange St<br>PO Box 2207<br>Wilmington, DE 19899<br>jwisler@cblh.com<br>cthompson@cblh.com |
| Bartlett Hackett Feinberg PC<br>Frank F McGinn<br>155 Federal St 9th Fl<br>Boston, MA 02110-0000<br>ffm@bostonbusinesslaw.com | Connolly Bove Lodge & Hutz LLP<br>Karen C Bifferato<br>The Nemours Bldg 1007 N Orange St<br>PO Box 2207<br>Wilmington, DE 19899<br>kbifferato@cblh.com |
| Brown McCarroll LLP<br>Lynn Hamilton Butler<br>111 Congress Ave Ste 1400<br>Austin, TX 78701<br>lbutler@mailbmc.com | Cooley LLP<br>Jay R Indyke Richard S Kanowitz Jeffrey L Cohen<br>& Seth Van Aalten<br>1114 Ave of the Americas<br>New York, NY 10036<br>jindyke@cooley.com<br>rkanowitz@cooley.com<br>jcohen@cooley.com<br>svanaalten@cooley.com |
| County Attorney<br>Belkys Escobar<br>One Harrison St SE 5th Fl<br>Leesburg, VA 20175-3102 | David M Blau & Paul S Magy<br>c o Kupelian Ormond & Magy PC<br>25800 Northwestern Hwy Ste 950<br>Southfield, MI 48075 |

| | |
|---|---|
| belkys.escobar@loudoun.gov | dmb@kompc.com<br>psm@kompc.com |
| County Attorneys Office<br>Melissa S Thornton<br>2810 Stephen P Clark Ctr<br>111 N W First St<br>Miami, FL 33128-1993<br>mst4@miamidade.gov<br>cao.bkc@miamidade.gov | DLA Piper LLP US<br>Attn Timothy W Walsh & Jason M Karaffa<br>1251 Ave of the Americas<br>New York, NY 10020-1104<br>timothy.walsh@dlapiper.com<br>jason.karaffa@dlapiper.com |
| Emmet Marvin & Martin LLP<br>Attn Edward P Zujkowski Esq<br>120 Broadway 32nd Floor<br>New York, NY 10271<br>ezujkowski@emmetmarvin.com | EPB of Chattanooga<br>Kathryn G Smith<br>PO Box 182255<br>Chattanooga, TN 37422-9969<br>smithkg@epb.com |
| Erman Teicher Miller Zucker & Freedman PC<br>David M Eisenberg<br>400 Galleria Officentre Ste 444<br>Southfield, MI 48034<br>deisenberg@ermanteicher.com | Erman Teicher Miller Zucker & Freedman PC<br>Earle Erman<br>400 Galleria Officentre Ste 444<br>Southfield, MI 48034<br>deisenberg@ermanteicher.com |
| Faegre and Benson LLP<br>Elizabeth K Flaagan<br>1700 Lincoln St Ste 3200<br>Denver, CO 80203-4532<br>eflaagan@faegre.com | Frost Brown Todd LLC<br>Ronald E Gold & Joseph Bwells<br>2200 PNC Center<br>201 E Fifth St<br>Cincinnati, OH 45202-4182<br>rgold@fbtlaw.com<br>jbwells@fbtlaw.com |
| Gay McCall Isaacks Gordon & Roberts PC<br>David B McCall<br>777 E 15th St<br>Plano, TX 75074<br>bankruptcy@ntexas-attorneys.com | Gohn Hankey & Stichel LLP<br>Jan I Berlage<br>201 N Charles St Ste 2101<br>Baltimore, MD 21201<br>jberlage@ghsllp.com |
| Granite Capital Partners<br>Attn: Dan Schreiber<br>dan@gfgsd.com | Harris McClellan Binau & Cox<br>Ralph E Dill<br>37 W Broad St<br>Columbus, OH 43215<br>rdill@hmbc.com |
| Highbridge Capital Management LLC<br>Attn: Jonathan Segal<br>40 West 57th Street 32nd Floor<br>New York, NY 10019<br>jonathan.segal@highbridge.com | International Paper<br>Ronald Borcky<br>4049 Willow Lake Blvd<br>Memphis, TN 38118<br>ronald.borcky@ipaper.com |
| Iridian Asset Management LLC<br>Attn: Ben Hunt and Jeff Silver<br>bhunt@iridian.com<br>JSilver@iridian.com | Kelley Drye & Warren LLP<br>James S Carr & Robert L LeHane<br>101 Park Ave<br>New York, NY 10178<br>KDWBankruptcyDepartment@kelleydrye.com |

| | |
|---|---|
| Khlehr Harrison Harvey Branzburg LLP<br>Jeffrey Kurtzman<br>1835 Market St Ste 1400<br>Philadelphia     PA        19103<br>jkurtzman@klehr.com | Landsberg & Associates<br>Ian S Landsberg<br>16030 Ventura Blvd Ste 470<br>Encino  CA        91436<br>ilandsberg@landsberg-law.com |
| Law Offices of Robert E Luna PC<br>Andrea Sheehan<br>4411 N Central Expressway<br>Dallas  TX     75205<br>Sheehan@txschoollaw.com | Linebarger Goggan Blair & Sampson LLP<br>Elizabeth Weller<br>2323 Bryan St Ste 1600<br>Dallas  TX     75201<br>dallas.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP<br>John P Dillman<br>PO Box 3064<br>Houston     TX     77253-3064<br>houston_bankruptcy@publicans.com | Linebarger Goggan Blair & Sampson LLP<br>Diane W Sanders<br>PO Box 17428<br>Austin  TX     78760-7428<br>austin.bankruptcy@publicans.com |
| Locke Lord Bissell & Liddell LLP<br>Omer F Kuebel III C Davin Boldissar<br>601 Poydras St Ste 2660<br>New Orleans     LA     70130-6036<br>nobankecf@lockelord.com | Locke Lord Bissell & Liddell LLP<br>W Steven Bryant<br>600 Travis St Ste 2800<br>Houston     TX     77702<br>hobankecf@lockelord.com<br>sbryant@lockelord.com |
| Menter Rudin & Trivelpiece PC<br>Kevin M Newman<br>308 Maltbie St Ste 200<br>Syracuse     NY     13204-1498<br>knewman@menterlaw.com | Mirick O'Connell DeMallie & Lougee LLP<br>Joseph H Baldiga<br>1700 W Park Dr<br>Westborough     MA     01581<br>jbaldiga@mirickoconnell.com |
| Morgan Lewis & Bockius LLP<br>Neil E Herman<br>101 Park Ave<br>New York     NY     10178<br>Nherman@morganlewis.com | Office of the United States Trustee<br>Brian Masumoto Esq<br>33 Whitehall St 21st Fl<br>New York     NY     10004<br>brian.masumoto@usdoj.gov |
| Pachulski Stang Ziehl & Jones LLP<br>Attn Robert J Feinstein Esq<br>780 Third Ave 36th Fl<br>New York     NY     10017-2024<br>rfeinstein@pszjlaw.com | Paul Weiss<br>Andy Rosenberg<br>1285 Avenue of the Americas<br>New York     NY     10019-6064<br>arosenberg@paulweiss.com |
| Perdue Brandon Fielder Collins & Mott LLP<br>Elizabeth Banda Calvo<br>PO Box 13430<br>Arlington     TX     76094-0430<br>ebcalvo@pbfcm.com | Perdue Brandon Fielder Collins & Mott LLP<br>Yolanda M Humphrey<br>1235 N Loop W Ste 600<br>Houston     TX     77008<br>yhumphrey@pbfcm.com |
| Perdue Brandon Fielder Collins & Mott LLP<br>Owen M Sonik<br>1235 N Loop W Ste 600<br>Houston     TX     77008<br>osonik@pbfcm.com | Perdue Brandon Fielder Collins & Mott LLP<br>John T Banks<br>3301 Northland Dr Ste 505<br>Austin  TX     78731<br>jbanks@pbfcm.com |

| | |
|---|---|
| Resurgence Asset Management<br>Attn: Paul Fratamico<br>paul@resurgenceam.com | Ross Banks May Cron & Cavin PC<br>James V Lombardi III<br>2 Riverway Ste 700<br>Houston          TX          77056<br>jlombardi@rossbanks.com |
| Saiber LLC<br>Michael Grohs Vincent F Papalia Una Young Kang<br>18 Columbia Turnpike Ste 200<br>Florham Park    NJ        07932<br>vpapalia@saiber.com<br>ukang@saiber.com | Saul Ewing LLP<br>Mark Minuti<br>222 Delaware Ave Ste 1200<br>PO Box 1266<br>Wilmington        DE        19899<br>mminuti@saul.com |
| Schnader Harrison Segal & Lewis LLP<br>Kathryn N Richter<br>One Montgomery St Ste 2200<br>San Francisco    CA      94104-5501<br>krichter@schnader.com | Schnader Harrison Segal & Lewis LLP<br>Benjamin P Deutsch<br>140 Broadway Ste 3100<br>New York          NY      10005-1101<br>bdeutsch@schnader.com |
| Securities and Exchange Commission<br>Northeast Regional<br>233 Broadway John Murray<br>The Woolworth Bldg<br>New York          NY      10279<br>secbankruptcy@sec.gov | Sessions Fishman Nathan & Israel LLC  J David Forsyth<br>201 St Charles Ave Ste 3815<br>New Orleans      LA      70170<br>jdf@sessions-law.com |
| Seyfarth Shaw LLP<br>Robert W Dremluk<br>620 Eight Ave 32nd Fl<br>New York          NY      10018<br>rdremluk@seyfarth.com | Sheppard Mullin Richter & Hampton LLP<br>Attn Kyle J Mathews Esq<br>333 South Hope St Fl 43<br>Los Angeles      CA      90071<br>kmathews@sheppardmullin.com |
| Sheppard Mullin Richter & Hampton LLP<br>Kyle Matthew<br>333 S Hope St 43rd Fl<br>Los Angeles      CA      90071-1422<br>KMathews@sheppardmullin.com | Sidley Austin LLP<br>Attn James Seery Esq<br>787 Seventh Ave<br>New York          NY      10019<br>jseery@sidley.com |
| Simon Propety Group Inc<br>Attn Ronal M Tucker<br>225 W Washington St<br>Indianapolis      IN      46204<br>rtucker@simon.com | Skadden Arps Slate Meagher & Flom LLP<br>Attn Peter J Neckles Esq;<br>Alexandra Margolis & Jason Putter<br>Four Times Square<br>New York          NY      10036<br>peter.neckles@skadden.com<br>alexandra.margolis@skadden.com<br>Jason.Putter@skadden.com |
| Skadden Arps Slate Meagher & Flom LLP<br>Mark S Chehi<br>One Rodney Sq<br>PO Box 636<br>Wilmington        DE        19899<br>Bjorn.Sorenson@skadden.com<br>Alexandra.Margolis@skadden.com | Stone Leyton & Gershman<br>E Rebecca Case & Howard S Smotkin<br>7733 Forsyth Blvd Ste 500<br>St Louis            MO      63105<br>erc@stoneleyton.com<br>hss@stoneleyton.com |

| | |
|---|---|
| Mark.Chehi@skadden.com | |
| The Bank of New York Mellon<br>Attn Stuart Rothenberg VP<br>101 Barclay Street 8W<br>Corporate Trust Default Group<br>New York     NY    10286<br>Stuart.Rothenberg@bnymellon.com | The Bank of New York Mellon<br>Raymond Torres<br>101 Barclay Street 8W<br>Corporate Trust Default Group<br>New York     NY    10286<br>Raymond.Torres@bnymellon.com |
| The Bank of New York Mellon<br>Chris Matthews<br>601 Travis 16th Fl<br>Houston    TX    77002<br>j.chris.matthews@bnymellon.com | The Bank of New York Mellon<br>Dennis Roemlein<br>601 Travis 16th Fl<br>Houston    TX    77002<br>dennis.roemlein@bnymellon.com |
| The Michaelson Law Firm<br>Robert N Michaelson<br>11 Broadway Ste 615<br>New York     NY    10004<br>rnm@michaelsonlawfirm.com | Trainor Fairbrook<br>Jennifer L Pruski & Nancy Hotchkiss<br>PO Box 255824<br>Sacramento    CA    95825<br>nhotchkiss@trainorfairbrook.com |
| Trenam Kemker Scharf Barkin Frye<br>ONeill & Mullis PA<br>Lori V Vaughan<br>101 E Kennedy Blvd<br>Bank of America Plz Ste 2700<br>Tampa  FL    33602<br>lvaughan@trenam.com | US Attorney General<br>US Department of Justice<br>950 Pennsylvania Ave NW<br>Washington    DC    20530-0001<br>askdoj@usdoj.gov |
| Wachtell Lipton Rosen & Katz<br>Philip Mindlin & Eric M Rosof & Caith Kushner<br>51 W 52nd St<br>New York     NY    10019-6150<br>pmindlin@wlrk.com<br>emrosof@wlrk.com<br>ckushner@wlrk.com | Wilmington Trust FSB<br>Attn Joshua G James<br>50 S 6th St Ste 1290<br>Minneapolis    MN    55402<br>jjames@WilmingtonTrust.com |

## VIA FIRST CLASS MAIL

| | |
|---|---|
| Weil Gotshal & Manges LLP<br>Stephen Karotkin Esq and Martin A Sosland<br>Esq767 Fifth Avenue<br>New York    NY    10153 | Blockbuster Inc<br>Attn Rod McDonald<br>1201 Elm Street<br>Dallas, TX 72570 |
| AT&T Services Inc<br>James W Grudus General Attorney<br>One AT&T Way Room 3A218<br>Bedminster, NJ 07921 | David A Segal<br>3523 McKinney Avenue No 611<br>Dallas, TX 75204 |
| Goulston & Storrs PC<br>Christine D Lynch Peter D Bilowz<br>400 Atlantic Ave<br>Boston, MA 02110-3333 | Integrated Process Technologies<br>James Reavey President CEO<br>10 Columbus Blvd 4th Floor<br>a k a FM Facility Maintenance<br>Hartford, CT 06106 |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>11601 Roosevelt Blvd<br>Mail Drop N781<br>Philadelphia    PA    19255-0002 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 21126<br>Philadelphia    PA    19114-0326 |
| Katten Muchin Rosenman LLP<br>Thomas J Leanse & Dustin P Branh<br>2029 Century Park E Ste 2600<br>Los Angeles    CA    90067-3012 | Lasser Hochman LLC<br>Richard L Zucker<br>75 Eisenhower Pkwy<br>Roseland    NJ    07068-0000 |
| Linebarger Goggan Blair & Sampson LLP<br>David G Aelvoet<br>711 Navarro Ste 300<br>Travis Building<br>San Antonio    TX    78205 | Missouri Department of Revenue<br>Steven A Ginther<br>PO Box 475<br>Bankruptcy Unit<br>Jefferson City    MO    65105-0475 |
| McCreary Veselka Bragg & Allen PC<br>Michael Reed<br>PO Box 1269<br>Round Rock    TX    78680 | Office of US Attorney SDNY<br>Preet Bharara<br>1 St Andrews Plaza<br>Claims Unit Rm 417<br>New York    NY    10007 |
| Office of New York State<br>Attorney General<br>Andrew M Cuomo<br>120 Broadway<br>New York    NY    10271 | Robinson Brog Leinwand Greene Genovese &<br>Gluck PC<br>Robert R Leinwand<br>875 3rd Ave 9th Fl<br>New York    NY    10022 |
| Scott Siegel<br>1 Granada Lane<br>Atlantic Beach    NY    11509 | Secretary of State<br>123 William St<br>New York    NY    10038-3804 |
| Secretary of State<br>Division of Corporations<br>99 Washington Ave Ste 600<br>One Commerce Plz | Teich Groh<br>Barry W Frost<br>691 State Hwy 33<br>Trenton, NJ    08619-0000 |

| | |
|---|---|
| Albany  NY        12231-0001 | |
| Sparber Annen Morris & Gabriel APLC<br>Todd R Gabriel 701 B St Ste 1400<br>San Diego        CA        92101 | The Bank of New York Trust Company NA<br>Attn Corporate Trust<br>600 N Pearl St Ste 420<br>Dallas   TX        75201 |
| The Bank of New York Mellon Trust Company NA<br>Attention Stuart Rothenberg Vice President<br>101 Barclay Street 8 West<br>New York        NY      10286 | US Department of Justice SDNY<br>86 Chambers St<br>New York        NY        10007 |
| Universal Studios Home Entertainment LLC<br>John Roussey Vice President Credit<br>100 Universal City Plaza<br>1440 6th Floor<br>Universal City    CA      91608 | Weingarten Realty<br>Jenny J Hyun Vice President Associate General<br>Counsel<br>2600 Citadel Plaza Drive Suite 125<br>Houston          TX        77008 |
| Wasserman Jurista & Stolz PC<br>Steven Z Jurista<br>225 Millburn Ave Ste 207<br>PO Box 1029<br>Millburn          NJ        07041-0000 | Wheelis & Rozanski<br>Mr Stephen D Wheelis<br>PO Box 13199<br>Alexandira        LA        71315-3199 |