UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11
                                            :
BLOCKBUSTER INC., *et al.*,[1]              :   Case No. 10-14997 (BRL)
                                            :
                                            :   (Jointly Administered)
        Debtors.                            :
----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, AND 330 AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion,[2] dated September 24, 2010, of Blockbuster Digital Technologies Inc., its parent Blockbuster Inc., and their debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "***Blockbuster***" or the "***Debtors***"), for an order, pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, requesting authorization to employ professionals utilized in the ordinary course of business (the "***Ordinary Course Professionals***"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B[2] LLC (5219).

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to the Notice Parties; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the requested relief (the "*Hearing*"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interest of the Debtors, their estates, creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED:**

1. The Motion is granted as provided herein.

2. Pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc pro tunc* to the Commencement Date, the Ordinary Course Professionals listed on *Exhibit "1"* annexed hereto, in the ordinary course of their businesses, in accordance with the procedures set forth herein.

3. Each Ordinary Course Professional shall provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of this Order and (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the "*Ordinary Course Professional Affidavit*"), substantially in the form annexed hereto as *Exhibit "2"*, certifying that such Ordinary Course Professional does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "*Retention Questionnaire*"), substantially in the form annexed hereto as *Exhibit "3"*.

4. The Debtors' attorneys shall file the Ordinary Course Professional Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties (as defined below) within thirty (30) days of the later of (i) the entry of this Order and (ii) the commencement of any work by such Ordinary Course Professional.

5. The Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attaching thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "***Supplemental Notice of Ordinary Course Professionals***"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee (Attn: Brian Masumoto, Esq.), and (ii) Cooley LLP, attorneys for the Creditors' Committee (together with the Debtors, the "***Reviewing Parties***").

6. The Reviewing Parties shall have fifteen (15) days after receipt of the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on ***Exhibit "3"***, attached hereto, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional based on the contents of the respective Ordinary Course Professional Affidavit or Retention Questionnaire (the "***Objection Deadline***").

7. If no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further order from the Court, *nunc pro tunc* to the Commencement Date with respect to the

Ordinary Course Professionals listed on **Exhibit "3"** or as of the date the Ordinary Course Professional is retained with respect to additional Ordinary Course Professionals; *provided*, *however*, that if an objection is filed and any such objection cannot be resolved within twenty (20) days, the matter shall be set for a hearing before the Court.

8. The Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner for the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that (i) the payments do not exceed $40,000 per month per Ordinary Course Professional, and (ii) all payments will first be applied against the balance of any retainer fee (the "**Retainer**") held by an Ordinary Course Professional, if applicable, until such Retainer has been drawn down completely, and to the extent that on any given month, the amount of the Retainer is only sufficient to satisfy a portion of the Ordinary Course Professional's expenses, the Debtors shall pay the remainder of that Ordinary Course Professional's expenses in full; *provided*, *however*, that the full amount of expenses for that month does not exceed $40,000.

9. Payment to any one Ordinary Course Professional shall not exceed $300,000 for the entire period in which these chapter 11 cases are pending, subject to further order of the Court.

10. In the event payment to any Ordinary Course Professional exceeds $300,000 for the entire period in which these chapter 11 cases are pending, such Ordinary

Course Professional shall be required to file a retention application with the Court to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

11. In the event that an Ordinary Course Professional seeks more than $40,000 in a given month, that professional will be required to file a fee application with respect to such month for the full amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, any and all orders of the Court, the fee guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court.

12. Every ninety (90) days (commencing ninety (90) days from the date of entry of this Order), the Debtors shall file a statement with the Court, and serve the same on the Reviewing Parties, which statement shall include the following information for each Ordinary Course Professional: (a) the name of such Ordinary Course Professional; (b) for each month during the relevant period, the amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such Ordinary Course Professional; and (c) the aggregate amount paid to date to such Ordinary Course Professional as compensation for services rendered and as reimbursement of expenses incurred.

13. The Debtors reserve the right to amend the monthly compensation limitations set forth in this Order upon notice and hearing.

14. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 20, 2010
      New York, New York

                                     /s/Burton R. Lifland
                                     UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
: 
**In re** : Chapter 11
:
**BLOCKBUSTER INC.,** *et al.*,[1] : Case No. 10-14997 (BRL)
:
: **(Jointly Administered)**
**Debtors.** :
-------------------------------------------------------------x

        AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,

        ON BEHALF OF _____

STATE OF _____ )
                                 ) ss:
COUNTY OF _____ )

        _____, being duly sworn, upon his oath, deposes and says:

        1.     I am a [INSERT TITLE] of _____, located at _____ (the "***Firm***").

        2.     Blockbuster Digital Technologies Inc., its parent Blockbuster Inc., and their debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

        3.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B$^2$ LLC (5219).

in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be materially adverse to the Debtors or their estates.

      4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

      5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates.

      6.      The Debtors owe the Firm $_____ for prepetition services.

      7.      The Firm holds a retainer for the Debtors in the amount of $_____, which the Firm [intends to/ does not intend to] use to satisfy the $_____ owed for prepetition services.

      8.      [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.][1]

---

[1] If necessary.

Subscribed and sworn to before me
this ___ day of _____, 2010

_____              Notary Public

**Exhibit 2**

**Retention Questionnaire**

**In re BLOCKBUSTER INC.,** *et al*.
**Case No. 10-14997 (BRL)**

RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY BLOCKBUSTER INC. ET AL., OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "***Debtors***")

**DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:**

Weil, Gotshal & Manges LLP
200 Crescent Court
Suite 300
Dallas, Texas 75201
Attn:   Martin A. Sosland, Esq.
            Regina Merson, Esq.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

   _____

   _____

   _____

   _____

2. Date of retention:      _____

3. Type of services provided (accounting, legal, etc.):

   _____

   _____

   _____

4. Brief description of services to be provided:

   _____

   _____

   _____

5. Arrangements for compensation (hourly, contingent, etc.)

   _____

   (a) Average hourly rate (if applicable):
   _____

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

   _____

6. Prepetition claims against the Debtors held by the firm:

   Amount of claim:    $_____

   Date claim arose:    _____

   Source of Claim:     _____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

   Name: _____

   Status: _____

   Amount of Claim:  $_____

   Date claim arose: _____

   Source of claim: _____

   _____

   _____

   _____

8. Stock of the Debtors currently held by the firm:

   Kind of shares: _____

   No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: _____

   Status: _____

   _____

   Kind of shares: _____

   No. of shares: _____

10. Disclose the nature and provide a brief description of any interest materially adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    _____

    _____

    _____

    _____

11. Name of individual completing this form:

    _____

# Exhibit 3

**Ordinary Course Professionals**

| # | Firm | Address | Role |
|---|---|---|---|
| 1 | A.J. PARK & SON | HUDDART PARKER BUILDING,<br>POST OFFICE SQUARE, PO BOX 949<br>WELLINGTON, 6011<br>NEW ZEALAND | IP Counsel |
| 2 | ALG India Law Offices | 30 Siri Fort Road<br><br>New Dehli, 10049<br>India | IP Counsel |
| 3 | BAKER BOTTS LLP | PO BOX 201626<br>HOUSTON, TX 77216-1626<br>UNITED STATES | IP Counsel |
| 4 | BAKER MARQUART & CRONE LLP | 10990 WILSHIRE BLVD STE 400<br>LOS ANGELES, CA 90024<br>UNITED STATES | Litigation Counsel |
| 5 | BARREDA MOLLER | AV ANGAMOS OESTE 1200<br>LIMA, 18<br>PERU | IP Counsel |
| 6 | BEERMAN SWERDLOVE LLP | 161 North Clark Street, Suite 2600<br>Chicago, IL 60601<br>UNITED STATES | Litigation Counsel |
| 7 | BINGHAM MCCUTCHEN | PO BOX 3486<br>BOSTON, MA 02241-3486<br>UNITED STATES | Labor and Employment Counsel |
| 8 | Borden Ladner Gervaise LLP | Scotia Plaza<br>40 King Street West<br>TORONTO, Ontario<br>CANADA | IP Counsel |
| 9 | Chiomenti Studio Legale | Via XXIV Maggio, 43<br>Rome, 00187<br>ITALY | Corporate Counsel |
| 10 | COWAN LIEBOWITZ & LATMAN PC | 1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-6799<br>UNITED STATES | IP Counsel |
| 11 | DAVIS POLK & WARDWELL LLP | 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025<br>UNITED STATES | Anti-Trust |
| 12 | Drew & Napier | 20 Raffles Place #17-00<br>Singapore, 0104<br>China | IP Counsel |
| 13 | DURLING & DURLING | PO BOX 527948<br>MIAMI, FL 33152-7948<br>UNITED STATES | IP Counsel |
| 14 | FR KELLY & CO | 27 CLYDE RD<br>BALLSRIDGE<br>DUBLIN, 4<br>IRELAND | IP Counsel |

| # | Name | Address | Role |
|---|---|---|---|
| 15 | George C.T. Moore | 105 Narcissus Ave.<br><br>West Palm Beach, FL 33401<br>UNITED STATES | IP Counsel |
| 16 | GOWLING LAFLEUR & HENDERSON | BOX 466, STATION D<br>OTTAWA, ON K1P 1C3<br>CANADA | IP Counsel |
| 17 | HAYNES AND BOONE L.L.P. | 2323 VICTORY AVE #700<br>DALLAS, TX 75219<br>UNITED STATES | Labor and Employment/ Franchising Counsel |
| 18 | HOET PELAEZ CASTILLO & DUQUE | PATRICIA HOET / LEONOR YANEZ<br>13464 57TH PLACE S<br>WELLINGTON, FL 33449-6009<br>UNITED STATES | IP Counsel |
| 19 | HUNTON & WILLIAMS LLP | 1111 BRICKELL AVE, STE 2500<br>MIAMI, FL 33131<br>UNITED STATES | General Corporate / Outsourcing Counsel |
| 20 | JACKSON WALKER LLP | ATTORNEYS & COUNSELORS<br>PO BOX 130989<br>DALLAS, TX 75313 0989<br>UNITED STATES | Labor and Benefits Counsel |
| 21 | JACOBACCI & PARTNERS M. & J. DE JUSTO | M&J DE JUSTO<br>CASTELLANA, 128<br>MADRID, 28046<br>SPAIN | IP Counsel |
| 22 | JE DIAS COSTA LDA | Rua do Salitre, 195<br>Lisboa, 1269-063<br>Portugal | Corporate / IP Counsel |
| 23 | JOHANSSON & LANGLOIS | San Pio X N 2460, 11th Floor<br>SANTIAGO,<br>CHILE | IP Counsel |
| 24 | JONES DAY | PO BOX 70294<br>CLEVELAND, OH 44190-0294<br>UNITED STATES | IP/ Licensing Counsel |
| 25 | K&L GATES | 1717 MAIN ST, STE 2800<br>DALLAS, TX 75201<br>UNITED STATES | IP/ Licensing Counsel |
| 26 | KESTENBAUM EISNER & GORIN LLP | CLIENT TRUST ACCOUNT<br>14401 SYLVAN ST #112<br>VAN NUYS, CA 91401<br>UNITED STATES | IP Counsel |
| 27 | LEE AND LI | 201 TUN HUA N RD, 7TH FLOOR<br>TAIPEI, 105<br>TAIWAN, PROVINCE OF CHINA | IP Counsel |
| 28 | LEE INTERNATIONAL IP & LAW GROUP | 14F KUKDONG BLDG<br>CHUNGMURO 3-KA CHUNG-KU<br>SEOUL, 100705<br>KOREA, REPUBLIC OF | IP Counsel |

| | | | |
|---|---|---|---|
| 29 | Marks & Clerk LLP | Sussex House<br>83-85 Mosley Street<br>Manchester, M2 3LG<br>UNITED KINGDOM | IP Counsel |
| 30 | NOETINGER & ARMANDO | 25 DE MAYO 489, 8TH FLOOR<br>BUENOS AIRES, 1339<br>ARGENTINA | IP Counsel |
| 31 | OLIVARES & CIA S.C. | PO BOX 12743<br>MEXICO CITY, 3100<br>MEXICO | IP Counsel |
| 32 | RICHARDS LAYTON & FINGER PA | PO BOX 551<br>WILMINGTON, DE 19899<br>UNITED STATES | General Corporate Counsel |
| 33 | ROMERO PINEDA & ASOCIADOS | VIP SAL NO. 929<br>PO BOX 52-5364<br>MIAMI, FL 33152-5364<br>UNITED STATES | Litigation Counsel |
| 34 | THOMPSON COBURN LLP | PO BOX 18379M<br>ST LOUIS, MO 63195<br>UNITED STATES | Labor and Employment Counsel |
| 35 | VICTOR VARGAS-VALENZUELA | PO BOX 1888<br>SAN JOSE, 1000<br>COSTA RICA | IP Counsel |
| 36 | VINCENT DAGENAIS GIBSON LLP | 600-325 Dalhousie Street<br>Ottawa, Ontario K1N 7G2<br>Canada | Litigation Counsel |
| 37 | WP THOMPSON & COMPANY | PO BOX 19129<br>NEWARK, NJ 7195<br>UNITED STATES | IP Counsel |
| 38 | WYMAN ISAACS BLUMENTHAL & LYNNE LLP | BLUMENTHAL & LYNNE, LLP<br>8840 WILSHIRE BLVD, SECOND FLOOR<br>BEVERLY HILLS, CA 90211<br>UNITED STATES | Litigation Counsel |
| 39 | ZACCO | PO BOX 2003 VIKA<br>OSLO, 125<br>NORWAY | IP Counsel |