Stephen Karotkin
Martin A. Sosland
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Blockbuster Digital Technologies Inc. | ) |
| | ) Case No. 10-14996 (BRL) |
| Debtors. | ) |
| | ) Jointly Administered Under Case No. 10-14997 (BRL) |

## DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' STATEMENTS AND SCHEDULES**

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Schedules and Statements***") filed herewith by Blockbuster Digital Technologies Inc., its parent, Blockbuster Inc., and each of their debtor affiliates, as the debtors and debtors in possession in the above-captioned cases (each a "***Debtor***" and collectively, the "***Debtors***") pending before the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), were prepared pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") by the Debtors' management and are unaudited. While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may have occurred. The Schedules and Statements remain subject to further review and verification by the Debtors. The information provided herein, except as otherwise noted, is as of the close of business on September 22, 2010 (the "***Book Closing Date***"). Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. The Debtors reserve the right, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled to the financial statements. These General Notes regarding the Debtors' Schedules and Statements comprise an integral part of the Schedules and Statements filed by the Debtors, and should be referenced in connection with any review of the Schedules and Statements.

The Schedules and Statements have been signed by Tom Kurrikoff, the Senior Vice President of Finance and Treasury of Blockbuster Inc. In reviewing and signing the Schedules and Statements, Mr. Kurrikoff has necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel of the Debtors and their professionals. Mr. Kurrikoff has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

<u>**Allocation of Liabilities**</u>

The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to change the allocation of liability if, and when, additional information becomes available.

## Book Value

The Debtors have concluded, in the exercise of their business judgment, that it would be inefficient and costly to obtain current market valuations of their assets. Accordingly, unless otherwise noted, the value each asset and liability reflects the book value of the asset or liability in the Debtors' accounting books and records as of the Book Closing Date. The Debtors reserve their rights to amend or adjust the value of each asset or liability set forth herein.

## Cash and Deposit Amounts

All cash on hand and in bank accounts is as of close of the Book Closing Date.

## Causes of Action

The Debtors have not set forth all causes of action and counterclaims against third parties (including indemnification rights) as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action, counterclaims, and rights of indemnification that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action, counterclaims, or indemnification rights.

## Claim Description

The Debtors have made reasonable efforts to properly classify each claim as "contingent" ("*C*"), "unliquidated" ("*U*"), or "disputed" ("*D*"). Claim amounts that could not be fairly quantified by the Debtors are scheduled as "undetermined", and with a C, U, and/or D notation, as is deemed appropriate given the individual circumstances. Any failure to designate a claim on the Debtors' Schedules as C, U, and/or D does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed." The Debtors reserve the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules and Statements as to amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent", "unliquidated", or "disputed."

## Confidentiality

Addresses of current and former employees of the Debtors are generally not included in the Schedules and Statements. The Debtors will mail any required notice or other documents to the address listed in their books and records for such individuals.

## Excluded Assets and Liabilities

The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as goodwill, business licenses and permits, de minimis deposits, and certain accrued liabilities including, without limitation, accrued salaries and employee benefits, tax accruals, and accrued accounts payable. In addition, the Debtors have excluded certain liens that the Debtors routinely file against the assets of franchisees pursuant to their franchise agreements. Other immaterial assets and liabilities may also have been excluded.

The Debtors have not set forth executory contracts or franchise agreements as assets in their Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G.

The Debtors have received authority from the Bankruptcy Court to honor and/or pay certain prepetition claims including, but not limited to, outstanding prepetition wages to current employees, outstanding prepetition taxes, and certain prepetition vendor claims. Accordingly, these liabilities have been or will be satisfied and are not listed in the Schedules and Statements.

## Guarantees and Other Secondary Liability Claims

The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively "*Guarantees*") in each of their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedules D or F for the Debtor or Debtors affected by such Guarantees. The Debtors, however, believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights, but are not required, to amend the Schedules and Statements to the extent that additional Guarantees are identified.

## Insiders

In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein each of the Debtors' (a) "directors" (or other board appointed persons in similar positions) and (b) employees that may be, or may have been during the relevant period, "officers" (or persons in control). The Debtors have attempted to exclude in such applicable Schedules and Statements information relating to certain of their employees who, despite the title of their position with the Debtors (including without limitation certain employees with the title of "officer," such as the Chief Marketing Officer), are not "officers" of the Debtors as such term is used in the Bankruptcy Code because, among other things, such employees (i) serve or served in a purely administrative and/or ministerial capacity, (ii) were not appointed by the Debtors' board of directors, and/or (iii) do not have or have ever had any material inside information as a result of their employment with the Debtors. The listing of a party as an "insider" is not intended to be, nor should it be construed as, a legal characterization of such party as an "insider" and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Employees have been included in this disclosure for informational purposes only in relation to these chapter 11 cases and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

## Intellectual Property Rights

Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other

transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

## Intercompany Transactions

Prior to the Commencement Date, the Debtors engaged in intercompany transactions resulting in intercompany accounts payable and receivable. These intercompany transactions have been listed as of close of business on August 29, 2010.

## Property and Equipment

The Debtors lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

## Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business operations, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharecterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

## Setoffs

The Debtors routinely incur certain setoffs from customers, suppliers, and landlords in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, rebates, coop advertising, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are excluded from the Schedules and Statements.

## Totals

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "undetermined". To the extent that there are unknown or undetermined amounts, the actual total may be materially different from the listed total.

## Notations to Specific Schedules

### Schedule D – Secured Creditors

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance, of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  In addition, certain of the entities listed on Schedule D may be equipment lessors not secured by property of the estate, but the Debtors have listed these entities on Schedule D, out of an abundance of caution.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the General Notes shall be deemed to constitute a modification or interpretation of the terms of such agreements.

### Schedule E – Priority Creditors

The Bankruptcy Court entered a first day order granting authority to the Debtors to pay prepetition employee wages and other obligations in the ordinary course (the "***Employee Wages Order***").  Pursuant to the Employee Wage Order, the Debtors believe that, other than claims of certain former and current employees for vacation, personal and/or severance pay, any employee claims for prepetition amounts, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any claim on any basis.  Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtors that such claim is a prepetition tax claim.  The Debtors reserve their right to treat any of these claims as postpetition claims.

### Schedule F – Unsecured Non-Priority Claims

The Bankruptcy Court entered a first day order granting authority to honor certain prepetition amounts relating to non-studio critical vendors.  Pursuant to these "first day" orders, the Debtors believe that the amounts specified in such orders have been or will be satisfied, and as such have not listed any liabilities due on account of such claims, if any, on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may have been or may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule F does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that have been or may be rejected.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

### Schedule G – Executory Contracts and Unexpired Leases

While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G.

The Debtors' franchise agreements often contain several sub-agreements  The listing of the franchise agreement is intended to also incorporate all related sub-agreements.

The Debtors hereby reserve (a) all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and (b) to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, determining or asserting that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

### Notations Specific to Statements

### Questions 1 & 2:  Income

The information provided in response to questions 1 and 2 has been listed as of close of business on August 29, 2010.

### Question 3(b):  Payments to creditors

Pursuant to question 3(b), the Debtors have included all payments and transfers made to creditors within the 90 days immediately preceding the commencement of the case and have made no attempt to exclude items that were made as cash in advance payments or as retainer fees.

### Question 3(c):  Intercompany payables

The information regarding intercompany payables in response to question 3(c) has been listed as of close of business on August 29, 2010.

### Question 5:  Repossessions, foreclosures, and returns

In the ordinary course of business, merchandise is returned to sellers due to, among other things, defects or receipt of incorrect product. Other than those ordinary course items, the Debtors are not aware of any merchandise that has been returned to the seller. The Debtors are not aware of any merchandise that has been repossessed by a creditor, sold at a foreclosure sale, or transferred through a deed within one year immediately preceding the commencement of the Debtors' chapter 11 cases.

*Question 8:  Losses*

The information regarding losses in response to question 8 has been listed as of close of business on August 29, 2010.

*Question 11:  Closed financial accounts*

The information regarding closed financial accounts in response to question 11 has been listed as of close of business on August 29, 2010.

*Question 13:  Setoffs*

The information regarding setoffs in response to question 13 has been listed as of close of business on August 29, 2010.  The Debtors believe that pursuant to section 366(c)(4) of the Bankruptcy Code, certain utility providers may have applied prepetition deposits to prepetition obligations.  At this time, the Debtors do not have a list of all utility providers that have setoff prepetition deposits.

*Question 14:  Property held for another person*

The information regarding property held for another person in response to question 14 has been listed as of close of business on August 29, 2010.

*Question 15:  Prior address of debtor*

The Debtors have listed all changes of address over the past three years.  However, the Debtors have closed several stores in the ordinary course of business.  As such, the addresses of such closed stores are not considered prior addresses of the Debtors and have not been listed in response to question 15.

*Question 19:  Books, records and financial statements*

At the end of each of its fiscal quarters, fiscal years, and upon the occurrence of significant events, the Debtors prepared and filed with the Securities and Exchange Commission (the "***SEC***") Forms 10-K, 10-Q, and 8-K (collectively, the "***SEC Filings***").  The SEC Filings contain financial information relating to the Debtors.  Because the SEC Filings are public record, the Debtors do not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC or the Debtors.  In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, financial statements that may not be part of a public filing.  The debtors do not maintain complete lists to track such disclosures.  As such, the Debtors have not provided lists of these parties in response to this question.

*Question 20:  Inventories*

The information regarding inventories in response to question 20 has been listed as of close of business on August 29, 2010.

# UNITED STATES BANKRUPTCY COURT

Southern _____ **DISTRICT OF** _New York_____

In re: Blockbuster Digital Technologies Inc.____ ,    Case No.   10-14996 (BRL)_____
Debtor  (if known)

## STATEMENT OF FINANCIAL AFFAIRS

   This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."   Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

   Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

   *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

   *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

   **1. Income from employment or operation of business**

None


   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                      SOURCE

_____

**2.   Income other than from employment or operation of business**

None

☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                      SOURCE

_____

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

_____

None

☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

_____

None

☐ 

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In re:   Blockbuster Digital Technologies Inc.                    Case No.    10-14996 (BRL)

---

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

SEE ATTACHED SOFA 3C RIDER

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None
☒          a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

---

None
☒          b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.    Repossessions, foreclosures and returns**

None
☒          List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and receiverships**

None   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

### 7.  Gifts

None   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

### 8.  Losses

None   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9.    Payments related to debt counseling or bankruptcy**

None   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
   consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10.   Other transfers**

None   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of
□   the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

None   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case
□   to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.   Closed financial accounts**

None   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
   closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include
checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12.  Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None
☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 79-81 WHITE STREET #6-W NEW YORK, NY 10013 | BLOCKBUSTER DIGITAL TECHNOLOGIES INC. | 04/2008-05/2009 |

---

### 16.   Spouses and Former Spouses

None



If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17.   Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

None

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

In re:   Blockbuster Digital Technologies Inc.                    Case No.    10-14996 (BRL)

---

| NAME AND ADDRESS | DOCKET NUMBER | STATUS OR |
| OF GOVERNMENTAL UNIT | | DISPOSITION |

---

**18.   Nature, location and name of business**

None

☒

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

---

None

☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

In re:   Blockbuster Digital Technologies Inc.                    Case No.     10-14996 (BRL)

---

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.   Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| BRUCE LEWIS, SVP TAX & CONTROLLER<br>1201 ELM ST<br>DALLAS, TX 75270 | 9/23/2008 - PRESENT |
| THOMAS M CASEY, EVP & CHIEF<br>FINANCIAL OFFICER<br>1201 ELM ST<br>DALLAS, TX 75270 | 9/23/2008 - 9/7/2010 |
| DENNIS MCGILL, EVP & CHIEF FINANCIAL<br>OFFICER<br>1201 ELM ST<br>DALLAS, TX 75270 | 9/8/2010 - PRESENT |

---

None
☐

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| PRICEWATERHOUSECOOPERS<br>LLP | 2001 ROSS AVE, STE 1800<br>DALLAS, TX 75201-2997 | 9/23/2008 - PRESENT |

---

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| BRUCE LEWIS, SVP TAX & CONTROLLER | 1201 ELM ST<br>DALLAS, TX 75270 |
| DENNIS MCGILL, EVP & CHIEF FINANCIAL<br>OFFICER | 1201 ELM ST<br>DALLAS, TX 75270 |

_____

None ☐     d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                              DATE ISSUED

SEE GLOBAL NOTES.

_____

**20.  Inventories**

None ☒     a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY              INVENTORY SUPERVISOR          DOLLAR AMOUNT
                                                             OF INVENTORY
                                                             (Specify cost, market or other basis)

_____

None ☒     b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                             NAME AND ADDRESSES
                                                             OF CUSTODIAN
DATE OF INVENTORY                                            OF INVENTORY RECORDS

_____

**21.  Current Partners, Officers, Directors and Shareholders**

None ☒     a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS              NATURE OF INTEREST          PERCENTAGE OF INTEREST

_____

None ☐     b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| BLOCKBUSTER INC. | EQUITY HOLDER | 100% |
| BLEIER, EDWARD | MEMBER OF THE BOARD OF DIRECTORS | N/A |
| DORE, KATHLEEN | MEMBER OF THE BOARD OF DIRECTORS | N/A |
| FERNANDES, GARY | MEMBER OF THE BOARD OF DIRECTORS | N/A |
| FITZSIMMONS, JOSEPH | MEMBER OF THE BOARD OF DIRECTORS | N/A |
| HAIMOWITZ, JULES | MEMBER OF THE BOARD OF DIRECTORS | N/A |
| KEYES, JAMES W. | CHAIRMAN OF THE BOARD AND CEO | N/A |
| KURRIKOFF, TOM | SVP, FINANCE AND TREASURER | N/A |
| LEWIS, BRUCE | SVP AND CONTROLLER | N/A |
| LEWIS, KEVIN | SVP OF DIGITAL | N/A |
| MCDONALD, ROD | VP, SECRETARY & GENERAL COUNSEL | N/A |
| MCGILL, DENNIS | EVP & CHIEF FINANCIAL OFFICER | N/A |
| MEYER, GREGORY | MEMBER OF THE BOARD OF DIRECTORS | N/A |
| ZELNICK, STRAUSS | MEMBER OF THE BOARD OF DIRECTORS | N/A |

THE ADDRESS FOR ALL OFFICERS AND DIRECTORS IS 1201 ELM STREET, DALLAS, TX 75270

_____

**22.   Former partners, officers, directors and shareholders**

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
[X]     preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

_____

None    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within
[ ]     **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |
| BOWMAN, ROBERT | MEMBER OF THE BOARD OF DIRECTORS | 06/24/2010 |

In re:   Blockbuster Digital Technologies Inc.                Case No.     10-14996 (BRL)

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |
| CASEY, THOMAS M | EVP & CHIEF FINANCIAL OFFICER | 09/07/2010 |
| CLEGG, JACKIE | MEMBER OF THE BOARD OF DIRECTORS | 03/05/2010 |
| CRYSTAL, JAMES | MEMBER OF THE BOARD OF DIRECTORS | 06/24/2010 |
| ICAHN, CARL | MEMBER OF THE BOARD OF DIRECTORS | 01/29/2010 |
| LEE, BILL | EVP & CHIEF MERCHANDISING OFFICER | 02/06/2010 |
| MCHOSE, DOUG | SVP OF DOMESTIC STORE OPERATIONS | 08/20/2010 |
| MORROW, KEITH | SVP & CHIEF INFORMATION OFFICER | 01/29/2010 |
| PETERSON, ERIC | EVP, GENERAL COUNSEL & SECRETARY | 02/06/2010 |

THE ADDRESS FOR ALL FORMER OFFICERS AND DIRECTORS IS 1201 ELM STREET, DALLAS, TX 75270

_____

**23.   Withdrawals from a partnership or distributions by a corporation**

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| SEE RESPONSE TO 3C | | |

_____

**24.   Tax Consolidation Group.**

None
☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
| --- | --- |
| BLOCKBUSTER INC. | 52-1655102 |

_____

**25.   Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                TAXPAYER-IDENTIFICATION NUMBER (EIN)

_____

\* \* \* \* \*
\*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature
                                          of Debtor _____


                                          Signature of
                                          Joint Debtor
Date _____     (if any)     _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   10/21/2010 _____     Signature /s/ Thomas Kurrikoff _____

                                          Print Name   Thomas Kurrikoff
                                          And Title ____ SVP, Finance & Treasurer _____

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

___ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*


_____
Address


_____     _____
Signature of Bankruptcy Petition Preparer     Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

**In re: Blockbuster Digital Technologies Inc.**
SOFA 3c.2 Rider
Payments to Insiders Within 1 Year - Intercompany Balances and Net Change

| ACCOUNT DESCRIPTION | 8/30/2009 | 8/29/2010 | NET CHANGE |
|---|---|---|---|
| DUE (TO) BLOCKBUSTER INC. | $ (3,408,972) | $ (4,335,369) | $ (926,397) |