**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                        :
In re                                                   :         Chapter 11
                                                        :
**BLOCKBUSTER INC.,** *et al.*,[1]                      :         Case No. 10-14997 (BRL)
                                                        :
                                                        :         (Jointly Administered)
            Debtors.                                    :
---------------------------------------------------------------x

# FINAL ORDER
# PURSUANT TO 11 U.S.C. §§ 105,
# 363(b)(1), AND 503(b) AND FED. R. BANKR. P.
# 6003 AND 6004 GRANTING (I) AUTHORITY TO PAY
# CERTAIN PREPETITION CLAIMS OF MOVIE STUDIOS AND
# GAME PROVIDERS AND (II) ADMINISTRATIVE EXPENSE PRIORITY
# STATUS FOR ALL UNDISPUTED OBLIGATIONS ARISING POSTPETITION

Upon the Motion,[2] dated September 23, 2010 of Blockbuster Digital Technologies Inc., its parent Blockbuster Inc. and their debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), pursuant to sections 105, 363(b)(1), and 503(b) of the Bankruptcy Code, requesting (i) authority to pay the undisputed outstanding prepetition obligations (collectively, the "***Studio Claims***") owed to (a) the Secured Studios, in accordance with the Canadian Lien Agreement, and (b) those certain Unsecured Studios (the "***Participating Unsecured Studios***") with which Blockbuster, may, in its sole discretion, enter into on a postpetition basis an Accommodation Agreement substantially in the form proposed as ***Exhibit***

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B[2] LLC (5219).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*"A"* annexed to the Motion, and (ii) administrative expense priority status for all undisputed obligations arising on account of such Studios' claims on a postpetition basis, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Final Hearing (as defined below) to the Notice Parties; and the Court having held a final hearing to consider the requested relief (the "***Final Hearing***"); and upon consideration of the *Opposition to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b)(1), and 503(b) and Fed. R. Bankr. P. 6003 and 6004 Requesting (I) Authority to Pay Certain Prepetition Claims of Movie Studios and Game Providers and (II) Administrative Expense Priority Status for All Undisputed Obligations Arising Postpetition* [Docket No. 233], the *Reply in Support of Opposition to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b)(1), and 503(b) and Fed. R. Bankr. P. 6003 and 6004 Requesting (I) Authority to Pay Certain Prepetition Claims of Movie Studios and Game Providers and (II) Administrative Expense Priority Status for All Undisputed Obligations Arising Postpetition [re: Docket No. 15]* [Docket No. 422], and the R*esponse and Request for Modification of the Official Committee of Unsecured Creditors to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b)(1), and 503(b) and Fed. R. Bankr. P. 6003 and 6004 Requesting (I) Authority to Pay Certain Prepetition Claims of Movie Studios and Game Providers and (II) Administrative Expense Priority Status for All Undisputed Obligations Arising Postpetition* [Docket No. 373]; and upon the record of the Final Hearing, including all statements on the

record in resolution of the Response, and all of the proceedings before the Court, the Court finds and determines that (a) the requested relief is in the best interests of the Debtors, their estates and creditors, and all parties in interest; (b) the Debtors have provided due and proper notice of the Motion and Final Hearing and no further notice is necessary; and (c) the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as set forth herein.

2. Any objections to the relief granted herein that have not been previously resolved or withdrawn are overruled on their merits and all reservation of rights included in such objections are denied and overruled.

3. With respect to the Secured Studios, the Debtors are authorized to (A) pay (1) in the ordinary course during the postpetition period, all undisputed outstanding prepetition obligations due and owing to each of the Secured Studios on account of such Secured Studio's undisputed prepetition claims, and (2) the Secured Studios' Legal Fees; and (B) waive any and all claims and causes of action (including, without limitation, any Avoidance Actions) against the Secured Studios where, in consideration for the foregoing and in accordance with the Canadian Lien Agreement, each such Secured Studio agrees to: (C) extend trade credit and supply Product to the Debtors on terms and conditions no less favorable than those set forth in the applicable Trade Agreement in effect immediately prior to the Commencement Date, including but not limited to, 90-day payment terms, through the earlier of: (p) the expiration of the applicable Trade Agreement[3]; (q) the effective date of a plan of reorganization in the

---

[3] *Provided, however*, that in accordance with the Canadian Lien Agreement, and as confirmed on the record at the Hearing, to the extent a Trade Agreement expires within 120 days from the Commencement Date, the Debtors and the applicable Secured Studio shall negotiate in good faith to extend the term of such Trade Agreement.

Debtors' chapter 11 cases; (r) dismissal, or conversion to chapter 7, of one of the Debtors' chapter 11 cases; or (s) a liquidation of one or more of the Debtors or a sale of substantially all of the assets of one or more of the Debtors; and (D) waive its right to assert an Event of Default (as defined in the Canadian Lien Agreement) solely on account of the commencement of these chapter 11 cases.

4. The form of Accommodation Agreement annexed as ***Exhibit "A"*** to the Motion is approved and the Debtors are hereby authorized to enter into any such Accommodation Agreement as necessary during the pendency of these chapter 11 cases with any such Participating Unsecured Studio, without further order of this Court.

5. With respect to those Participating Unsecured Studios that enter into an Accommodation Agreement with the Debtors, the Debtors are authorized, but not directed, to (A) pay, in the ordinary course during the postpetition period, all undisputed outstanding prepetition obligations due and owing to such Participating Unsecured Studio on account of such Participating Unsecured Studio's undisputed prepetition claims and (B), in the Debtors' sole discretion, waive any and all claims and causes of action (including, without limitation, any Avoidance Actions) against such Participating Unsecured Studio, (C) in the Debtors' sole discretion, pay, but not directed, the professional fees of such Participating Unsecured Studio where, in exchange for such treatment, such Participating Unsecured Studio (D) agrees to extend trade credit and supply Product to the Debtors on such terms may be mutually agreed upon by the parties and set forth in the applicable Accommodation Agreement; and (E) acknowledges that its acceptance of such payment on account of its Studio Claims is deemed acceptance of the terms of the Orders, and if such Participating Unsecured Studio thereafter does not provide the Debtors with trade terms at least as favorable as those set forth in the applicable Accommodation

Agreement during the pendency of these chapter 11 cases, that any such payments received postpetition may be deemed to be unauthorized and subject to recovery by the Debtors pursuant to section 544 of the Bankruptcy Code.

6. To the extent a Participating Unsecured Studio receives critical vendor treatment more favorable than that provided for in the Canadian Lien Agreement with respect to the payment of prepetition obligations and/or the provisions of credit or collateral support, the Secured Studios shall be entitled to such treatment.

7. Nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder.

8. All applicable Banks maintaining the Debtors' disbursement accounts are hereby authorized and required, when requested by the Debtors, to receive, process, honor, and pay any checks, drafts, or wire transfers dated prior to, on, or after the Commencement Date upon presentation or receipt thereof in respect of Studio Claims, and such Banks are authorized to rely upon the representation of the Debtors as to which of such checks, drafts or wire transfers are in payment of the Studio Claims.

9. Nothing in this Order is intended to authorize any professional fees and/or expenses pursuant to section 503(b)(3) and (4) of the Bankruptcy Code.

10. Nothing contained in this Order shall be deemed to constitute an assumption or adoption of any executory contract or prepetition or postpetition agreement between the Debtors and the holder of a Studio Claim.

11. The Debtors' undisputed obligations to any Secured Studio or Participating Unsecured Studio that arise from the postpetition delivery of materials, goods, and

services that were ordered in the prepetition period shall have administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

12. The requirements of Bankruptcy Rule 6003 are satisfied.

13. The requirements of Bankruptcy Rule 6004(a) are hereby waived.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: October 27, 2010
     New York, New York

/s/Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE