**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
: 
In re : Chapter 11
: 
**BLOCKBUSTER INC., et al.,**[1] : Case No. 10-14997 (BRL)
: 
: (Jointly Administered)
Debtors. : 
------------------------------------------------------------x

# ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 GRANTING MOTION FOR AUTHORIZATION TO EMPLOY AND RETAIN KORN/FERRY INTERNATIONAL AS DEBTORS' EXECUTIVE SEARCH CONSULTANT

Upon the Motion,[2] dated October 19, 2010, of Blockbuster Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), pursuant to sections 363 and 105 of the Bankruptcy Code to employ and retain Korn/Ferry International ("***Korn/Ferry***"), pursuant to the terms of the engagement letter, dated October 5, 2010 (the "***Engagement Letter***"), by and among the Debtors and Korn/Ferry, to perform an executive search for a chief executive officer ("***New CEO")*** for the benefit of the Debtors and all stakeholders in these chapter 11 cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B2 LLC (5219).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided due and proper notice of the Motion in accordance with the procedures set forth in the *Order Pursuant to 11 U.S.C. § 105(a) of the Bankruptcy Code and Fed R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 365]; and no objections to the requested relief having been filed with the Court; and the Debtors having resolved the informal concerns of the Creditors' Committee as to the Motion; the Court finds and determines that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested and that the requested relief is in the best interests of the Debtors, the Debtors' estates, creditors, and all parties in interest; **IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to retain Korn/Ferry on the terms set forth in the Engagement Letter.

3. Pursuant to the terms of the Engagement Letter, Korn/Ferry's compensation shall be equal to a fixed fee of $400,000, with the first $100,000 due upon the commencement of the assignment and the remaining $300,000 due and payable in one installment (the "**Final Payment**") within 30 days of the successful completion date on which a final, binding employment agreement in writing is entered into between the Debtors and the New CEO candidate (the "**Successful Completion Date**"); *provided, however,* that if any internal candidate from within Blockbuster's current management or any external candidate identified from a major studio is named CEO or if the agreement is terminated before the Successful Completion Date, Korn/Ferry has agreed to forfeit the Final Payment.

4. In addition to its fees, Korn/Ferry will also be reimbursed for all actual and necessary expenses incurred on the following basis: (i) for search-related administrative expenses related to administrative support, search assessment and research services; *provided, however,* that such search-related administrative expenses shall not exceed $18,000; and (ii) for direct, out-of-pocket expenses such as candidate and consultant travel, lodging and video-conferencing, for which Korn/Ferry will bill the Debtors on a monthly basis.

5. Either the attorneys representing the Debtors, or a member of the search committee of the board of directors of Blockbuster Inc. (the "***Search Committee***"), shall provide weekly confidential updates to the attorneys representing the Creditors' Committee regarding the status of the New CEO search being conducted by the Search Committee. Prior to the final selection of a New CEO, the chair of the Search Committee will consult with the Creditors' Committee and provide the Creditors' Committee with an opportunity to meet with or interview one or more finalists for the position of New CEO.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 10, 2010
     New York, New York

/s/Burton R. Lifland_____
UNITED STATES BANKRUPTCY JUDGE