Hearing Date and Time: January 20, 2011 10:00 a.m. (Eastern Time)
Objection Deadline: January 12, 2011 4:00 p.m. (Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Heather D. McArn

Counsel for Marc Cohen, Marc Perper and Uwe Stueckrad, on behalf of themselves, all others similarly situated and the general public, plaintiffs and putative class members ("Cohen Class Plaintiffs") in the action titled *Cohen, et al. v. Blockbuster Entertainment Inc.*, Circuit Court of Cook County Illinois, Chancery Court Case No. 99-CH-2561 (consolidated) (the "Class Action").

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
**BLOCKBUSTER INC.**, *et al.*,             :    Case No. 10-14997 (BRL)
                                            :
     **Debtors.**                           :    (Jointly Administered)
                                            :
-------------------------------------------------------------x

### MOTION FOR ORDER ALLOWING CLASS PROOF OF CLAIM AND CERTIFYING THE PROPOSED CLASSES

Marc Cohen, Marc Perper and Uwe Stueckrad (the "Class Representatives"), on behalf of themselves, all others similarly situated and the general public, plaintiffs and putative class members ("Cohen Class Plaintiffs") in the action titled *Cohen, et al. v. Blockbuster Entertainment Inc.*, Circuit Court of Cook County Illinois, Chancery Court Case No. 99-CH-2561 (consolidated) (the "Class Action"), by and through their undersigned counsel, move for entry of an order (1) pursuant to Rules 9014 and 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") applying Federal Rule of Civil Procedure 23 ("FRCP 23") to the December 7, 2010 class proof of claim (the "Class Claim"), and (2) certifying, pursuant to

FRCP 23, the classes of Blockbuster customers outlined herein.  In support thereof, the Cohen Class Plaintiffs respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this motion (the "Motion") pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are section 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 3001, 3002, 3003(c), 7023, 9013 and 9014.

## Background

3. On September 23, 2010 (the "Petition Date"), the Debtors[1] filed their voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Class Action was filed in the Circuit Court of Cook County Illinois, Chancery Division ("Illinois state court") on February 18, 1999.  As described more fully below, the classes were certified on or about April 23, 2001 but were subsequently decertified on March 14, 2008.  The Cohen Class Plaintiffs vigorously contend that the decertification was an error and, on March 30, 2010, moved to certify the class action, which motion was fully briefed and pending in Illinois state court on the Petition Date.

5. As set forth in the motion for certification, the proposed classes consist of all United States residents who rented videos from Blockbuster, who either incurred late fees or were forced to purchase unreturned videos between February 18, 1994 and December 31, 2004,

---

[1] Debtors include: Blockbuster Inc., Blockbuster Digital Technologies Inc., Blockbuster Canada Inc., Blockbuster Distribution, Inc., Blockbuster Gift Card, Inc., Blockbuster Global Services Inc., Blockbuster International Spain Inc., Blockbuster Investments LLC, Blockbuster Procurement LP, Blockbuster Video Italy, Inc., Movielink, LLC, Trading Zone Inc., and $B^2$ LLC.

based on a Blockbuster membership agreement that did not contain an arbitration clause, and who are not bound by the settlement in *Scott v. Blockbuster Inc.*, No. D 162-535 (Jefferson County, Tex.) ("*Scott*"). *See* Pls.' Mot. for Class Certification (Mar. 30, 2010), attached hereto as Exhibit B.[2]

6.  Blockbuster Inc. (hereinafter referred to as "Blockbuster" or "Debtor") listed each Class Representative's claim in the Schedules of Assets and Liabilities as "Litigation-Consumer, Case No. Chancery Case No. 99CH02561" and as contingent, unliquidated, disputed and of an undetermined amount. *See* Debtors' Schedule F (Dkt. No. 380), at 986, 3,291, and 4,060. On November 10, 2010, this Court entered an order setting December 22, 2010 (the "Bar Date") as the deadline for filing proofs of claim. *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (Dkt. 508). On December 7, 2010, the Class Representatives filed the Class Claim listing a general unsecured claim of "at least $2,000,000." A copy of the Class Claim (Claim No. 1754) is attached hereto as Exhibit C. In addition, each Class Representative filed an individual proof of claim in the amount of "at least $150.00" (Claim No. 1753), "at least $340.00" (Claim No. 1755) and "at least $5.00" (Claim No. 1756), respectively.

**History of the Class Action**

7.  On February 18, 1999, the Cohen Class Plaintiffs filed the Class Action complaint against Blockbuster based on unlawful charges incurred as a result of keeping rented videos beyond the return due date (Extended Viewing Fees or "EVFs") or never returning the rented videos. The Cohen Class Plaintiffs seek to recover the illegal penalties that Blockbuster imposed on them.

---

[2] The Memorandum in Support of Plaintiffs' Motion for Class Certification was filed under seal in Illinois state court, and, as such, is not attached hereto.

3

8. After the Class Action was commenced, similar class action lawsuits were filed against the Debtor, including *Scott*, during the class period. The Cohen Class Plaintiffs obtained discovery, including taking depositions of several individuals at Blockbuster regarding the fees charged. In 2000, the Cohen Class Plaintiffs sought class certification in Illinois state court. After the class certification motion was fully briefed and argued, counsel for the Class Representatives and Blockbuster engaged in settlement discussions. The parties notified the Illinois state court on or about March 16, 2001 of a tentative settlement, in advance of any ruling on the motion. Ultimately, Blockbuster settled only the *Scott* class action.

9. Thereafter, the Illinois state court certified the classes on or about April 23, 2001. Subsequently, the *Scott* class action settlement was approved. The *Scott* settlement resolved the claims of some, but not all, of the members of the Cohen Class Plaintiffs' classes. In order to reflect the *Scott* settlement, the Cohen Class Plaintiffs filed a Second Amended Consolidated Complaint on April 22, 2002 (the "SACC," attached hereto as Exhibit A and incorporated by reference as if fully set forth herein) and filed a motion to redefine the classes on October 4, 2004.

10. On April 27, 2005, the Illinois state court granted the motion to redefine the classes as follows:

> [(1)] <u>"Late Fee" Class</u>:  All United States residents who rented videos, games, DVDs or equipment ("Videos") from any entity doing business as Blockbuster or Blockbuster Video, and who incurred late fees (i.e. so called "Extending Viewing Fees") between February 18, 1994 and December 31, 2004 based upon a Blockbuster membership agreement which does not contain an arbitration clause, and who are not bound by the settlement in *Scott & Knight v. Blockbuster* (the "*Scott*" class); and
>
> [(2)] <u>"Unreturned Video" Class</u>:  All United States residents who rented videos, games, DVDs or equipment ("Videos") from any entity doing business as Blockbuster or Blockbuster Video, and who were forced to purchase an unreturned video between

4

>February 18, 1994 and December 31, 2004 based upon a Blockbuster membership agreement which does not contain an arbitration clause, and who are not bound by the settlement in *Scott & Knight v. Blockbuster, Inc.* (the "Scott" class).

11. On March 14, 2008, due to what the Cohen Class Plaintiffs vigorously contend was an erroneous application of Illinois law, the Illinois state court decertified the classes finding that the Cohen Class Plaintiffs were unable to show that common questions of fact or law predominate over questions affecting only individual members. The Cohen Class Plaintiffs maintain the evidence clearly shows the opposite. At a status hearing shortly thereafter, the Illinois state court gave the Cohen Class Plaintiffs leave to file a motion to reconsider. Instead, on March 30, 2010, the Cohen Class Plaintiffs filed a new motion seeking certification. This new motion was fully briefed and pending in Illinois state court on the Petition Date.

## **Relief Requested**

12. By this Motion, the Cohen Class Plaintiffs ask this Court to exercise its discretion under Bankruptcy Rule 9014 to apply FRCP 23 to the Class Claim and certify the proposed classes.

## **Bases for the Relief Requested**

13. Bankruptcy Rule 9014 gives the Court discretion to make Bankruptcy Rule 7023 applicable to "contested matters." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5-6 (S.D.N.Y. 2005). When a party in interest asks the bankruptcy court to certify a class, the class claim becomes a contested matter at least as of the time the request is opposed or even before actual opposition if opposition is reasonably foreseeable. *Id.* at 7.

14. To pursue a class proof of claim in the bankruptcy court, a class representative must "(1) make a motion to extend the application of Rule 23 to some contested matter, (2) satisfy the requirements of Rule 23, and (3) show that the benefits derived from the use of the

5

class claim device are consistent with the goals of bankruptcy." *In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007).

15. As detailed herein, this Court should exercise its discretion and grant the requested relief. The Class Claim and this Motion were filed early in these proceedings, in advance of the Bar Date and well in advance of any plan of reorganization being proposed or confirmed. In addition, the proposed classes are of sufficient size, share common questions of law and/or fact, and are represented by parties who hold claims typical of the classes and who will fairly and adequately protect the interests of the classes. Finally, class treatment affords the most efficient process for identifying and fairly resolving the grievances of the estimated many tens of thousands of Blockbuster customers who were charged unlawful penalty fees during the class period.

**A.    FRCP 23 Should Be Applied to the Class Claim**

16. In exercising its discretion under Bankruptcy Rule 9014 to extend the application of FRCP 23 to a class proof of claim, a bankruptcy court should consider, among other things: (1) whether the classes were certified pre-petition, (2) whether members of the putative classes received notice of the bar date, and (3) whether class certification will adversely affect the administration of the case. *In re Bally Total Fitness of Greater N.Y., Inc.*, 411 B.R. 142, 145 (S.D.N.Y. 2009); *In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).

17. Each of these considerations favors the Court exercising its discretion to apply FRCP 23 to the Class Claim.

18. The classes were previously certified in April of 2001. Following the *Scott* settlement, the classes were redefined and ultimately decertified, however, the classes are currently the subject of a renewed, albeit stayed, motion for certification. As a result of this

6

procedural history and posture, putative class members may have become accustomed to proceeding through their class representatives and may be relying on them to assert their interests against the debtor. *See In re Musicland Holding Corp.*, 362 B.R. 644, 656 (Bankr. S.D.N.Y. 2007); *In re Livaditis*, 122 B.R. 330, 339-40 (Bankr. N.D. Ill. 1990).

19. Moreover, the putative class members did not receive notice of the Bar Date. "According to well-established case law, due process requires that a debtor's known creditors be afforded actual notice of the bar date." *In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993). In addition, due process requires a "reasonable search for contingent or unmatured claims so that ascertainable creditors can receive adequate notice of the bar date." *Id.* at 681.

20. The Debtor has been aware of its potential liability to the class members for more than a decade, during which time Blockbuster has actively defended against the Class Action. Upon information and belief, the Debtors' books and records identify the putative class members and, as such, they are entitled to actual notice of the Bar Date. Here, the Debtor provided actual notice to the Class Representatives and their counsel but failed to do so with respect to all class members. *See* Aff. of Service (Dkt. No. 552) Ex. C, at 198, 596, and 728.

21. Finally, applying FRCP 23 to the Class Claim will not unduly delay the administration of the case. The Class Claim and the instant Motion were filed in advance of the Bar Date and well in advance of any plan of reorganization being proposed or confirmed. In addition, discovery was previously undertaken with respect to certification and the merits of the Class Action. As a result, any additional discovery necessary to resolve the claims is likely to be minimal. *See In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005).

22. Even if permitting the filing of a class claim would delay or cause uncertainty in settling the debtor's estate, "any potential marginal increase in delay or in difficulty of valuation of claims would be justified in order to protect the right of small claimants (who might not otherwise be aware of the existence of or be able to process their claims) to be represented by the filing of a class proof of claim." *In re Chateaugay Corp.*, 104 B.R. 626, 633 (S.D.N.Y. 1989) (holding that class proof of claim was properly filed even though class had not been certified prior to bankruptcy petition).

23. Here, many class members may be unaware of the existence of their claim because they do not know that EVFs and unreturned video fees are unlawful penalties for which they should be compensated. The Class Claim is a method by which such creditors can be efficiently identified and fairly compensated.

24. For all of the above reasons, applying FRCP 23 to the Class Claim and certifying the proposed classes is consistent with the goals of bankruptcy.

**B.    The Cohen Class Plaintiffs Satisfy the Requirements of FRCP 23**

25. In addition to demonstrating that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy, a party seeking class certification must satisfy the four requirements of FRCP 23(a) as well as one of the subparagraphs of FRCP 23(b). *In re Musicland Holding Corp.*, 362 B.R. 644, 652 (Bankr. S.D.N.Y. 2007). Class certification is not a merits determination. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-178 (1974); *see also Milanes v. Napolitano*, 354 Fed. Appx. 573, 575 (2d Cir. 2009) ("[b]ecause the district court did not address the requirements for class certification separately from the merits of plaintiffs' claims . . . we vacate the denial of class certification and remand for the district court to consider class certification in the first instance").

8

26. FRCP 23 requires: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). In addition, a court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). All of these requirements are met here.

1. FRCP 23(a) requirements are met

    a. Numerosity

27. "The numerosity requirement provides that the class must be so numerous that joinder of all members is impracticable." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (internal quotations omitted).

28. Each of the proposed classes consists of many tens of thousands of Blockbuster members, and as such, each independent class is so numerous that joinder of all members of a class is impracticable. Although much of the classes' claims have been subsumed by the *Scott* settlement, the *Scott* settlement only has a preclusive effect on the members of the *Scott* class. Further, the *Scott* settlement will not limit compensation for the penalty claims of those who (a) opted out of the *Scott* settlement, (b) did not incur an EVF or unreturned video fee until after April 1, 2001, or (c) became a Blockbuster member after April 1, 2001. Accordingly, numerosity is satisfied.

9

b.  Commonality

29. "The commonality requirement is met if there is a common question of law or fact shared by the class." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010). Here, Blockbuster's course of conduct of charging unlawful penalty fees for late videos and unreturned videos are common elements shared by members of the proposed classes.

30. Just as in *Musicland*, where the common issue was whether "a former in-store manager [was] entitled to overtime pay and other benefits under California law," the Cohen Class Plaintiffs have several common issues of fact or law common to each class. *See In re Musicland Holding Corp.*, 362 B.R. 644, 653 (Bankr. S.D.N.Y. 2007). Specifically, every Plaintiff class member has essentially the same claim against Blockbuster. For example, they have class-wide claims seeking (a) relief from Blockbuster's unlawful penalties, and (b) disgorgement of Blockbuster's unjust enrichment. The common questions of fact or law in the present case include, but are not limited to:

(a)  Whether a class member breaches his oral contract with Blockbuster when he either returned a video after its due date or did not return the video at all;

(b)  Whether Blockbuster's late fees are unlawful penalties;

(c)  Whether Blockbuster's unreturned video fees are unlawful penalties;

(d)  Whether Blockbuster was unjustly enriched through its manner of charging late fees and unreturned video fees; and

(e)  Whether Blockbuster must disgorge the monies by which it has been unjustly enriched.

31. As described herein, commonality is met in the present case for each class.

i.  **Common Questions Exist and Predominate for the Late Fee Class.**

32. During the relevant time period as described herein, every member of the late fee class rented a video from Blockbuster by entering into an oral rental contract with Blockbuster

10

for such rental and then returned the rented video after its due date in breach of the oral rental contract with Blockbuster. Each oral contract alone specifies the rental contract's price and duration terms, and also includes the general terms imposed by the written Membership Application. All of these terms were uniformly imposed by Blockbuster on class members. A member was in breach of the oral contract if the member returned the video late or failed to return the video. A late fee was then assessed.

*The Oral Contract:*

33. A standard process was adhered to concerning video rental agreements. Every class member (a) went to a Blockbuster store, (b) selected a video to rent, (c) established that he was a Blockbuster member, and (d) was told by Blockbuster what the rental cost was and when the video had to be returned. Each member then took the video home and impliedly agreed to bring it back before or on the due date. This uniform procedure established every class member's oral contract. Such procedure was common to all class members.

*Breach of the Oral Contract:*

34. Blockbuster charged every member of the Late Fee Class an EVF for failing to return the rented video by its due date. The Cohen Class Plaintiffs allege these fees were penalties. The class member's breach of the oral contract by failing to return the video on time is the event that caused Blockbuster to automatically charge a late fee and was the only way a class member can be assessed an EVF. Every class member has the fact of returning a video late (*i.e.*, the breach) in common. Further, every member who returned a video late was charged a late fee.

*The Penalty Fees:*

35. The late fees that were charged to class members did not vary from store to store. Rather, Blockbuster corporate set the amounts of fees charged. Thus, every payment each class

11

member has made for a late fee charged by Blockbuster was set by Blockbuster's fee schedule. The class members thus have this fact in common.

36. The Cohen Class Plaintiffs seek to prove that the late fees charged by Blockbuster according to its fee schedule to each class member are penalties, rather than appropriate liquidated damages. Every late fee charged was a penalty, *i.e.*, designed to maximize revenue and compel the return of videos. The proof of this position will not change from class member to class member.

37. Although the dollar amount of any particular class member's damage might vary, that difference should not thwart this class action. Instead, these differences are relevant for determining the amount of damages each particular class member will be entitled to at the end of the restructuring, as people who paid more late fees will be entitled to more money back. In this case, the central question is whether the late fees charged by Blockbuster are illegal penalties. Every class member has the same claim against Blockbuster.

38. Thus, every penalty claim relating to the Late Fee Class includes six common issues of fact and/or law:

    (a)    Does a member breach his oral video rental contract by failing to return a video by its due date?

    (b)    Are Blockbuster's late fees liquidated damages under those contracts?

    (c)    Can Blockbuster easily ascertain - either before renting a video or before establishing the amount of its late fees - the damage it might incur if a member returns a video after its due date?

    (d)    Are Blockbuster's late fees based upon bona fide estimates of its potential damages?

    (e)    Did Blockbuster set its late fee at a higher amount in order to induce members to return rented videos by their due dates, to penalize them for failing to do so, and/or to increase Blockbuster's rental profits?

    (f)    Do Blockbuster's late fees constitute unenforceable penalties?

39. The answers to these class-wide questions will prove the Cohen Class Plaintiffs' claims. No individual fact is necessary to determine whether Blockbuster's late fees always constituted penalties for every class member. In sum, every member of the Late Fee Class has the same penalty claim against Blockbuster because Blockbuster *always* charged a late fee that was higher than necessary to compensate the company for the actual damage resulting from the members' breach of the oral contract. Accordingly, common questions regarding the Late Fee Class exist and predominate.

### ii. Common Questions Exist and Predominate for the Unreturned Video Class.

40. Like the Late Fee Class, every member of the Unreturned Video Class has the same penalty claim against Blockbuster because Blockbuster *always* charged the Unreturned Video Class members a "full retail price" *and* late fees for failing to return a rental, which was always higher than the amount Blockbuster could ever lose when a member failed to return a rented video. Each of these members' accounts were automatically charged the full retail price of the video once the video was ten days late. Every member of the Unreturned Video Class satisfies the requirements of the Late Fee Class and also failed to return the rental to Blockbuster.

41. Blockbuster charged the late fees in addition to the full retail price. Based on this, every class member was charged an unreturned video fee that exceeded the amount Blockbuster could have lost when the video was not returned in addition to being charged late fees before the video was deemed "unreturned." Thus, every member of the Unreturned Video Class has the same claim against Blockbuster.

42. Every penalty claim relating to the "full retail price" includes six common issues of fact and/or law:

    (a)    Does a member breach his oral video rental contract by failing to return a

13

video?

(b) Are Blockbuster's "full retail prices" liquidated damages under the contracts?

(c) Can Blockbuster easily ascertain - either before renting a video or before establishing the amount of its "full retail prices" - the damages it will incur if a member fails to return a rented video?

(d) Are Blockbuster's "full retail prices" based upon bona fide estimates of its possible damages?

(e) Did Blockbuster set its "full retail prices" at higher amounts in order to induce members to return rented videos, to penalize them for failing to do so, and/or to increase Blockbuster's profits?

(f) Do Blockbuster's "full retail prices" constitute unenforceable penalties?

43. In answering these questions, the Cohen Class Plaintiffs will prove the claims of every member of the Unreturned Video Class. No individual fact finding will be necessary to determine whether Blockbuster's full retail prices together with the late fees always constitute penalties for every class member. Accordingly, common questions regarding the Unreturned Video Class exist and predominate.

    c.    Typicality

44. "Typicality requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class members. This requirement is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. The commonality and typicality requirements often tend to merge into one another, so that similar considerations animate analysis of both." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (internal citations and quotations omitted).

45. The claims of the named class plaintiffs are typical of those of all the class members. Every member of the Late Fee Class has the same claim for unlawful penalty fees against Blockbuster because Blockbuster always charged a late fee that was higher than

14

necessary to compensate them for the actual damage resulting from that individual member's breach of the oral contract. In addition, every member of the Unreturned Video Class has the same claim for unlawful penalty fees against Blockbuster because Blockbuster always charged late fees and an unreturned video fee that were higher than necessary to compensate them for the actual damage resulting from that individual member's breach of oral contract. In addition, the amounts for the late fees and unreturned video fees were set at the corporate level of Blockbuster. Thus, typicality is satisfied.

            d.     Fairly and Adequately Represent

46. "Adequacy has two components: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members. A conflict or potential conflict alone will not, however, necessarily defeat class certification-the conflict must be fundamental. In addition, the conflict must be more than speculative or hypothetical." *In re Musicland Holding Corp.*, 362 B.R. 644, 653 (Bankr. S.D.N.Y. 2007) (internal quotations and citations omitted). "The adequacy requirement is that the representative parties will fairly and adequately protect the interests of the class." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (internal quotations omitted). In addition, plaintiffs' counsel must be "qualified, experienced and able to conduct the litigation." *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

47. The proposed class representatives have shown that they are firmly committed to the prosecution of this action, as evidenced by their involvement in the lawsuit for more than ten years. Each of the named plaintiffs has a basic understanding of the nature of the claims against Blockbuster. They are sufficiently aware of the importance and responsibility of their individual roles as class representatives, and have a genuine and substantial concern for the

progress and result of this litigation. There is no conflict between them and any of the classes they seek to represent, and the named plaintiffs do not seek relief antagonistic to the interests of other members of any of the proposed classes.

48. In addition, the Cohen Class Plaintiffs have retained qualified counsel in their Class Action. Cohen Class Plaintiffs' counsel are experienced in prosecuting complex class action cases and have frequently been designated as class counsel. (See, Affidavits or CVs of Edward T. Joyce, Arthur W. Aufmann, William J. Harte, Aron Robinson, and Jennifer L. Doherty, attached hereto as Exhibit D.) They have been appointed as lead or co-lead counsel in many contested class actions and have recovered substantial monies for their clients and the class members.

    2. <u>FRCP 23(b)(3) requirements are met</u>

        a. Common Issues Predominate

49. Generally speaking, "[c]lass-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *In re Bally Total Fitness of Greater N.Y., Inc.*, 411 B.R. 142, 146 (S.D.N.Y. 2009). "[T]he predominance requirement is met if the plaintiff can establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Brown v. Kelly*, 609 F.3d 467, 483 (2d Cir. 2010).

50. Just as in *Musicland*, where the common issue was whether "a former in-store manager [was] entitled to overtime pay and other benefits under California law," the Cohen Class Plaintiffs have several common issues of fact or law common to each class, each of which

16

predominate over any questions affecting individual members of each class. *See In re Musicland Holding Corp.*, 362 B.R. 644, 653 (Bankr. S.D.N.Y. 2007).

51. Here, as noted above, class-wide issues predominate. For instance, no individual fact finding will be necessary to determine whether Blockbuster's full retail prices and late fees always constituted penalties for every class member. A customer-specific question such as whether a customer's video was due back on Tuesday or Thursday is not an issue that predominates over the common issues of fact and law laid out above and thus does not preclude this court from being able to certify the proposed classes.

        b.      Class Action is a Superior Method

52. The reasons supporting the Court exercising its discretion to apply FRCP 23 to the Class Claim also support the fact that a class action is a superior method.

53. A class action in a bankruptcy proceeding is a superior method where notice of the bar date is inadequate. *See In re Jamesway Corp.*, Nos. 95 B 44821(JLG), 96/8389A, 1997 WL 327105, at *5 (Bankr. S.D.N.Y. June 12, 1997). As discussed herein, the individual members of the putative classes are known creditors but did not receive actual notice of the Bar Date.

54. In addition, where a class has been certified by another court, class members may have become accustomed to proceeding through their class representatives and may be relying on them to assert their interests against the debtor. *See In re Musicland Holding Corp.*, 362 B.R. 644, 656 (Bankr. S.D.N.Y. 2007); *In re Livaditis*, 122 B.R. 330, 339-40 (Bankr. N.D. Ill. 1990). Here, the Class Representatives have asserted the classes' interests against Blockbuster for more than ten years. Despite the *Scott* settlement and the subsequent decertification of the classes, many class members might reasonably believe their interests are still being represented by the

Class Representatives, particularly in light of the new motion for certification which was pending in Illinois state court on the Petition Date.

55. Finally, given their shared legal and factual foundation, the class action mechanism is a superior method for resolving these claims. Rather than resolving numerous repetitive individual proofs of claim, the class action method allows the bankruptcy court to evaluate and resolve only the Class Claim, bringing efficiency and uniformity to the process.

### Notice

56. Notice of this Motion is being served in accordance with the Order Implementing Certain Notice and Case Management Procedures, dated October 21, 2010, and entered on the docket in the above-captioned case.

WHEREFORE, the Cohen Class Plaintiffs respectfully request that this Court (i) apply FRCP 23 to the Class Claim, (ii) certify the proposed classes and (iii) grant such other and further relief as is just and proper.

Dated: December 21, 2010
      New York, New York

      JENNER & BLOCK LLP

      By: /s/ Heather D. McArn
          Heather D. McArn

      919 Third Avenue, 37th Floor
      New York, New York 10022
      Telephone: (212) 891-1600
      Facsimile: (212) 891-1699
      *Counsel for Cohen Class Plaintiffs*