UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

        BLOCKBUSTER INC., *et al.*,

                                 Debtors.

------------------------------------------------------------------X

FOR PUBLICATION

Chapter 11

Case No. 10-14997 (BRL)

(Jointly Administered)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone:    (212) 891-1600
Facsimile:    (212) 891-1699
<u>By</u>:    Heather D. McArn

*Attorneys for Marc Cohen, Marc Perper and Uwe Stueckrad, on behalf of themselves, all others similarly situated and the general public, plaintiffs and putative class members in the action titled Cohen, et al. v. Blockbuster Entertainment Inc., Circuit Court of Cook County Illinois, Chancery Court Case No. 99-CH-2561 (consolidated)*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007
<u>By</u>:    Stephen Karotkin
           Martin A. Sosland

*Attorneys for Debtors and Debtors in Possession*

Before: Hon. Burton R. Lifland
           United States Bankruptcy Judge

### <u>BENCH MEMORANDUM AND DECISION DENYING MOTION FOR ORDER ALLOWING CLASS PROOF OF CLAIM AND CERTIFYING THE PROPOSED CLASSES</u>

Before the Court is the motion (the "Motion") of certain self-described "class representatives," Marc Cohen, Marc Perper and Uwe Stueckrad (the "Movants"), on behalf of themselves, plaintiffs and putative class members in the action titled *Cohen, et al v. Blockbuster*

1

*Entertainment Inc.*, Case No. 99-CH-2561, Circuit Court of Cook County Illinois, Chancery Court (the "State Court Action"), all others similarly situated, and the general public, for an order applying Federal Rule of Civil Procedure 23 ("Rule 23") to their proof of claim and certifying their proposed classes.

For the reasons set forth below and at oral argument, the Motion is DENIED.

## BACKGROUND

The instant Motion seeks what is essentially the same relief previously sought and denied in the Movants' State Court Action over the course of their unsuccessful eleven-year litigation attempts. The Movants have alleged in the State Court Action and in the instant Motion that they are part of two certifiable classes of customers of the Debtors' who were unlawfully charged penalties when they breached oral rental agreements by retaining rented videos beyond their return due dates or failing to return the video inventory at all.  On March 14, 2008, the Circuit Court of Cook County Illinois, Chancery Court (the "Illinois Court") rendered a decision in the State Court Action decertifying the Movants' classes.  *See* Memorandum Opinion and Order, *Cohen, et al. v. Blockbuster Entertainment Inc.*, Case No. 99-CH-2561(Mar. 14, 2008) [hereinafter *Decertification Decision*], (Dkt. No. 829, Ex. A).  On March 30, 2010, two years after the decertification, the Movants filed an identical request before the Illinois Court, which was pending as of the commencement of the Debtors' chapter 11 cases.

The Movants filed their proposed class claim as a general unsecured claim of "at least $2,000,000" (Claim No. 1754).  They additionally filed individual proofs of claim in the amounts of "at least $150.00," "at least $340.00," and "at least $5.00" (Claim Nos. 1753, 1755, and 1756, respectively).  The Debtors' schedules list the Movants' claims as contingent, unliquidated, disputed and of an undetermined amount.

2

Objections to the Motion were filed by the Debtors and the Creditors' Committee, who assert that the Movants have failed to meet the requirements for certification.

## DISCUSSION

While a bankruptcy court may, in its discretion, allow the filing of class proofs of claim, "class certification is often less desirable in bankruptcy than in ordinary civil litigation," as class-based claims have the potential to adversely affect the administration of a case by "adding layers of procedural and factual complexity . . . siphoning the Debtors' resources and interfering with the orderly progression of the reorganization." *In re Bally Total Fitness of Greater New York, Inc. (In re Bally)*, 402 B.R. 616, 620–21 (Bankr. S.D.N.Y. 2009); *see also In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005). Therefore, in determining whether to permit the filing of a class claim, bankruptcy courts must determine not only that (1) the class claimant has moved to extend application of Rule 23, and (2) that the claims sought to be certified fulfill the requirements of Rule 23, but also (3) that the benefits to be gained from the use of a class claim device are consistent with goals of bankruptcy. *In re Musicland Holding Corp., et al.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007); *see also Bally*, 402 B.R. at 620.

This Court need not delve into the factual and legal complexities of the various class members' claims against the Debtors, as it has already been determined by a court of competent jurisdiction that the same proposed classes failed to satisfy certain requirements of Rule 23. Rule 23 requires that (1) the class is so numerous that joinder is impracticable, (2) questions of law or fact are common to the class, (3) the representatives' claims or defenses are typical of those of the class, and (4) the representatives will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23; FED. R. BANKR. P. 7023. Additionally, Rule 23(b) provides that a class action

is maintainable only if, *inter alia*, common questions of law or fact predominate over questions affecting only individual members.

In a 20-page decision applying certification requirements modeled after Rule 23, the Illinois Court unambiguously determined that the Movants were "unable to show that there are questions of fact or law common to the class that predominate over questions affecting only individual members." *Decertification Decision* at p. 20. The Illinois Court overruled the precise argument presented in the Motion—that the commonality requirement was satisfied because the oral contracts between the customers and Blockbuster "are predetermined and are not subject to varying interpretations." *Id.* at 15. To the contrary, the Illinois Court observed, and this Court agrees, that "the interactions between a Blockbuster employee and customer renting a video are never exactly the same," as "it is impossible to believe that every single class member left the store with an understanding of the exact same contractual terms" of their oral agreements. *Id.* at p. 14. The resolution of the claims therefore "depends on whether each individual plaintiff was in breach of an oral contract," requiring the court to "consider the terms of the thousands, if not millions, of oral contracts" and "individually assess the circumstances surrounding each class member's payment of extended viewing or unreturned video fees." *Id.* at pp. 15–16. Consistent with these findings, the Movants have failed to meet at least the commonality requirements under Rule 23(a) and (b), disqualifying their classes for certification.

Moveover, the Movants have not persuaded the Court that the class action would be "superior to other available methods for fairly and efficiently adjudicating" their claims, as is also required by Rule 23(b).  FED. R. CIV. P. 23(b)(3); FED. R. BANKR. P. 7023.  Courts agree that in the absence of "superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of

4

claim without counsel and at virtually no cost. In efficiency, bankruptcy is superior to a class action because in practice small claims are often 'deemed allowed' under § 502(a) for want of objection, in which case discovery and fact-finding are avoided altogether." *Ephedra*, 329 B.R. at 9; *see also Bally*, 402 B.R. at 621–22 ("Though class treatment may be beneficial with other civil actions in consolidating the adjudication of common issues, this advantage disappears in the context of a bankruptcy."). Here, potential class members had the opportunity to, and the Movants indeed did, file individual proofs of claim in the bankruptcy proceeding to be efficiently administered in accordance with the Bankruptcy Code.

While these determinations alone warrant denial of the motion, the Court finds that certification is otherwise inconsistent with the goals of the reorganization. Courts have held that class claims are consistent with the goals of bankruptcy where the class has been certified prepetition by a non-bankruptcy court, and the class members were not given actual or constructive notice of the bankruptcy case and bar date. *See Bally*, 402 B.R. at 620; *Bailey v. Jamesway Corp.* (*In re Jamesway Corp.*), No. 95-B-44821-JLG, 1997 WL 327105, at *5 (Bankr. S.D.N.Y. June 12, 1997). Neither of these requirements is satisfied here. The proposed classes have been affirmatively *decertified* prepetition by the non-bankruptcy Illinois Court. In addition, the Debtors provided adequate notice to members of the putative class by publishing notice of the chapter 11 cases, 341 meeting, and bar date in *The Dallas Morning News*, *The New York Times*, and *The Wall Street Journal*, and alerting the Movants, as putative class representatives, as well as their counsel, of each of these events by actual service, which has not been controverted. Finally, certification would severely undercut the efficiency of the Debtors' reorganization by adding the "layers of procedural and factual complexity" presented by the

5

potential millions of oral contracts in dispute. *Bally*, 402 B.R. at 620–21; *Decertification Decision* at p. 15.

## CONCLUSION

Accordingly, consistent with the findings of the Illinois Court, as the requirements of Rule 23 have not been met, and the benefits to be gained from the use of a class claim device are inconsistent with goals of the bankruptcy, the Court finds allowance of the Movants' proposed class claim to be inappropriate under the circumstances, and the Motion is hereby DENIED.

**IT IS SO ORDERED**.

Dated:  New York, New York              /s/ Burton R. Lifland
       January 20, 2011                     United States Bankruptcy Judge