Stephen Karotkin
Martin A. Sosland (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                                              :
In re                                                         :        **Chapter 11**
                                                              :
**BLOCKBUSTER INC., *et al.*,**[1]                            :        **Case No. 10-14997 (BRL)**
                                                              :
                                                              :        **(Jointly Administered)**
                  Debtors.                                    :
--------------------------------------------------------------x

**NOTICE OF PRESENTMENT**
**OF DEBTORS' APPLICATION**
**TO EMPLOY AND RETAIN K&L GATES AS**
**SPECIAL INTELLECTUAL PROPERTY COUNSEL TO**
**THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 330 OF THE**
**BANKRUPTCY CODE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

**PLEASE TAKE NOTICE** that upon the annexed application of Blockbuster Inc.

and its debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the

"***Debtors***") filed on January 28, 2011, the undersigned will present the attached proposed order

(the "***Proposed Order***"), to the Honorable Burton R. Lifland, United States Bankruptcy Judge for

the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy***

---

[1]     The Debtors, together with the last four digits of each Debtor's federal tax identification number, are
        Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc.
        (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global
        Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC
        (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC
        (5575); Trading Zone Inc. (8588); and $B^2$ LLC (5219).

*Court*") at One Bowling Green, New York, New York 10004, Courtroom 623 ("***Chambers***") for

signature on **February 4, 2011 at 12:00 p.m. (Eastern Time).**

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief

requested in the Proposed Order must (a) comply with the Federal Rules of Bankruptcy

Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of

New York, and the *Order Pursuant to 11 U.S.C. § 105(a) of the Bankruptcy Code and Fed. R.*

*Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*,

dated October 20, 2010 [Docket No. 365], (b) set forth in writing the basis therefore, and

(c) must be filed with the Bankruptcy Court electronically in accordance with the *Bankruptcy*

*Court's General Order on Electronic Means for Filing, Signing and Verification of Documents,*

*M-399*, dated May 17, 2010 ("***General Order M-399***"), by registered users of the Bankruptcy

Court's electronic case filing system and, by all other parties in interest, on a 3½ inch disk,

compact disc, or USB flash drive, preferably in Portable Document Format (PDF), WordPerfect

or any other Windows-based word processing format (with a hard copy delivered directly to

Chambers and served in accordance with General Order M-399 or by first-class mail upon each

of the following:  (i) Chambers; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP

(Attn:  Stephen Karotkin, Esq. and Martin A. Sosland, Esq.); (iii) the Office of the United States

Trustee for Region 2 (Attn:  Brian Masumoto, Esq. and Elisabetta Gasparini, Esq.); (iv) Cooley

LLP, as attorneys for the Official Committee of Unsecured Creditors (Attn:  Jay Indyke, Esq.,

Richard Kanowitz, Esq. and Jeffrey Cohen, Esq.); (v) the attorneys for U.S. Bank National

Association, as trustee under that certain indenture agreement, dated as of October 1, 2009, with

respect to the 11.75% Senior Secured Notes due 2014 issued by Blockbuster Inc.; (vi) the

attorneys for The Bank of New York Trust Company, N.A., as trustee under that certain

indenture agreement, dated as of August 20, 2004, with respect to the 9% Senior Subordinated Notes due 2012 issued by Blockbuster Inc.; (vii) the attorneys for the lenders under the Debtors' postpetition financing facility (the "*DIP Facility*"); and (viii) the attorneys for Wilmington Trust FSB as Agent under the DIP Facility (collectively the "*Notice Parties*") so as to be filed and received by no later than **11:30 a.m. (Eastern Time) on February 4, 2011.**  Unless objections are received by that time, the order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **February 24, 2011, at 10:00 a.m. (Eastern Time)** at the Bankruptcy Court.  If an objection is filed and the moving and objecting parties are required to attend the hearing, a failure to appear may result in relief being granted or denied upon default.

Dated: January 28, 2011
     New York, New York

             /s/ Martin A. Sosland
             Stephen Karotkin
             WEIL, GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York 10153
             Telephone:  (212) 310-8000
             Facsimile:  (212) 310-8007

                 and

             Martin A. Sosland (*admitted pro hac vice*)
             WEIL, GOTSHAL & MANGES LLP
             200 Crescent Court, Suite 300
             Dallas, Texas  75201
             Telephone:  (214) 746-7700
             Facsimile:  (214) 746-7777

             Attorneys for Debtors and Debtors in Possession

Stephen Karotkin
Martin A. Sosland (*admitted  pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                                  :          **Chapter 11**
:
**BLOCKBUSTER INC., *et al.*,**[1]                       :          **Case No. 10-14997 (BRL)**
:
:          **(Jointly Administered)**
                                        **Debtors.**       :
---------------------------------------------------------------x

## DEBTORS' APPLICATION
## TO EMPLOY AND RETAIN K&L GATES LLP
## AS SPECIAL INTELLECTUAL PROPERTY COUNSEL
## TO THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 330 OF THE
## BANKRUPTCY CODE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE BURTON R. LIFLAND:

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B$^2$ LLC (5219).  Information regarding Blockbuster's business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the *Affidavit of Jeffery J. Stegenga Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions* [Docket No. 3], filed on September 23, 2010 (the "***Commencement Date***"), the date the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***").  The Debtors are authorized to continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").  Further, on October 1, 2010, the United States Trustee for Region 2 (the "***U.S. Trustee***") appointed a statutory committee of unsecured creditors (the "***Creditors' Committee***").

UNITED STATES BANKRUPTCY JUDGE:

Blockbuster, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), submit this application (the "***Application***") and respectfully represent as follows:

## I.

### JURISDICTION

1.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

### RELIEF REQUESTED

2.     Pursuant to sections 327(e) and 330 of the Bankruptcy Code, the Debtors seek to employ and retain K&L Gates LLP ("***K&L Gates***") as special intellectual property counsel in connection with various technology and internet matters (as described in more detail below), *nunc pro tunc* to the Commencement Date.  The Affidavit of Chad W. King, a partner of K&L Gates, annexed hereto as ***Exhibit "A"*** (the "***King Affidavit***") is offered in support of this application.  The retention of K&L Gates shall be based on the terms and conditions under which K&L Gates has traditionally represented the Debtors and as represented in the King Affidavit.  A proposed order is attached hereto as ***Exhibit "B"***.

## III.

### BASIS FOR RELIEF

3.     The services of K&L Gates are necessary to enable the Debtors to negotiate various technology and internet agreements with the mobile phone and consumer

electronics companies that service the Debtors' online video services and related devices.  K&L

Gates also negotiates the Debtors' outsourcing agreements for Blockbuster's video encoding and

distribution needs.  Additionally, K&L Gates has served as the Debtors' outside counsel with

respect to the creation of various partnerships with counterparties, such as Comcast and NCR,

that promote the Debtors' DVD by-mail services, kiosk services, and other internet-based

services for their customers (collectively, the "**IP Matters**").  Since K&L Gates has historically

served as the Debtors' outside counsel for these various IP Matters,  K&L Gates' continued

representation of the Debtors with respect to the IP Matters is important to avoid duplicating

services and incurring additional fees regarding the same with another law firm.  Additionally,

the services performed by K&L Gates are not duplicative of those performed by other

professionals retained in the Debtors' chapter 11 cases.  Furthermore, engaging K&L Gates in

connection with the IP Matters will enable the Debtors to continue their negotiations with

various counterparties with respect to valuable service contracts that bring value to the Debtors'

estates and are necessary to maintain operation of the Debtors' on-line services.  K&L Gates has

stated its desire and willingness to act in these cases and render the necessary professional

services as special counsel to the Debtors for the IP Matters.  K&L Gates is well qualified to

serve as special counsel, and the Debtors know of no reason why K&L Gates should not be

retained.

       4.       K&L Gates' representation of the Debtors as special intellectual property

counsel for the purposes delineated above is in accordance with section 327(e) of the Bankruptcy

Code.  Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or

> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  In contrast to the requirement under Bankruptcy Code Section 327(a),

special counsel under section 327(e) is not required to be disinterested persons.  In fact, "where

the [debtor] seeks to appoint counsel only as 'special counsel' for a specific matter, there need

only be no conflict between the trustee and counsel's creditor client with respect to the specific

matter itself."  11 U.S.C. § 327(e).  *See In re AroChem Corp.*, 176 F.3d. 610, 622 (2d Cir. 1999)

(emphasizing that, under section 327(e), potential conflicts must be evaluated only with respect

to the scope of the proposed retention).

## IV.

## K&L GATES' DISINTERESTEDNESS

5.        As set forth in the King Affidavit, K&L Gates researched its client

databases to determine whether it had any connection with the entities listed on the Debtors'

retention checklist (collectively, the "***Interested Parties***"). A list of Interested Parties is annexed

to the King Affidavit as ***Exhibit "1"***.  To the extent that K&L Gates' research disclosed a present

relationship with an Interested Party, such Interested Party is disclosed in the King Affidavit.  All

present relationships with the Interested Parties disclosed are unrelated to the Debtors' chapter

11 cases.  To the best of the Debtors' knowledge, K&L Gates does not hold or represent any

interest adverse to the Debtors' estate and is a "disinterested person" as defined under section

101(14) of the Bankruptcy Code.  The Debtors have been informed that K&L Gates will conduct

an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new

relevant facts or relationships are discovered, K&L Gates will supplement its disclosure to the

Court.

6.      The Debtors have been informed that members of, counsel to, associates of, and paraprofessionals of K&L Gates will be employed in the negotiation of the Debtors' rights and interests with respect to the IP Matters described above.  Such persons are all members in good standing of, among others, the Bar of the State of Texas.

## V.

## PROFESSIONAL SERVICES PERFORMED

7.      K&L Gates is an international firm with a broad-based litigation, transactional, intellectual property, and real estate practice.  K&L Gates has a diverse client base, which includes major U.S.-based multinational companies and financial institutions.

8.      Since at least 1999, K&L Gates (by itself and through its predecessor firms, including Hughes & Luce, LLP) has represented the Debtors in pursuing the IP Matters. In connection with the IP Matters, K&L Gates has agreed to perform the following services:

(a)      Represent the Debtors with respect to technology and internet matters;

(b)      Negotiate the Debtors' video distribution and partnership agreements with various mobile phone and consumer electronics companies; and

(c)      Represent the Debtors in any other transactions that may arise with respect to the IP Matters.

## VI.

## PROFESSIONAL COMPENSATION

9.      Subject to Court approval, the Debtors will compensate K&L Gates under an hourly fee structure, which has been the traditional arrangement between the Debtors and K&L Gates.  K&L Gates does not have a written engagement agreement with the Debtors in connection with the technology and internet matters, including the IP Matters, on which K&L Gates has represented the Debtors in the past.  It was the practice of both the Debtors and K&L

Gates to undertake new matters without a written engagement agreement. Under the arrangement traditionally used by the Debtors and K&L Gates, fees are based on K&L Gates' standard hourly rates in effect at the time the services are rendered. The hourly rates for professional services rendered in connection with the IP Matters currently range from $310 for associates up to $560 per hour for partners. K&L Gates invoices the Debtors on a monthly basis for fees and expenses incurred in the preceding month. K&L Gates submits a separate invoice for each matter on which it is representing the Debtors. K&L Gates' invoices are due 30 days after the date of the invoice. With respect to the IP Matters that are the subject of this Application, the Debtors have agreed to pay K&L Gates in accordance with K&L Gates' normal hourly rates and disbursement policies (as adjusted and in effect from time to time) that were in effect on the Commencement Date.

10.    K&L Gates has not shared or agreed to share any of its compensation in connection with these matters with any other non-affiliated person.

11.    The Debtors submit that the foregoing compensation arrangement is reasonable and market-based. The fees and expenses described above are consistent with K&L Gates' normal and customary billing practices for cases of this size and complexity, and which require the scope of services outlined in the King Affidavit. Moreover, the fees charged by K&L Gates are consistent with market rates charged for comparable services by other law firms both in and out of the chapter 11 context.

12.    K&L Gates will seek compensation and reimbursement of expenses, as specified in the King Affidavit, with the payment of such fees and expenses to be approved in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code,

applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the

U.S. Trustee, and such other procedures as may be fixed by order of this Court.

13.      K&L Gates intends to apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with the chapter 11 cases,

subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules of this Court, guidelines established by the U.S.

Trustee, the proposed compensation set forth in the King Affidavit, the *Order Pursuant to 11*

*U.S.C §§ 105(a) and 331 Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses of Professionals*, dated October 21, 2010 [Docket No. 364]

(the "***Interim Compensation Procedures Order***"), and any other applicable procedures and

Orders of the Court (collectively, the "***Compensation Rules***").  In addition to compensation for

professional services rendered to the Debtors and expenses incurred related to those services,

K&L Gates intends to seek compensation for time and expenses incurred in preparing, filing, and

prosecuting any and all required fee applications.

14.      K&L Gates will maintain time records in summary format, which shall set

forth a description of the services rendered by each professional and the amount of time spent on

each date, in one-tenth hour increments.  Information regarding reimbursement of actual and

necessary expenses incurred by K&L Gates also will be maintained.  In addition, K&L Gates

will comply with the final fee application process for services rendered during these chapter 11

cases.

15.      Based on the foregoing, the Debtors submit that the relief requested is

necessary and appropriate, is in the best interests of their estates and creditors, and should be

granted in all respects.

## VII.

## NOTICE

16.      No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application on:  (i) the U.S. Trustee; (ii) the attorneys for the Creditors Committee; (iii) the attorneys for U.S. Bank National Association, as trustee under that certain indenture agreement, dated as of October 1, 2009, with respect to the 11.75% Senior Secured Notes due 2014 issued by Blockbuster Inc.; (iv) the attorneys for The Bank of New York Trust Company, N.A., as trustee under that certain indenture agreement, dated as of August 20, 2004, with respect to the 9% Senior Subordinated Notes due 2012 issued by Blockbuster Inc.; (v) the attorneys for the lenders under the Debtors' postpetition financing facility (the "*DIP Facility*"); and (vi) the attorneys for Wilmington Trust FSB as Agent under the DIP Facility (collectively, the "*Notice Parties*").  The Debtors submit that no other or further notice need be provided.

17.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: January 28, 2011
      New York, New York

Respectfully submitted,

By: _____
     Roderick J. McDonald
     Senior Vice President and General Counsel
     Blockbuster Inc.

**EXHIBIT A**

**King Affidavit**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **BLOCKBUSTER INC.,** *et al.,[1]* | : Case No. 10-14997 (BRL) |
| | : |
| | : (Jointly Administered) |
| **Debtors.** | : |

---------------------------------------------------------------x

### AFFIDAVIT OF CHAD W. KING IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(e) AND FED. R. BANKR. P. 2014 FOR AUTHORIZATION TO EMPLOY AND RETAIN K&L GATES LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF TEXAS          )
                                    )
COUNTY OF DALLAS    )

I, Chad W. King, being duly sworn, depose and say:

1.      I am a partner of K&L Gates LLP ("K&L Gates" or the "Firm"), located at 1717 Main Street, Suite 2800, Dallas, Texas  75201.

2.      I am authorized to submit this affidavit on behalf of K&L Gates in support of the Application (the "Application")[2] of Blockbuster Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, "Blockbuster" or the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United State Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ and

---

[1]  The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc. (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B2 LLC (5219).

[2]  Any capitalized term not defined herein shall have the meaning given to it in the Application.

retain K&L Gates as special counsel for the Debtors with respect to technology and Internet matters, *nunc pro tunc* to September 23, 2010 (the "Petition Date"). The Debtors propose to retain K&L Gates to provide legal services in connection with technology and Internet matters and any other matters as may be requested by Blockbuster from time to time (the "Representative Matters"). Unless otherwise stated, the statements set forth herein are based on my personal knowledge, upon information and belief, and upon client records kept in the ordinary course of business that were reviewed by me or personnel of K&L Gates.

3.      K&L Gates is an international firm with offices in the United States, Europe and Asia. Since at least 1999, K&L Gates (in both its current form and as Hughes & Luce, LLP, a predecessor-in-interest) has undertaken substantial work for Blockbuster in relation to its technology and Internet matters and, as a result, the Firm has become intimately familiar with this aspect of the Debtors' business. Since 1999, K&L Gates has assisted the Debtors with licensing and outsourcing agreements related to the Debtors' operations and information systems. Since 2004, K&L Gates has assisted the Debtors with licensing and Internet deals and issues associated with the Debtors' DVD-by-mail service and offerings. Since 2008, K&L Gates has been involved in negotiations with NCR regarding the Blockbuster Express DVD vending machines, an has been involved with many agreements with mobile phone and consumer electronics companies to carry the Blockbuster online video service on their devices. K&L Gates also handled, and is currently handling, negotiations to outsource Debtor's backend video encoding and distribution capabilities. K&L Gates has also assisted the Debtors in developing partnerships with Comcast and other companies to provide DVD-by-mail services to their customers.

-2-

4.      Except for some very limited work performed by other partners and associates of the Firm, I am the principal attorney working on these matters, and I am directly responsible for virtually all of the work performed by the Firm for Blockbuster.

5.      I am a member in good standing of the State Bar of Texas.   Other partners, counsel and associates of K&L Gates are members in good standing of various state and national bars throughout the United States, Europe and Asia.

### Services to Be Provided

6.      In connection with these chapter 11 cases, the Debtors have requested authorization to retain K&L Gates as special counsel to provide legal representation regarding technology and Internet matters.

7.      K&L Gates' proposed engagement by the Debtors will not be for the purpose of representing the Debtors in their chapter 11 cases.   Rather, K&L Gates' engagement will be for a special purpose, pursuant to section 327(e) of the Bankruptcy Code – namely, representing the Debtors in connection with the Representative Matters.   I understand that as a professional being retained under section 327(e) of the Bankruptcy Code, K&L Gates must be disinterested as to the Debtors only with respect to the Representative Matters.

### K&L Gates Holds No Interest Adverse to the Debtors or the Debtors' Estates With Respect to the Representative Matters

8.      To the best of my knowledge, and after due inquiry, K&L Gates and its partners, counsel, and associates that are anticipated to provide services to the Debtors do not hold or represent any interest adverse to the Debtors and their estates with respect to the Representative Matters.

9.      Based on a schedule prepared from information provided by the Debtors, K&L Gates undertook a search of its client database to determine, and to disclose, whether it is or has

- 3 -

been employed by or has other relationships with the Interested Parties. Given the scope of the list of the Interested Parties, and the limited scope of K&L Gates' proposed engagement under section 327(e) of the Bankruptcy Code, K&L Gates focused its search to look for instances where Interested Parties are clients of the Firm, or affiliates of clients of the Firm.

10.    Although K&L Gates represents the Interested Parties in matters unrelated to the Representative Matters, K&L Gates and its partners, counsel, and associates that are anticipated to provide services to the Debtors have no connections with the Interested Parties in these chapter 11 cases that would disqualify K&L Gates from serving as special counsel to the Debtors with respect to the Representative Matters.

11.    K&L Gates represents The Bedrin Organization in a matter adverse to Blockbuster in connection with a lease amendment to a Blockbuster store in Greensboro, North Carolina. Blockbuster was previously informed of K&L Gates' proposed representation of The Bedrin Organization, waived any conflicts of interest, and consented to such representation. This matter is unrelated to the Representative Matters.

12.    A number of different parties are adverse to Blockbuster in the Representative Matters (the "Counterparties"). From time to time, K&L Gates represents certain of the Counterparties in matters unrelated to the Representative Matters. The Counterparties that K&L Gates currently represents in matters unrelated to the Representative Matters are listed on **Exhibit 1.**

13.    From time to time, K&L Gates represents certain of the Interested Parties in matters unrelated to the Representative Matters. The Interested Parties that the search results revealed are or may be clients of K&L Gates in matters unrelated to the Representative Matters are listed on **Exhibit 2.** Some of the Interested Parties listed on Exhibit 2 are individuals. Given

the scope of the list of the Interested Parties, including the individuals that are Interested Parties, and the limited scope of K&L Gates' proposed engagement under section 327(e) of the Bankruptcy Code, K&L Gates focused on its search to look for instances where Interested Parties who are individuals are *or may be* clients of the Firm, or affiliates of clients of the Firm. The fact that an individual is listed on Exhibit 2 does not necessarily mean that K&L Gates represents the individual that is an Interested Party. It may just be that K&L Gates represents a person with the same name as an individual that is an Interested Party.

14.     The search results indicate that neither K&L Gates, nor any partner, counsel, or associates of the Firm, holds or represents any interest adverse to the Debtors or their estates with respect to the Representative Matters. In addition, to the best of my knowledge, K&L Gates will not be advising any client or any affiliate of a client in connection with or with respect to these chapter 11 cases.

15.     As part of its search, K&L Gates determined that it has no connection with the U.S. Trustee for Region 2 or anyone employed by the U.S. Trustee's office for Region 2.

16.     K&L Gates will be conducting an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, K&L Gates will supplement its disclosure to the Court.

## Professional Compensation

17.     K&L Gates intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to the Court's approval and in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee (the "Guidelines"), and any of this Court's applicable orders (the "Court Orders"), including but not

- 5 -

limited to the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim
Compensation and Reimbursement of Expenses of Professionals [Docket No. 364]. K&L Gates
intends to seek compensation for professional services rendered to the Debtors, expenses
incurred related to those services, and time and expenses incurred in preparing, filing, and
prosecuting any and all required fee applications.

18.     Subject to Court approval, K&L Gates will seek compensation in accordance with
prior compensation and billing arrangements between the Debtors and K&L Gates that were in
effect as of the Commencement Date.   K&L Gates does not have a written engagement
agreement with the Debtors in connection with the technology and internet matters, including the
Representative Matters, on which K&L Gates has represented the Debtors.  It was the practice of
both the Debtors and K&L Gates to undertake new matters without a written engagement letter.
Under this arrangement, fees are based on K&L Gates' standard hourly rates in effect at the time
the services are rendered.  K&L Gates invoices the Debtors on a monthly basis for fees and
expenses incurred in the preceding month.  K&L Gates submits a separate invoice for each
matter on which it is representing the Debtors.  The Firm's invoices are due 30 days after the
date of the invoice.  Prior to the Petition Date, the Debtors regularly paid the Firm's invoices in
full and on time.

19.     The proposed rates of compensation are the customary hourly rates in effect when
services were performed by the attorneys, legal assistants and staff who provide services to
Blockbuster.  The current hourly rates are set forth in the Application and are subject to periodic
adjustment, which adjustments will be subject to Court approval. The amounts K&L Gates may
charge Blockbuster for expenses incurred, including telephone and facsimile charges,
photocopying charges, computerized research, postage, travel expenses, and non-ordinary course

- 6 -

overhead expenses, *i.e.*, secretarial overtime, are consistent with charges billed to other similar clients.

20.     As stated above, the majority of the work on behalf of the Debtors will be performed by me, with infrequent assistance from other partners, associates and paraprofessionals of the Firm.

21.     No promises have been received or made by K&L Gates as to payment or compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and Court Orders. K&L Gates has not agreed with any other entity to share any compensation it receives in the Debtors' cases.

22.     If it is brought to my attention that any information disclosed herein requires amendment or modification upon K&L Gates' completion of further review or as additional information regarding Interested Parties becomes available to it, I intend to file supplemental affidavits with the Court reflecting such additional, amended, or modified information.

I declare under penalty of perjury that, to the best of my knowledge, and after reasonable inquiry, the foregoing is true and correct.

_____
Chad W. King

Sworn and subscribed before me on this **27** day of January, 2011.

_____
Notary Public, State of Texas
My Commission Expires: **7/21/2014**

RUTH A. CLARK
Notary Public
State of Texas
My Comm. Expires 07-21-2014

- 7 -

# EXHIBIT 1

## <u>Adverse Parties in Open Blockbuster Matters for which the Firm also has Client Representations in Unrelated Matters</u>

Best Buy Co., Inc.

Widevine Technologies, Inc.

Yamaha Corporation

Verizon Communications, Inc.

Realnetworks, Inc.

Sprint Nextel Corporation

Nokia, Inc.

AT&T Mobility

# EXHIBIT 2

# **Existing Client Representations**

### **Current Officers**

> 1.  James W. Keyes*

### **Former Officers**

> 1.  Steve Shelton*

### **Potential Officers**

> 1.  Bruce Anderson*

### **Directors (Current and Former)**

> 1.  Carl Icahn*

### **Senior Secured Bondholders [11.75% Senior Secured Notes due October 1, 2014]**

1.  Bank Of America
2.  Citigroup
3.  Credit Suisse
4.  Goldman, Sachs
5.  Icahn Partners
6.  JPMorgan Chase
7.  Macquarie Bank Limited
8.  Magnetar Capital LLC
9.  Morgan Stanley
10. Ore Hill Partners LLC
11. Stonehill Capital Management LLC
12. Varde Partners, Inc.

### **Consolidated list of Top 50 Largest Unsecured Creditors**

THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE
TWENTIETH CENTURY FOX HOME ENTERTAINMENT
THE WALT DISNEY COMPANY
STARZ MEDIA
AT&T
DEVELOPERS DIVERSIFIED REALTY CORP
COMPUCOM SYSTEMS INC
HUGHES ELECTRONICS CORP
SITEL OPERATING CORP

IFC (RAINBOW MEDIA ENTERPRISES)
VIACOM
REGENCY CENTERS LP
ACXIOM CORPORATION
TALEO CORPORATION
MOELIS & COMPANY LLC
BROADRIDGE INVESTOR COMMUNICATION SOLUTIONS INC.

* NOTE: Given the scope of the list of the Interested Parties, including the individuals
that are Interested Parties, and the limited scope of K&L Gates' proposed engagement
under section 327(e) of the Bankruptcy Code, K&L Gates focused on its search to look
for instances where Interested Parties who are individuals are *or may be* clients of the
Firm, or affiliates of clients of the Firm. The fact that an individual is listed on this
exhibit does not necessarily mean that K&L Gates represents the individual that is an
Interested Party. It may just be that K&L Gates represents a person with the same name
as an individual that is an Interested Party.

**EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                          :

In re                             :                 **Chapter 11**
                                                            :

**BLOCKBUSTER INC.,** *et al.,*[1]       :                 **Case No. 10-14997 (BRL)**
                                                            :

                                                            :                 **(Jointly Administered)**

                   **Debtors.**          :
-------------------------------------------------------------x

**ORDER AUTHORIZING**
**DEBTORS' APPLICATION TO EMPLOY**
**AND RETAIN K&L GATES LLP AS SPECIAL COUNSEL TO**
**THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 330 OF THE**
**BANKRUPTCY CODE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Upon the Application, dated January 28, 2011 (the "***Application***"),[2] of

Blockbuster Inc., and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, "***Blockbuster***" or the "***Debtors***"), pursuant to sections

327(e) and 330 of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), for

authority to retain and employ K&L Gates LLP ("***K&L Gates***") as special intellectual property

counsel, *nunc pro tunc* to September 23, 2010 (the "***Commencement Date***"), all as more fully set

forth in the Application; and upon consideration of the Affidavit of Chad W. King, a partner of

K&L Gates, filed in support of the Application (the "***King Affidavit***"); and the Court being

satisfied, based on the representations made in the Application and the King Affidavit, that K&L

Gates represents or holds no interest adverse to the Debtors or their estates and is disinterested

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B[2] LLC (5219).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

under section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy

Code; and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided to the Notice Parties; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Application is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, IT IS HEREBY ORDERED THAT:

      1.      The Application is granted to the extent provided herein.

      2.      Pursuant to sections 327(e) and 330 of the Bankruptcy Code, the Debtors

are authorized to employ and retain K&L Gates as its special counsel, effective *nunc pro tunc* to

Commencement Date, all as contemplated by the Application.

      3.      K&L Gates is authorized to perform the services set forth in the

Application.

      4.      K&L Gates shall apply for compensation and reimbursement in

accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code,

applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern

District of New York, the guidelines established by the U.S. Trustee, the *Order Pursuant to*

*11 U.S.C. §§ 105(a) and 331 Establishing Procedures for interim Compensation and Reimbursement of Expenses of Professionals*, dated October 21, 2010 [Docket No. 364], and such other procedures as may be fixed by order of this Court.

        5.      The Debtors and K&L Gates are authorized to take all actions necessary to effectuate the relief granted in this Order.

        6.      Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application.

        7.      This Order shall be immediately effective and enforceable upon entry.

        8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2011
      New York, New York

                                     _____
                                     THE HONORABLE BURTON R. LIFLAND
                                     UNITED STATES BANKRUPTCY JUDGE