COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000
Jay R. Indyke
Cathy R. Hershcopf
Richard S. Kanowitz

Counsel for the Official Committee
of Unsecured Creditors

<u>Hearing Date</u>:  TBD
<u>Objection Deadline</u>: TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11**
                                          :
**BLOCKBUSTER INC.,** *et al.,*           :        **Case No. 10-14997 (BRL)**
                                          :
                        **Debtors.**      :        **(Jointly Administered)**
                                          :
----------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF COOLEY LLP, COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

Name of Applicant:                        <u>Cooley LLP</u>

Authorized to Provide                     <u>The Official Committee of Unsecured</u>
Professional Services to:                 <u>Creditors</u>

Date of Retention:                        <u>November 23, 2010, *nunc pro tunc*</u>
                                          <u>to October 1, 2010</u>

Period for which compensation
and reimbursement is sought:              <u>October 1, 2010 through January 31, 2010</u>

Amount of Compensation sought
as actual, reasonable and necessary:      <u>$1,844,496.50</u>

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:      <u>$30,834.37</u>

This is Cooley LLP's first interim fee application in these cases.

| Period Covered | Fees Requested | Fees Paid or To Be Paid (80%) | Holdback (20%) | Expenses Requested | Expenses Paid or To Be Paid (100%) |
|---|---|---|---|---|---|
| October 1, 2010 through October 31, 2010 | $564,185.00 | $451,348.00 | $112,837.00 | $7,162.93 | $7,162.93 |
| November 1, 2010 through November 30, 2010 | $290,633.50 | $232,506.80 | $58,126.70 | $4,714.35 | $4,714.35 |
| December 1, 2010 through December 31, 2010 | $391,377.50 | $313,102.00 | $78,275.50 | $11,945.71 | $11,945.71 |
| January 1, 2011 through January 31, 2011 | $598,300.50 | $478,640.40 | $119,660.10 | $7,011.38 | $7,011.38 |
| **TOTAL** | **$1,844,496.50** | **$1,475,597.20** | **$368,899.30** | **$30,834.37** | **$30,834.37** |

1698606 v3/NY

## SUMMARY OF SERVICES BY PROFESSIONAL

| Name of Professional Person | Position of the Applicant and Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jay R. Indyke | Partner; Member of New York Bar since 1982 | $810 | 191.4 | $155,034.00 |
| | | $850 | 63.4 | $53,890.00 |
| Ronald R. Sussman | Partner; Member of New York Bar since 1979 | $785 | 70.1 | $55,028.50 |
| | | $825 | 112.6 | 92,895.00 |
| Lawrence C. Gottlieb | Partner; Member of New York Bar since 1974 | $910 | .5 | 455.00 |
| | | $955 | 1.2 | 1,146.00 |
| Steven K. Weinberg | Partner; Member of New York Bar since 1972 | $810 | 2.8 | 2,268.00 |
| Cathy R. Hershcopf | Partner; Member of New York Bar since 1989 | $730 | 122.8 | 89,644.00 |
| | | $765 | 71.5 | 54,697.50 |
| Richard S. Kanowitz | Partner; Member of New York Bar since 1993 | $730 | 302.8 | 221,044.00 |
| | | $765 | 95.2 | 72,828 |
| Jeffrey L. Cohen | Partner; Member of New York Bar since 2000 | $595 | 218 | $129,710.00 |
| | | $630 | 105.3 | 66,339.00 |
| Seth Van Aalten | Associate; Member of New York Bar since 2004 | $565 | 453.6 | 256,284.00 |
| | | $600 | 189 | 113,400.00 |
| Michael A. Klein | Associate; Member of New York Bar since 2005 | $550 | 4.8 | 2,640.00 |
| | | $595 | 5.5 | 3,272.50 |
| Richelle Kalnit | Associate; Member of New York Bar since 2006 | $500 | 4 | $2,000.00 |
| | | $580 | 7.3 | $4,234.00 |
| Lesley Kroupa | Associate; Member of New York Bar since 2007 | $450 | 177.8 | $80,010.00 |
| | | $525 | 122.4 | 64,260.00 |
| Alex Velinsky | Associate; Member of New York Bar 2010 | $305 | 35.6 | $10,858.00 |
| | | $375 | 55.4 | 20,775.00 |
| Robert B. Winning | Associate; Admission Pending | $305 | 260.4 | 79,422.00 |
| | | $320 | 108.2 | 34,624.00 |
| Eric Haber | Special Counsel; Member of New York Bar since 1984 | $660 | 22.8 | 15,048.00 |
| Brent Weisenberg | Associate; Member of New York Bar since 2002 | $575 | 15.9 | 9,142.50 |
| | | $600 | 12.8 | 7,680.00 |
| William L. Castleberry | Partner; Member of New York Bar since 1978 | $945 | 3.6 | 3,402.00 |
| Jennifer B. Coplan | Partner; Member of New York Bar since 1994 | $720 | 5.4 | 3,888.00 |
| Jason M. Koral | Partner; Member of New York Bar since 1998 | $590 | 42.9 | 25,311.00 |
| Nicholas Smithberg | Special Counsel; Member of New York Bar since 1995 | $600 | 69.5 | 41,700.00 |

3

| Name of Professional Person | Position of the Applicant and Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lynn D. Horwitz | Special Counsel; Member of New York Bar since 1995 | $630 | 21.8 | 13,734.00 |
| Andrea C. Bromfeld | Associate; Member of New York Bar since 1996 | $590 | .3 | 177.00 |
| Daniel S. Anisfeld | Associate; Member of New York Bar since 2003 | $550 | 5.8 | 3,190.00 |
| Jennifer K. Lerner | Associate; Member of New York Bar since 2005 | $550 | 47.6 | 26,180.00 |
| Tejal D. Shah | Associate; Member of New York Bar since 2007 | $450 | 9.8 | 4,410.00 |
| Michael A. Blasie | Associate; Member of New York Bar since 2011 | $305 | 8.4 | 2,562.00 |
| Hector Gonzalez | Managing Clerk | $155 | 2.8 | 434.00 |
| David M. Fleischer | Paralegal | $265 | 6 | 1,590.00 |
| Jill N. Simon-Reisman | Paralegal | $275 | 8.5 | 2,337.50 |
| Rebecca Goldstein | Paralegal | $235 | 27.6 | $6,486.00 |
| | | $245 | 5.6 | 1,372.00 |
| Carol A. Choe | Paralegal | $155 | 6.2 | 961.00 |
| Diane Chan | Paralegal | $160 | 6.9 | 1,104.00 |
| Kris T. Cachia | Paraelgal | $210 | .7 | 147.00 |
| | | $220 | .3 | 66.00 |
| Michelle Robinson | Litigation Support Manager | $195 | 14 | 2,730.00 |
| | | $235 | 2.8 | 658.00 |
| Victor Mayenge | Litigation Support Analyst | $195 | .3 | 57.00 |
| Raymond Lugo | Litigation Support Analyst | $195 | 2.1 | 409.50 |
| | | $165 | 1.3 | 214.50 |
| Rafael Sanchez | Librarian | $200 | 1 | 200.00 |
| | | $210 | .5 | 105.00 |
| Darlene Helen Bejnar | Paralegal | $220 | 11.1 | 2,442.00 |
| | | | | |
| **Total Compensation** | | | | **$1,844,496.50** |
| **Total Hours** | | | **3,145.9** | |
| **Blended Rate** | | | | **$586.31/hour** |

4

**COMPENSATION BY PROJECT CATEGORY**

| | Subject Matter Categories | Hours During Period | Amount |
|---|---|---|---|
| B01 | Asset Analysis and Recovery | 76 | $    48,030.50 |
| B02 | Asset Disposition | 56.1 | $    38,190.00 |
| B03 | Business Operations | 118.8 | $    69,832.50 |
| B04 | Case Administration | 341.1 | $  195,070.00 |
| B05 | Claims | 102.6 | $    58,316.00 |
| B06 | Employee Benefits/Pensions | 8.5 | $      4,264.00 |
| B07 | Fee/Employment Applications | 223.3 | $  128,837.00 |
| B08 | Fee/Employment Objections | 39.9 | $    25,174.00 |
| B09 | Financing and Cash Collateral | 420.3 | $  241,200.00 |
| B10 | Litigation | 1,183.2 | $  692,506.00 |
| B11 | Meetings | 229.6 | $  157,487.00 |
| B12 | Plan and Disclosure Statement | 47.5 | $    22,626.50 |
| B13 | Relief from Stay Proceedings | 7 | $      4,124.00 |
| B14 | Travel | 0 | -- |
| B15 | Accounting/Auditing | 0 | -- |
| B16 | Business Analysis | 48.9 | $    17,654.50 |
| B17 | Corporate Finance | 13.2 | $      8,676.00 |
| B18 | Leases and Executory Contracts | 86.7 | $    48,680.50 |
| B19 | Preparation For and Attendance at Court Hearings | 140.9 | $    82,855.00 |
| B20 | Reconstruction Accounting | 0 | -- |
| B21 | Tax Issues | 1.4 | $        698.50 |
| B22 | Valuation | 0 | -- |
| B23 | Avoidance Actions | .9 | $        274.50 |
| B24 | Regulatory Compliance | 0 | -- |
| B25 | Foreign Proceedings | 0 | -- |
| B26 | Trust | 0 | -- |
| | **TOTAL** | **3,145.9** | **$1,844,496.50** |

1698606 v3/NY

**EXPENSE SUMMARY**

| Subject Matter Categories | Amount |
|---|---|
| Audio/Video Conferencing Services | $112.59 |
| Federal Express | $211.64 |
| Meals | $3,120.27 |
| Parking | $34.00 |
| Reproduction of Documents | $3,664.96 |
| Research Databases/Document Retrieval | $2,984.25 |
| Taxi | $280.42 |
| Telephone | $231.96 |
| Transportation | $880.17 |
| Committee Member Expenses[1] | $15,664.04 |
| Transperfect Document Management, Inc. | $858.87 |
| Omni Mgt. Group | $2,205.20 |
| Exclusive Process Service | $584.00 |
| **TOTAL** | **$30,832.37** |

---

[1]   Expense detail concerning Committee Members' expenses can be found at the conclusion of the monthly invoices annexed as Exhibit B hereto.

6

COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000
Jay R. Indyke
Richard S. Kanowitz
Cathy R. Hershcopf

Counsel for the Official Committee
of Unsecured Creditors

Hearing Date:  TBD
Objection Deadline: TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **BLOCKBUSTER INC., *et al.*,** | : | **Case No. 10-14997 (BRL)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF COOLEY LLP, COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

　　　　　Cooley LLP ("Applicant"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Blockbuster Inc., et al. (collectively, the "Debtors"), in the above-captioned chapter 11 cases, respectfully represents:

## INTRODUCTION

　　　　　1.　　　This is Applicant's first interim application (the "Application") for allowance of compensation and reimbursement of expenses pursuant to § 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the *Order*

1698606 v3/NY

*Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated October 21, 2010 (Dkt. No. 364, the "Interim Compensation Order").

2.      This Application seeks an interim allowance of compensation for legal services rendered by Applicant in the total amount of **$1,844,496.50** and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant or individual members of the Committee in the amount of **$30,834.37** for the period from October 1, 2010 through January 31, 2011 (the "Compensation Period"), all as more fully set forth below.

3.      This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

## BACKGROUND

4.      On September 23, 2010 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and their properties as debtors-in-possession.  No trustee or examiner has been appointed in these cases.

### A.      Appointment of the Committee

5.      On October 1, 2010, the Committee was appointed in these cases by the Office of the United States Trustee (the "U.S. Trustee"), consisting of the following nine members: (i) The Bank of New York Mellon Trust Company, N.A.; (ii) Scott Siegel; (iii) David A. Segal; (iv) Universal Studios Home Entertainment LLC;[1] (v) Integrated Process Technologies a/k/a FM Facility Maintenance; (vi) AT&T Services, Inc.; (vii) Weingarten Realty; (viii) Developers Diversified Realty Corp.; and (ix) Centro Properties Group.  That same day, the Committee met

---

[1]      Universal Studios Home Entertainment withdrew from the Committee in November 2010.

and decided that it wished to employ Applicant as its counsel to advise and represent it in these proceedings. On October 5, the Committee met and decided that it wished to employ FTI Consulting, Inc. ("FTI") as its financial advisors. On January 13, 2011, the U.S. Trustee filed with the Court the *Amended Appointment of Official Committee of Unsecured Creditors*, adding Coca-Cola Enterprises, Inc., to the Committee.

### B.    Applicant's Retention

6.    On October 27, 2010, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Authority to Retain Cooley LLP as its Counsel Nunc Pro Tunc to October 1, 2010* (Dkt. No. 428). This Court approved the Committee's retention of Applicant pursuant to an order entered on November 23, 2010 (Dkt. No. 564).

### C.    Monthly Fee Statements

7.    This is Applicant's first interim fee application in these cases. Applicant has previously served monthly fee statements in accordance with the Interim Compensation Order for the months of October, November, and December 2010, and January 2011:

- Applicant served a first monthly fee statement on December 1, 2010, pursuant to which it requested $564,185.00 in fees, plus $7,162.93 in actual and necessary out-of-pocket disbursements and Committee member expenses incurred during the period of October 1, 2010 through October 31, 2010. No objection was filed to the first monthly fee application.

- Applicant served a second monthly fee statement on December 22, 2010, pursuant to which it requested $290,633.50 in fees, plus $4,714.35 in actual and necessary out-of-pocket disbursements and third-party invoices incurred during the period of November 1, 2010 through November 30, 2010. No objection was filed to the second monthly fee statement.

- Applicant served a third monthly fee statement on January 21, 2011, pursuant to which it requested $391,377.50 in fees, plus $11,945.71, $2,075.69 of which represents actual and necessary out-of-pocket disbursements incurred during the period of December 1, 2010 through December 31, 2010 and $9,870.02 of which represents Committee member expenses incurred during the period of October 24, 2010 through October 27, 2010. No objection was filed to the third monthly fee statement.

9

- Applicant served a fourth monthly fee statement on February 17, 2011, pursuant to which it requested $598,300.50 in fees, plus $7,011.38 in actual and necessary out-of-pocket disbursements and third party invoices incurred during the period of January 1, 2011 through January 31, 2011. No objections were filed to the fourth monthly fee statement.

## JURISDICTION AND STATUTORY PREDICATES

8.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SERVICES RENDERED DURING COMPENSATION PERIOD

9.      During the Compensation Period, Applicant's services to the Committee included professional advice and representation in connection with discreet categories in these chapter 11 proceedings. The aggregate hours and amount for each category is set forth on the cover pages to this Application.

10.     During the Compensation Period, Applicant, on behalf of and in consultation with the Committee, maintained an active role in these chapter 11 cases.

11.     To apprise this Court of the legal services rendered during the Compensation Period, Applicant sets forth the following summary. However, the summary is intended only to highlight the general categories of services performed by Applicant on behalf of the Committee. It is not intended to set forth each and every item of professional services which Applicant performed.

1698606 v3/NY

**Asset Analysis and Recovery**

12.    This category includes time expended by Applicant with respect to analysis of the Debtors' assets and recovery thereof.  Applicant spent time in this category on, among other things, investigating the validity and enforceability of the liens on the Debtors' assets and advising the Committee regarding the same, reviewing prepetition third-party transaction proposals, and reviewing documents in the data room, including the indenture and collateral agreements.

13.    Applicant expended 76 hours of time for a charge of $48,030.50 for services rendered with respect to matters relating to asset analysis and recovery.

**Asset Dispositions**

14.    This category includes time expended by Applicant with respect to the disposition of the Debtors' assets, including Applicant's time on matters concerning potential third-party investments in the Debtors, the Debtors' prepetition third-party investment process, and the closure of the Debtors' stores in the ordinary course of business, including a review of data provided by the Debtors regarding the decision to self-liquidate stores.

15.    Applicant expended 56.1 hours of time for a charge of $38,190.00 for services rendered with respect to the handling of matters relating to asset dispositions.

**Business Operations**

16.    This category includes time expended by Applicant with respect to the Debtors' business operations and other business issues, including Applicant's time on matters concerning the Debtors' DIP budget, the Debtors' monthly operating reports, the Debtors' agreements with the movie studios and video game providers, and the Debtors' prepetition SEC filings.

11

17.     Applicant expended 118.8 hours of time for a charge of $69,832.50 for services rendered with respect to matters relating to business operations.

## Case Administration

18.     This category includes time expended by Applicant on a variety of activities relating to the day-to-day management and prosecution of these chapter 11 cases.  Services rendered in this project category include regular contact with the Committee and counsel to the Debtors, preparation of by-laws and other administrative materials for the Committee, review of pleadings prepared by the Debtors, the filing and service of pleadings with the Court on behalf of the Committee, responding to requests for the appointment of an equity committee, and preparation of a section 1102(b) stipulation with the Debtors.

19.     Applicant expended 341.1 hours of time for a charge of $195,070.00 for services rendered with respect to the handling of matters relating to case administration.

## Claims

20.     This category includes time expended by Applicant with respect to various claims against the Debtors.  Applicant spent time in this category, *inter alia*, on matters concerning claims issues, the Debtors' motion to establish a bar date and advising the Committee regarding the same, and the critical vendor program, including preparation of a response to the Debtors' critical vendor motion.

21.     Applicant expended 102.6 hours of time for a charge of $58,316.00 for services rendered with respect to the handling of matters relating to claims.

1698606 v3/NY

**Employee Benefits/Pensions**

22.    This category includes time expended by Applicant on issues related to employee benefits and pensions.  Applicant spent time in this category reviewing certain employment  and severance agreements, as well as the Debtors' severance plan.

23.    Applicant expended 8.5 hours of time for a charge of $4,264.00 for services rendered with respect to the handling of matters relating to employee benefits and pension issues.

**Fee/Employment Applications**

24.    This category includes time expended by Applicant regarding the retention and compensation of various professionals in the Debtors' bankruptcy proceedings.  Applicant spent time during the Compensation Period in connection with, among other things: (i) drafting its retention application and supplemental affidavit in support of the same; (ii) preparing the amended FTI retention application; (iii) reviewing the retention applications of the Debtors' various professionals and drafting memorandums regarding the same; (iv) reviewing invoices of the professionals employed by the Debtors and lenders; and (v) drafting Applicant's monthly fee statements.

25.    Applicant expended 223.3 hours of time for a charge of $128,837.00 for services rendered with respect to matters relating to fee/employment applications.

**Fee/Employment Objections**

26.    This category includes time expended by Applicant regarding objections to the retention and compensation of various professionals in the Debtors' bankruptcy proceedings.  Applicant spent time in this category on matters concerning, among other things, the Debtors' retention of Rothschild and Alvarez & Marsal, and objections to FTI's retention.

13

27.     Applicant expended 39.9 hours of time for a charge of $25,174.00 for services rendered with respect to matters relating to fee/employment objections.

**Financing and Cash Collateral**

28.     This category includes time expended by Applicant with respect to the debtor-in-possession financing facility (the "DIP") and the terms thereof.   In connection therewith, Applicant, among other things, (i) reviewed the DIP credit agreement and related schedules; (ii) commented on the draft order approving the same and reviewed numerous iterations of the draft order; (iii) engaged in discovery regarding the DIP motion; (iv) conferred with counsel for interested parties; (v) drafted an objection to the Debtors' DIP facility; and (vi) reviewed caselaw in connection with the same.

29.     Applicant expended 420.3 hours of time for a charge of $241,200.00 for services rendered with respect to the handling of matters relating to cash collateral and financing.

**Litigation**

30.     This category includes time expended by Applicant with respect to litigation or contested hearings against third parties.   In connection therewith, Applicant, among other things, (i) drafted and filed a motion to compel production of documents and subpoenas against the Debtors and lenders and certain of their agents; (ii) reviewed thousands of documents produced by the Debtors and lenders; (iii) prepared for and conducted depositions of representatives for the lenders and the Debtors, as well as Carl Icahn, regarding his tenure as a board member of the Debtors; and (iv) conducted research regarding potential causes of action against the Debtors and/or lenders and advised the Committee regarding the same.

31.     Applicant expended 1,183.2 hours of time for a charge of $692,506.00 for services rendered with respect to the handling of matters relating to litigation.

1698606 v3/NY

**Meetings**

32.    This category includes time expended by Applicant for preparation and attendance at meetings with, *inter alia*, the Committee, FTI, counsel for the Debtors, and counsel for the lenders regarding, among other things, initial case matters, the critical vendor program, the DIP financing agreement, the Committee's 2004 investigation, potential causes of action against the Debtors and/or lenders, the potential plan and disclosure statement, and case status issues.

33.    Applicant expended 229.6 hours of time for a charge of $157,487.00 for services rendered with respect to preparation for and attendance at meetings.

**Plan and Disclosure Statement**

34.    This category includes time expended by Applicant with respect to the Debtors' plan and disclosure statement.  Among other things, Applicant spent time in this category on matters concerning the Debtors' exclusive right to file a plan, and potential components of the Debtors' plan of reorganization.

35.    Applicant expended 47.5 hours of time for a charge of $22,626.50 for services rendered with respect to the Debtors' plan and disclosure statement.

**Relief from Stay Proceedings**

36.    This category includes time expended by Applicant with respect to relief from stay proceedings.  Applicant spent time in this category reviewing various motions for relief from stay and preparing summaries regarding the same.

37.    Applicant expended 7 hours of time for a charge of $4,124.00 for services rendered with respect to relief from stay proceedings.

**Business Analysis**

38.     This category includes time expended by Applicant analyzing the Debtors' businesses.  Applicant spent time in this category, *inter alia*, on matters concerning the Debtors' prepetition SEC filings and the Debtors' statements of financial affairs and schedules of assets and liabilities.

39.     Applicant expended 48.9 hours of time for a charge of $17,654.50 for services rendered with respect to analysis of the Debtors' businesses.

**Corporate Finance**

40.     This category includes time expended by Applicant on corporate finance matters.  Applicant spent time in this category reviewing and verifying the liens of the Debtors' prepetition lenders.  In connection therewith, Applicant reviewed UCC and other filings and documents to determine the validity and extent of the lenders' liens on the Debtors' assets.

41.     Applicant expended 13.2 hours of time for a charge of $8,676.00 for services rendered with respect to corporate finance matters.

**Leases and Executory Contracts**

42.     This category includes time expended by Applicant with respect to the Debtors' unexpired non-residential leases of real property and executory contracts.  Applicant spent time in this category, among other things, on matters concerning the store closing procedures and the Debtors' decisions to reject leases.

43.     Applicant expended 86.7 hours of time for a charge of $48,680.50 for services rendered with respect to the handling of matters relating to leases and executory contracts.

**Preparation For and Attendance at Court Hearings**

16

44.     This category includes time expended by Applicant with respect to preparation for, and attendance at, Court hearings, including the hearing regarding the Debtors' proposed DIP facility and omnibus hearings.

45.     Applicant expended 140.9 hours of time for a charge of $82,855.00 for services rendered with respect to preparation for and attendance at Court hearings.

**Tax Issues**

46.     This category includes time expended by Applicant with respect to tax issues, including review of various tax related motions.

47.     Applicant expended 1.4 hours of time for a charge of $698.00 for services rendered with respect to tax issues.

**Avoidance Actions**

48.     This category includes time expended by Applicant with respect to avoidance actions, including legal research regarding avoidance actions.

49.     Applicant expended .9 hours of time for a charge of $274.50 for services rendered with respect to avoidance actions.

## MATTERS PERTAINING TO APPLICANT

50.     Applicant has maintained contemporaneous time records which indicate the time that each attorney has spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit B**. The total number of hours expended by Applicant's attorneys and para-professionals during the Compensation Period in conjunction with these cases is 3,145.9. All of the services have been rendered by those individuals at Applicant's firm as listed on Applicant's personnel chart attached hereto.

1698606 v3/NY

51.     The personnel who have expended extensive time on this matter during the Compensation Period are as follows:    (a) <u>Jay R. Indyke, Cathy R. Hershcopf, Richard S. Kanowitz, and Jeffrey L. Cohen</u>:  Ms. Hershcopf and Messrs. Indyke, Kanowitz, and Cohen have been actively involved in all aspects of these cases, including all issues regarding the postpetition financing facility and the Committee's 2004 investigation; (b) <u>Seth Van Aalten, Lesley Kroupa, Alex Velinsky, and Robert Winning</u>: Ms. Kroupa and Mssrs. Van Aalten, Velinksy, and Winning were responsible for various day-to-day issues that arose during the Compensation Period.

52.     It is respectfully submitted that Applicant's expertise in bankruptcy cases has allowed certain matters to be handled without difficulty, and that other bankruptcy attorneys without such expertise could have had to spend additional time researching issues.  Some of the chapter 11 cases in which Applicant has been retained include:  Against All Odds in Newark, New Jersey; Archibald Candy Corporation in Chicago, Illinois; Bag n'Baggage in Dallas, Texas; Boscov's in Wilmington, Delaware; BT Tires in Wilmington, Delaware; Claim Jumper Restaurants in Wilmington, Delaware; Corona Food Products in Brooklyn, New York; Eddie Bauer in Wilmington, Delaware; EPV Solar in Newark, New Jersey; Filene's Basement in Wilmington, Delaware; Goody's in Wilmington, Delaware; Gottschalks in Wilmington, Delaware; Harvey Electronics in New York, New York; KB Toys in Wilmington, Delaware; Lenox Sales in New York, New York; Levitz Home Furnishings in New York, New York;  Long John Silver's Restaurants in Wilmington, Delaware; Marty's Shoes in Wilmington, Delaware; Mervyn's in Wilmington, Delaware; Orchard Brands in Wilmington, Delaware; Princeton Ski Shops in Newark, New Jersey; Ritz Camera in Wilmington, Delaware; Samsonite Company Stores in Wilmington, Delaware; Sharper Image in Wilmington, Delaware; Ski Market in Springfield, Massachusetts; Steve & Barry's in New York, New York; Sweet Factory in Boston,

Massachusetts; Ultimate Electronics in Wilmington, Delaware; and Urban Brands in Wilmington, Delaware.

53.     Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtors' chapter 11 cases in furtherance of Applicant's professional responsibilities as attorneys for the Committee.

54.     During the Compensation Period, the partners, associates and para-professionals of Applicant devoted substantial time, 3,145.9 hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

55.     Applicant, by experience, training and ability, is fully qualified to perform the services for which compensation is sought here.   Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged.

56.     No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with these chapter 11 cases.

## EXPENSES

57.     Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Compensation Period in connection with the above-described work.   This list is derived from the expense detail included in Applicant's monthly invoices annexed hereto as Exhibit B.   These records indicate that Applicant has advanced and will have advanced, during the Compensation Period, the sum of **$30,834.37** in necessary and actual out-of-pocket expenses.   In connection with said expenses, it should be noted that Applicant charges $1.00 per page for outgoing telefacsimilies with no charge for incoming telefacsimilies, 20¢ per page for photocopying, and charges for meals only necessitated by meetings with the Debtors or

the Committee or when Applicant's personnel would work on these cases through a normal meal

period.

## <u>ALLOWANCE OF INTERIM COMPENSATION</u>

58.    With respect to the level of compensation, section 330 of the Bankruptcy Code

provides, in pertinent part, that the Court may award to a professional person, "reasonable

compensation for actual, necessary services rendered."  Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be
> awarded . . . , the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration
> of, or beneficial at the time which the service was rendered
> toward the completion of, a =case under this title;
>
> (D)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed;
>
> (E)    with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and
> experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. §  330(a)(3).

59.    The congressional policy expressed above provides for adequate compensation in

order to continue to attract qualified and competent professionals to bankruptcy cases.  <u>See In Re</u>

<u>Busy Beaver Bldg. Ctrs., Inc.</u>, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly

intended to provide sufficient economic incentive to lure competent bankruptcy specialists to

1698606 v3/NY

practice in the bankruptcy courts.") (citation and internal quotation marks omitted); In re Drexel

Burnham Lambert Group, Inc., 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective

on requiring that the market, not the Court, establish attorneys' rates was to ensure that

bankruptcy cases were staffed by appropriate legal specialists.").

60.     Applicant asserts that in accordance with the factors enumerated in 11 U.S.C. §

330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the

time expended, (c) the nature and extent of the services rendered, (d) the value of such services,

and (e) the costs of comparable services other than in a case under this title.  It is respectfully

submitted that, had counsel with less experience in these types of matters been retained, the cost

to the estates would have been much greater.  This Application covers a period of approximately

four months.  During that time, Applicant's partners, associates and paraprofessionals devoted

3,145.9 hours in rendering professional services to the Committee, all of which time was

reasonable and necessary.

## NOTICE AND PRIOR APPLICATION

61.     Notice of this Application has been provided to (i) the Debtors, (ii) the Debtors'

counsel, (iii) the U.S. Trustee; and (iv) all other parties entitled to notice in these cases.

Applicant submits that the foregoing constitutes good and sufficient notice and that no other or

further notice need be given.

62.     No previous application for the relief sought herein has been made to this or any

other court.

**WHEREFORE**, Applicant hereby respectfully requests (i) interim allowance of

compensation for Applicant's duly authorized, necessary, and valuable service to the Committee

during the Compensation Period in the aggregate amount of **$1,844,496.50**, and (ii)

reimbursement to Applicant for actual and necessary expenses incurred during the Compensation

Period in connection with the aforesaid services in the aggregate amount of **$30,834.37**.

Dated: March 8, 2011  
      New York, New York

COOLEY LLP  
1114 Avenue of the Americas  
New York, NY 10036  
(212) 479-6000  
Jay R. Indyke  
Cathy R. Hershcopf  
Richard S. Kanowitz


By:    /s/ Cathy R. Hershcopf       
       Cathy R. Hershcopf

       Counsel for the Official  
       Committee of Unsecured Creditors

# **EXHIBIT A**

1698606 v3/NY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                              :
In re                                                         :          **Chapter 11**
                                                              :
**BLOCKBUSTER INC.,** *et. al.,*                              :          **Case No. 10-14997 (BRL)**
                                                              :
                                   **Debtors.**               :          **(Jointly Administered)**
                                                              :
-------------------------------------------------------------x

**CERTIFICATION OF CATHY R. HERSHCOPF IN SUPPORT OF FIRST INTERIM**
**APPLICATION OF COOLEY LLP, COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK   )

            CATHY R. HERSHCOPF, being first duly sworn, deposes and says;

            1.      I am an attorney admitted to practice before this Court and a member of the law

firm of Cooley LLP ("Applicant"), with offices located at 1114 Avenue of the Americas, New

York, New York 10036.  Applicant is counsel for the Official Committee of Unsecured Creditors

(the "Committee") of Blockbuster Inc., et al. (collectively, the "Debtors").  I have personal

knowledge of all of the facts set forth in this certification except as expressly stated herein.

            2.      I have read the *First Interim Application of Cooley LLP, Counsel for the Official*

*Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the*

*Period from October 1, 2010 through January 31, 2011* (the "Application") for compensation by

Applicant and know the contents thereof.

            3.      The contents of the Application are true to the best of my knowledge, except as to

matters therein alleged to be upon information and belief, and as to those matters, I believe them

24

1698606 v3/NY

to be true.  I have personally performed a portion of the legal services rendered by Applicant and am thoroughly familiar with all other work performed on behalf of the Committee by the attorneys and para-professionals in the firm.

4.    To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the guidelines promulgated by the Executive Office for the United States Trustees (the "UST Guidelines") and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases promulgated pursuant to the Administrative Order M-389 of Chief Bankruptcy Judge Bernstein dated November 25, 2009 (collectively with the UST Guidelines, the "Guidelines").

5.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines.  The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Applicant and are generally accepted by Applicant's clients.  In providing reimbursable services, Applicant does not make a profit on such service, whether the service is performed by Applicant in-house or through a third party.

6.    The chair of the Committee has reviewed the Application and has approved it.

7.    Pursuant to the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated October 21, 2010 (Dkt. No. 364), Applicant has timely submitted monthly statements to the Debtors, counsel for the Debtors, the U.S. Trustee, and counsel to the lenders.

8.    The Debtors and the U.S. Trustee have each been provided with the Application at least 14 days before the hearing on the Application.

1698606 v3/NY

9.      In accordance with Bankruptcy Rule 2016(a) and § 504 of the Bankruptcy Code,

no agreement or understanding exists between Applicant and any other person for the sharing of

compensation to be received in connection with these cases.

Dated: March 8, 2011                          By:      /s/ Cathy R. Hershcopf
      New York, New York                                          Cathy R. Hershcopf

Sworn to before me this
8th day of March, 2011

/s/ Theresa K. Hammond
Notary Public

THERESA K. HAMMOND
Notary Public, State of New York
No. 4650925
Qualified in Suffolk County
Commission Expires July 31, 2013

26