**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                                    :             **Chapter 11**
:
**BLOCKBUSTER INC.,** *et al.*,[1]                            :             **Case No. 10-14997 (BRL)**
:
:             **(Jointly Administered)**
                        **Debtors.**                              :
---------------------------------------------------------------x

### NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED TO THE SALE OF THE ASSETS OF THE DEBTORS

**PLEASE TAKE NOTICE** that, on February 21, 2011, Blockbuster Inc. and its debtor-affiliates in the above-captioned chapter 11 cases (collectively, "*Blockbuster*" or the "*Debtors*") entered into an Asset Purchase and Sale Agreement (the "*Purchase Agreement*", as subsequently amended and restated on March 16, 2011) with Cobalt Video Holdco LLC (the "*Purchaser*"), under which the Debtors have agreed to sell to Purchaser certain assets (as defined in the Purchase Agreement, the "*Assets*"), and Purchaser has agreed to assume (or cause certain of its subsidiaries to assume) certain liabilities, related to the Debtors' business (the "*Sale Transaction*"). The Purchase Agreement is subject to higher or otherwise better offers and an auction process.

**PLEASE TAKE FURTHER NOTICE** that, on February 21, 2011, the Debtors filed a motion (the "*Sale Motion*") to among other things (a) establish sales and bidding procedures with respect to the Sale Transaction, (b) approve certain stalking horse bidder protections, (c) schedule an auction (the "*Auction*") and sale hearing (the "*Sale Hearing*") with respect to the Sale Transaction, and (d) approve the sale of the Assets and the assumption and assignment of certain contracts and leases relating thereto free and clear of all liens, claims, encumbrances and other interests.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing is currently scheduled to be held on April 7, 2011 at 10:00 am (New York Time) before the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B$^2$ LLC (5219).

Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Courtroom 623, to consider the Debtors' selection of the highest or otherwise best bid and the approval of Sale Transaction. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Transaction, the Debtors have sought authorization to assume and assign certain executory contacts and unexpired leases relating to the Assets upon consummation of the transactions contemplated by the Sale Transaction. A list of these executory contracts and unexpired leases (the "***Designated Contracts***") is available on the internet at www.kccllc.net/blockbuster (the "***Website***"), or upon request to the Debtors' noticing agent by phone at 1-877-660-6684 or by email at BlockbusterInfo@kccllc.com. The Purchaser reserves the right to supplement its designation of contracts for assumption and assignment up to April 1, 2011, and to remove a contract from the list of Designated Contracts at any time prior to the conclusion of the Auction.

**YOU ARE RECEIVING THIS NOTICE BECAUSE
YOU MAY BE A PARTY TO A DESIGNATED CONTRACT
(OR REPRESENT A PARTY TO A DESIGNATED CONTRACT).**

The Debtors have determined what they believe is the appropriate amount to cure all unpaid amounts due (the "***Cure Amount***") for each Designated Contract and have listed such Cure Amounts on the list of Designating Contracts. In lieu of an "***Adequate Assurance Package***" (as such term is defined in that certain *Order, Pursuant To 11 U.S.C. §§ 105, 363, 364, 365 and 503 and Fed. R. Bankr. P. 2002, 4001, 6004, 6006, 9008, 9014, and 9019 Approving (A) Bid Procedures, (B) Stalking Horse Expense Reimbursement, (C) Notice Of Sale, Auction and Sale Hearing, (D) Assumption Procedures and Related Notices, (E) Incurrence Of Sale-Related Administrative Priority Claims, and (F) Imposition Of An Administrative Stay* [Doc. No. 1223], the Purchaser has advised the Debtors that no later than the time of the Auction, it expects to have in place adequate funding commitments to satisfy the amounts necessary in light of the final list of Designated Contracts and the Cure Amounts for these contracts. To the extent that you have any questions with respect to adequate assurance, you should directly contact the attorneys for the Purchaser, Milbank, Tweed, Hadley & McCloy LLP, (a) Mark Shinderman, Esq., 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017-5735, Tel: 213-892-441 or (b) Tom Janson, Esq., One Chase Manhattan Plaza, New York, New York 10005, Tel: 212-530-5921.

To the extent that you object to (i) the assumption and assignment to the Purchaser of your respective Designated Contract in connection with the Sale Transaction (inclusive of any objections based on adequate assurance) or (ii) the Cure Amount, then **you must file with the Bankruptcy Court and serve an objection upon the following parties, so as to be actually received by no later than March 31, 2011 at 5:00 p.m. (New York Time)**: (a) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Brian Masumoto, Esq. and Elisabetta Gasparini, Esq.); (b) the Debtors, c/o Blockbuster Inc., 1201 Elm Street, Dallas, Texas 75270 (Attn: Rod McDonald, Esq.); (c) Weil, Gotshal & Manges LLP, attorneys for the Debtors at (x) 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq.) and (y) 200 Crescent Court, Suite 300, Dallas, Texas 75201 (Attn: Martin A. Sosland, Esq.); (d) the United States Attorney for the Southern District of New York, One St. Andrew's Plaza, Claims Unit – Room 417, New York, New York 10007; (e) the Securities & Exchange Commission, Northeast Region, The Woolworth Building, 233 Broadway, New York, New York 10279 (Attn: John Murray); (f) Cooley LLP, attorneys for the Creditors' Committee, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Jay R. Indyke, Esq., Richard S. Kanowitz, Esq., and Cathy Hershcopf, Esq.); (g) Sidley Austin LLP, attorneys for the Steering Committee and the DIP Lenders, 787 Seventh Avenue, New York, New York 10019 (Attn: James Seery, Esq.); (h) Sheppard, Mullin, Richter & Hampton LLP, attorneys for U.S. Bank National Association, as trustee under that certain Indenture, dated October 1, 2009, with respect to the Senior Secured Notes, 333 South Hope St., Floor 43, Los Angeles, California 90071 (Attn: Kyle J. Mathews, Esq.); (i) Emmet, Marvin & Martin, LLP, attorneys for The Bank of New York Trust Company, N.A., as trustee under that certain Indenture, dated as of August 20, 2004, with respect to the 9% Senior Subordinated Notes due 2012 issued by Blockbuster Inc., 120 Broadway, 32nd Floor, New York, New York 10271 (Attn: Edward P. Zujkowski, Esq.); (j) Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Wilmington Trust FSB as agent under the DIP Facility, 4 Times Square, New York, New York 10036 (Attn: Peter J. Neckles, Esq.); (k) the attorneys for the Purchaser, Milbank, Tweed, Hadley & McCloy LLP, at (x) 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017-5735 (Attn: Mark Shinderman, Esq.) and (y) One Chase Manhattan Plaza, New York, New York 10005 (Attn: Tom Janson, Esq.); and (l) the attorneys to the Ad Hoc Studio Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Robert J. Feinstein, Esq.). **Any objection to the proposed assumption and assignment must state with specificity the legal and factual basis on which the objection is premised. Any objection to the Cure Amount must state with specificity what other Cure Amount is required and provide appropriate documentation in support thereof.**

      **PLEASE TAKE FURTHER NOTICE** that your objection, if any, will be heard and determined at the Sale Hearing.

      **PLEASE TAKE FURTHER NOTICE** that, if the Purchaser is not the successful bidder at the Auction, then as soon as practicable after the conclusion of the Auction, the Debtors shall send a subsequent notice to you identifying the successful bidder and publish same on the Website. In such an event, by no later than 12:00 p.m. (New York Time) on April 6, 2011, you may file an additional objection based solely on the ability of the successful bidder to perform its obligations under such Designated Contract.

      **PLEASE TAKE FURTHER NOTICE** that, if an objection to a Cure Amount is filed, the Purchaser or other successful bidder reserves the right to delete the

applicable contract or lease as a Designated Contract if the Cure Amount is ultimately determined by order of the Court to be higher than the Cure Amount set forth on the list of Designated Contracts.

**PLEASE TAKE FURTHER NOTICE** that, if no objection to the assumption and assignment of a Designated Contract or Cure Amount is timely filed and served, (a) the counterparty to such a Designated Contract shall be deemed to have consented to the assumption and assignment of the Designated Contract in connection with the Sale Transaction and shall be forever barred from asserting any objection with regard to such assumption or assignment, and (b) the Cure Amount set forth on the list of Designated Contracts shall be controlling, notwithstanding anything to the contrary in any Designated Contract, or any other document, and the counterparty to a Designated Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Designated Contract against the Debtors or the successful bidder, or the property of any of them.

Dated: March 26, 2011

/s/ Martin A. Sosland
Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

and

Martin A. Sosland (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777