Stephen Karotkin
Martin A. Sosland (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
In re                                                 :     Chapter 11
:
BLOCKBUSTER INC., *et al.*,[1]                        :     Case No. 10-14997 (BRL)
:
:     (Jointly Administered)
Debtors.                              :
-------------------------------------------------------x

### AFFIDAVIT OF STEPHEN KAROTKIN IN SUPPORT OF ISSUANCE OF AN ORDER TO SHOW CAUSE WITH RESPECT TO DEBTORS' EMERGENCY MOTION, PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002, 4001, 6004, AND 9014, FOR ENTRY OF A SUPPLEMENTAL ORDER APPROVING AMENDED AND RESTATED ASSET PURCHASE AND SALE AGREEMENT BY AND AMONG BLOCKBUSTER, INC., THE DEBTOR SUBSIDIARIES PARTY THERETO, AND DISH NETWORK CORPORATION

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B$^2$ LLC (5219). Information regarding Blockbuster's business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the *Affidavit of Jeffery J. Stegenga Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions* [Docket No. 3], filed on September 23, 2010 (the "*Commencement Date*"), the date the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). The Debtors are authorized to continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"). Further, on October 1, 2010, the United States Trustee for Region 2 (the "*U.S. Trustee*") appointed a statutory committee of unsecured creditors (the "*Creditors' Committee*").

I, Stephen Karotkin, being fully sworn, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for Blockbuster Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, "***Blockbuster***" or the "***Debtors***"), in the above-captioned chapter 11 cases.

2. I submit this declaration in support of the Debtors' request for the entry of the proposed Order to Show Cause ("***Order to Show Cause***") in connection with the Emergency Motion (THE "***Motion***"), dated April 21, 2011,[2] of the Debtors, pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002, 4001, 6004, and 9014 for Entry of a Supplemental Order Approving Amended and Restated Asset Purchase and Sale Agreement By and Among Blockbuster, Inc., the Debtor Subsidiaries Party thereto, and DISH Network Corporation (the "***Purchaser***"). A proposed form of the Order to Show Cause is annexed hereto as ***Exhibit "1"***.

3. Unless otherwise stated, all statements contained herein are based on personal knowledge or made upon information and belief.

**The Need for Shortened Notice With Respect to the Motion**

4. As the Court is aware, on April 14, 2011, the Court entered the Sale Order which, *inter alia*, authorized and approved the sale of substantially all of the Debtors' assets to the Purchaser pursuant to the Original Purchase Agreement.

5. Shortly after entry of the Sale Order, DISH informed the Debtors that it believed it would have insufficient time to finalize its decision as to which Contracts it would immediately designate as contracts and leases that it wanted the Debtors to assume and assign to

---

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Motion.

it at Closing and also what it would want to do with those store locations whose leases were not designated to be assumed and assigned. Accordingly, DISH requested certain amendments to the Original Purchase Agreement so as to extend the time by which it could designate Contracts to be assumed and assigned beyond the Closing Date and certain other amendments relating to the status of such Contracts and the use of leased premises during the extended period for the determination of assumption or rejection.

6. The Debtors and DISH engaged in extensive negotiations with respect to the requested amendments, which culminated in the Modified Purchase Agreement and the Store License Agreement, each of which are more fully described in the Motion. As stated in the Motion, the amendments reflected in the Modified Purchase Agreement essentially provide DISH with additional time to designate which executory contracts and unexpired leases it wishes to assume as part of the go-forward Blockbuster business. In consideration for this option, DISH has agreed to essentially cover all expenses and other obligations related to the Contracts pending DISH's determination as to whether such Contracts should be assumed and assigned to the Purchaser or rejected. Thus, I am advised that the Debtors do not anticipate that their estates should be economically prejudiced in any manner as a result of this proposed amendment. Further, although the Debtors will be waiving the $500,000 daily closing penalty for a short period of time, they believe that the Purchaser's agreement to assume additional liabilities as set forth in the Modified Purchase Agreement provides more than reasonable consideration therefor. In addition, I am also advised that the additional time afforded to the Purchaser with respect to the Contract assumption and assignment process should help to assure a smoother transition of the Debtors' business operations to the Purchaser.

7. Time is of the essence in closing the Sale Transaction. The Debtors have a limited time frame for the consensual use of cash collateral and, more importantly, an expeditious closing and transfer of the business operations to the Purchaser should preserve value, avoid additional undue administrative expenses, and minimize potential disruptions to the Debtors' operations. Additionally, no party should be prejudiced by an expedited hearing with respect to the Motion. The Debtors have requested that the hearing on the Motion be held on April 26, 2011, which should afford all parties in interest sufficient time to review the Modified Purchase Agreement, file an appropriate response, and appear at the hearing. In addition, both the attorneys for the Creditors' Committee and the attorneys for the Debtors' pre and postpetition secured lenders have been kept fully up to date with respect to the Modified Purchase Agreement. Accordingly, the Debtors believe that consideration of the Motion on an expedited basis is warranted and in the best interest of all stakeholders.

Dated: April 21, 2011

/s/ Stephen Karotkin
Stephen Karotkin

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I hereby certify that on this 21st day of April, 2011, before me appeared Stephen Karotkin, to me personally known and who executed the foregoing affidavit.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

/s/ Joanne C. Pflaum
Notary Public

Joanne C. Pflaum
Notary Public, State of New York
No. 4848238
Qualified in Nassau County
Commission Expires September 30, 20 13

# EXHIBIT 1

**Proposed Order to Show Cause**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                              :

In re                                       :        Chapter 11

BLOCKBUSTER INC., *et al.*,[1]      :        Case No. 10-14997 (BRL)

                                          :        (Jointly Administered)
                    Debtors.          :
                                          :        Related Doc. No. ____

------------------------------------------------------------x

### ORDER TO SHOW CAUSE
### AND NOTICE FIXING HEARING DATE TO
### CONSIDER THE DEBTOR'S EMERGENCY MOTION,
### PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR.
### P. 2002, 4001, 6004, AND 9014, FOR ENTRY OF A SUPPLEMENTAL
### ORDER APPROVING AMENDED AND RESTATED ASSET PURCHASE AND
### SALE AGREEMENT BY AND AMONG BLOCKBUSTER, INC., THE DEBTOR
### SUBSIDIARIES PARTY THERETO, AND DISH NETWORK CORPORATION

Upon the Emergency Motion (the "*Motion*"), dated April 21, 2011,[2] of

Blockbuster Inc. and its debtor affiliates, as debtors and debtors in possession (collectively,

"*Blockbuster*", or the "*Debtors*"), pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R.

Bankr. P. 2002, 4001, 6004, and 9014 for Entry of a Supplemental Order Approving Amended

and Restated Asset Purchase and Sale Agreement By and Among Blockbuster, Inc., the Debtor

Subsidiaries Party thereto, and DISH Network Corporation (the "*Purchaser*"); and upon the

Affidavit of Stephen Karotkin Pursuant to Local Bankruptcy Rule 9077-1(a) (the "*Declaration*")

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Blockbuster Inc. (5102); Blockbuster Canada Inc. (1269); Blockbuster Digital Technologies Inc. (9222); Blockbuster Distribution, Inc. (0610); Blockbuster Gift Card, Inc. (1855); Blockbuster Global Services Inc. (3019); Blockbuster International Spain Inc. (7615); Blockbuster Investments LLC (6313); Blockbuster Procurement LP (2546); Blockbuster Video Italy, Inc (5068); Movielink, LLC (5575); Trading Zone Inc. (8588); and B² LLC (5219).

[2] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Motion.

as to the necessity for relief by Order to Show Cause; and it appearing that no notice of this Order to Show Cause need be given, except as provided herein; and it appearing that an expedited hearing is necessary to consider the relief requested in the Motion and such expedited consideration is beneficial to the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. A hearing (the "*Hearing*") to consider the Motion shall be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Courtroom 623, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "*Bankruptcy Court*") on **April 26, 2011 at 11:00 a.m. (New York Time)**, or as soon thereafter as counsel may be heard.

2. Notice of the Hearing shall be given by sending a copy of this Order to Show Cause, the Motion (without exhibits, which exhibits will be available on the Debtors' notice and claims agent's website, www.kccllc.net/blockbuster), and the proposed order on the Motion, via e-mail, fax, or overnight mail, on or before **April 22, 2011 at 4:00 p.m. (New York Time)**, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for U.S. Bank National Association, as trustee (the "*Senior Indenture Trustee*") under that certain Indenture, dated as of October 1, 2009, with respect to the 11.75% Senior Secured Notes due 2014 issued by Blockbuster Inc.; (iv) the attorneys for The Bank of New York Trust Company, N.A., as trustee (the "*Subordinated Indenture Trustee*") under that certain Indenture, dated as of August 20, 2004, with respect to the 9% Senior Subordinated Notes due 2012 issued by Blockbuster Inc.; (v) the attorneys for the Debtors' postpetition secured lenders (the "*DIP Lenders*"); (vi) the attorneys for Wilmington Trust FSB, as agent (the "*DIP Agent*") under the postpetition debtor in possession financing facility; (vii) the attorneys for the Purchaser; (viii) all

counterparties to executory contracts and unexpired leases; and (ix) those parties who have requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"). Notice given in accordance with the provisions of this Order shall constitute good and sufficient notice of the Hearing, the Motion and all other matters to be heard in connection therewith.

        3. Objections and responses, if any, to the Motion must (a) comply with the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the *Order Pursuant to 11 U.S.C. § 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated October 20, 2010 [Docket No. 365], (b) set forth in writing the basis therefor, and (c) must be filed with the Bankruptcy Court electronically in accordance with the *Bankruptcy Court's General Order on Electronic Means for Filing, Signing and Verification of Documents, M-399*, dated May 17, 2010 ("*General Order M-399*"), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3½ inch disk, compact disc, or USB flash drive, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, with a hard copy delivered directly to the Bankruptcy Court and served in accordance with General Order M-399 or by first-class mail upon each of the following: (i) the Office of the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10044, (Attn: Brian Masumoto, Esq. and Elisabetta Gasparini, Esq.); (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Martin A. Sosland, Esq.); (iii) attorneys for the Creditors' Committee, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Jay R. Indyke, Esq., Cathy Hershcopf, Esq., and Richard Kanowitz, Esq.); (iv) attorneys for the Senior Indenture Trustee, Sheppard, Mullin, Richter &

Hampton LLP, 333 South Hope Street, Floor 43, Los Angeles, California 90071 (Attn: Kyle J. Mathews, Esq.); (v) attorneys for the Subordinated Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York (Attn: Edward P. Zujkowski, Esq.); (vi) attorneys for the DIP Lenders, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: James Seery, Esq.); (vii) the attorneys for the DIP Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Mark Chehi, Esq. and Alexis Margolis, Esq.); and (viii) the attorneys for the Purchaser, Linklaters LLP, 1345 Avenue of the Americas, New York, New York 10105 (Attn: Martin Flics, Esq., Paul Hessler, Esq. and Edward Rasp, Esq.), in each case so as to be received no later than **April 25, 2011 at 4:00 p.m. (New York Time).**

Dated: April __, 2011
New York, New York

_____
THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE